

FILED by ___ D.C.
ELECTRONIC

June 22, 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO. 12-80675-Cv-Zloch/Rosenbaum

**John Pinson**
　　　　*Plaintiff.*

**vs**

**MIDLAND FUNDING LLC,**
an unknown entity;
**MIDLAND PORTFOLIO SERVICES  INC.,**
an unknown entity;
**MIDLAND CREDIT MANAGEMENT INC.,**
an unknown entity;
**MRC RECEIVABLES CORPORATION,**
an unknown entity;
**MIDLAND FUNDING NCC-2 CORPORATION,**
an unknown entity;
**ENCORE CAPITAL GROUP  INC.,**
an unknown entity;
**SPRECHMAN & ASSOCIATES P.A.,**
a Florida corporation;
**STEVEN B. SPRECHMAN,**
a natural person;
**SCOTT E MODLIN,**
a natural person;
**LINDA E. SINGER,**
a natural person;
**ELBERT CRAIG BERRY, III,**
a natural person;
**JJL PROCESS CORP,**
a Florida corporation;
**BRADLEY OYLER,**
a natural person.
　　　　*Defendants/*

**TRIAL BY JURY DEMANDED**

### <u>COMPLAINT</u>

Plaintiff, John Pinson, individually, hereby sues Defendants, MIDLAND FUNDING LLC, an unknown entity; MIDLAND PORTFOLIO SERVICES INC, an unknown entity; MIDLAND CREDIT MANAGEMENT INC, an unknown entity; MRC RECEIVABLES CORPORATION, an unknown entity; MIDLAND FUNDING NCC-2 CORPORATION, an unknown entity; ENCORE CAPITAL GROUP INC, an unknown entity; Law Offices of SPRECHMAN & ASSOCIATES P.A., a Florida corporation; STEVEN B. SPRECHMAN, a natural person; SCOTT E MODLIN, a natural person; LINDA E. SINGER, a natural person; ELBERT CRAIG BERRY, III, a natural person; JJL PROCESS CORP., a Florida corporation; and BRADLEY OYLER, a natural person, and alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681; for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692; and for damages for violations of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI).

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

3. Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION

4.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), 28 U.S.C §
    1331, 28 U.S.C § 1337, Fla. Stat. §47.051, and supplemental jurisdiction exists for the state
    law claims pursuant to 28 U.S.C. §1367.

5.  All conditions precedent to the bringing of this action have been performed.

## PARTIES

6.  The Plaintiff in this lawsuit is John Pinson, a natural person, who resides in Palm Beach
    County, Florida.

7.  The Defendants in this lawsuit are: MIDLAND FUNDING LLC (hereinafter
    "MIDLAND"), an unknown entity with offices at 3111 Camino Del Rio North, Ste 1300,
    San Diego, CA 92108;  MIDLAND PORTFOLIO SERVICES  INC  (hereinafter "MPS"),
    an unknown entity with offices at 3111 Camino Del Rio North, Ste 1300, San Diego, CA
    92108;  MIDLAND CREDIT MANAGEMENT INC (hereinafter "MCM"), an unknown
    entity with offices at 3111 Camino Del Rio North, Ste 1300, San Diego, CA 92108;  MRC
    RECEIVABLES CORPORATION (hereinafter "MRC"), an unknown entity with offices at
    3111 Camino Del Rio North, Ste 1300, San Diego, CA 92108;  MIDLAND FUNDING
    NCC-2 CORPORATION (hereinafter "NCC"), an unknown entity with offices at 3111
    Camino Del Rio North, Ste 1300, San Diego, CA 92108;  ENCORE CAPITAL GROUP
    INC. (hereinafter "ENCORE"), an unknown entity with offices at 3111 Camino Del Rio
    North, Ste 1300, San Diego, CA 92108;  SPRECHMAN & ASSOCIATES P.A.,
    (hereinafter "SAP"), a Florida corporation with offices at 2775 SUNNY ISLES BLVD,
    SUITE 100, NORTH MIAMI BEACH FL 33160;  STEVEN B. SPRECHMAN (hereinafter
    "SPRECHMAN") a natural person with offices at 2775 SUNNY ISLES BLVD, SUITE
    100, NORTH MIAMI BEACH FL 33160;  SCOTT E MODLIN (hereinafter "MODLIN") a

natural person with offices at 2775 SUNNY ISLES BLVD, SUITE 100, NORTH MIAMI

BEACH FL 33160;  LINDA E. SINGER (hereinafter "SINGER") a natural person with

offices at 2775 SUNNY ISLES BLVD, SUITE 100, NORTH MIAMI BEACH FL 33160;

ELBERT CRAIG BERRY, III  (hereinafter "BERRY") a natural person with offices at 2775

SUNNY ISLES BLVD, SUITE 100, NORTH MIAMI BEACH FL 33160;  JJL PROCESS

CORP (hereinafter "JJL"), a Florida corporation with offices at 6415 LAKE WORTH

ROAD, SUITE 100, GREENACRES FL 33463;  BRADLEY OYLER  (hereinafter

"OYLER") a natural person with offices at 6415 LAKE WORTH ROAD, SUITE 100,

GREENACRES FL 33463.

## VENUE

8.   Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

9.   The occurrences which give rise to this action occurred in Palm Beach County, Florida and

Plaintiff resides in Palm Beach County, Florida.

10.  Venue is proper in the Southern District of Florida.

11.  This is an action for damages which exceed $25,000.00.

## FACTUAL ALLEGATIONS

12.  Plaintiff obtained his consumer credit reports from the three major credit reporting agencies

and found entries by entities that he was unfamiliar with in the reports.

13.  Plaintiff found after examination of his TransUnion consumer credit report that Defendant

MCM had obtained Plaintiff's TransUnion consumer credit report on **September 2009**.

14.  Plaintiff found after examination of his TransUnion consumer credit report that Defendant

MCM had obtained Plaintiff's TransUnion consumer credit report on **February 2011**.

15. Plaintiff found after examination of his TransUnion consumer credit report that Defendant MCM had obtained Plaintiff's TransUnion consumer credit report on **August 1, 2011**.

16. Plaintiff found after examination of his TransUnion consumer credit report that Defendant MCM had obtained Plaintiff's TransUnion consumer credit report on **September 1, 2011**.

17. Plaintiff found after examination of his TransUnion consumer credit report that Defendant MCM had obtained Plaintiff's TransUnion consumer credit report on **February 1, 2011**.

18. Plaintiff found after examination of his TransUnion consumer credit report that Defendant MCM had obtained Plaintiff's TransUnion consumer credit report on **May 6, 2011**.

19. Discovery of FCRA violations brought forth herein occurred in and after July 2011 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

20. On or about June 27, 2011 the Plaintiff found the summons and lawsuit filed for Defendant MIDLAND by MODLIN of SAP, wedged in his kitchen door at his residence, demanding payment for some unknown account.

21. Defendant MIDLAND failed to attach the alleged member agreement or any evidence that Plaintiff ever had an account with Defendant MIDLAND.

22. On July 12, 2011 Plaintiff filed with the clerk of the Court affirmative defenses giving notice of dispute pursuant to 15 U.S.C. § 1692g.

22. Plaintiff has no contractual obligation to pay Defendants.

23. Plaintiff, at a later date, examined the Verified Return of Service at the Palm Beach County Courthouse which identifies the process server as Defendants OYLER and JLL.

24. Defendants OYLER and JLL failed in their duty within F.S. 48.031

25. On or about July 9, 2011 Plaintiff received from Defendants a Dunning Letter which failed to contain language required by to15 USC.§ 1692g.

26. On or about July 11, 2011 Plaintiff mailed Defendants a cease and desist demand letter via certified return receipt mail #7011 1150 0002 1928 0541. See Exhibit "A".

27. On August 5, 2011 Plaintiff filed a Sworn Denial with the Clerk of the Court.

28. On or about August 18, 2011 Plaintiff sent Defendants written communication requesting Validation of alleged debt per section 809(b) of the FDCPA, 15 USC.§ 1692g(b) via certified return receipt mail #7011 0470 0001 0399 4558.  See Exhibit "B".

29. On or about August 31, 2011 Plaintiff received written communication, which failed to Validate the alleged Debt, in the form of a dunning letter where Defendants knowingly violating Federal and State law by continuing to attempt to collect a disputed debt prior to validation and verification.

30. On September 6, 2011 and again on September 26, 2011 Defendants used false representation to collect or attempt to collect a debt.

31. On September 29, 2011 and again on October 26, 2011 and again on October 27, 2011 Defendant asserted a right which it lacks, to wit, the right to enforce a debt.

32. On October 25, 2011 Plaintiff filed a Motion to Dismiss with the clerk of the Court.

33. On October 26, 2011 and again on November 9, 2011 the defendant through mediation knowingly violated Federal and State law by continuing to attempt to collect a disputed debt prior to validation and verification.

34. On November 10, 2011 Defendant asserted a right which it lacks, to wit, the right to enforce a debt.

35. On November 14, 2011 and again on February 21, 2012 Defendant used false representation to collect or attempt to collect a debt.

36. Defendants, as Plaintiffs in the collection action are in violation of Florida Statutes 559.715, which are a condition precedent and applies to those entities receiving assignments of consumer debts and, having failed to comply by providing notice to Defendant within 30 days after assignment, Plaintiff is precluded as a matter of law from bringing the action in any court of Florida.

37. On May 19, 2012 Plaintiff received a dunning letter from Defendant MCM.

38. On May 19, 2012 Plaintiff mailed Defendant MCM a debt validation request pursuant to 15 USC.§ 1692g Sec. 809 (b) via certified return receipt maul #7011 2970 0002 4191 6598.

39. On May 31, 2012 Plaintiff received a dunning letter from Defendant MCM.

40. On June 4, 2012 Plaintiff mailed Defendant MCM a debt validation request pursuant to 15 USC.§ 1692g Sec. 809 (b) via certified return receipt maul #7011 2970 0002 4191 6640.

41. On June 16, 2012 Plaintiff received a dunning letter from Defendant MCM.

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT  MIDLAND CREDIT MANAGEMENT INC.

42. Paragraphs 1 through 41 are re-alleged as though fully set forth herein.

43. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

44. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

45. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

46. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

47. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

48. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant MCM.

49. On **September 2009** Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.  Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

50. Plaintiff sent a notice to MCM of their violations of the FCRA.  This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them.  Plaintiff received no reply to said notice sent to Defendant.

51. At no time did Plaintiff give his consent for MCM to acquire his consumer credit report from any credit reporting agency.

52. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

53. At no time has MCM ever indicated what justification they may have had for obtaining Plaintiff's credit report.  The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.  There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

   **WHEREFORE,** Plaintiff demands judgment for damages against Defendant, MIDLAND CREDIT MANAGEMENT INC. for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLLFUL NON-COMPLIANCE BY DEFENDANT  MIDLAND CREDIT MANAGEMENT INC.

54. Paragraphs 1 through 53 are re-alleged as though fully set forth herein.

55. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

56. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

57. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

58. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

59. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

60. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant MCM.

61. On **February 2011** Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

62. Plaintiff sent a notice to MCM of their violations of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff received no reply to said notice sent to Defendant.

63. At no time did Plaintiff give his consent for MCM to acquire his consumer credit report from any credit reporting agency.

64. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

65. At no time has MCM ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant

breached said duty by failing to do so.  There was no account that the Defendant had any

right to collect to have had permissible purpose to obtain Plaintiff's credit report and

therefore Plaintiff is entitled to damages.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant,

MIDLAND CREDIT MANAGEMENT INC. for statutory damages of $1000.00, any attorney's

fees, and costs pursuant to 15 U.S.C. § 1681n.

## <u>COUNT III</u>

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT  MIDLAND CREDIT MANAGEMENT INC.

66.  Paragraphs 1 through 65 are re-alleged as though fully set forth herein.

67.  Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

68.  TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §
     1681a(f).

69.  Consumer credit report is a consumer report within the meaning of the FCRA, 15
     U.S.C. § 1681a(d).

70.  The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may
     obtain a consumer credit report.

71.  Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer
     makes application for credit, makes application for employment, for underwriting of
     insurance involving the consumer, or is offered a bona fide offer of credit as a result of the
     inquiry.

72. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant MCM.

73. On **August 1, 2011** Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

74. Plaintiff sent a notice to MCM of their violations of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff received no reply to said notice sent to Defendant.

75. At no time did Plaintiff give his consent for MCM to acquire his consumer credit report from any credit reporting agency.

76. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

77. At no time has MCM ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, MIDLAND CREDIT MANAGEMENT INC. for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT IV

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT  MIDLAND CREDIT MANAGEMENT INC.

78. Paragraphs 1 through 77 are re-alleged as though fully set forth herein.

79. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

80. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

81. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

82. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

83. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

84. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant MCM.

85. On **September 1, 2011** Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.  Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

86. Plaintiff sent a notice to MCM of their violations of the FCRA.  This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them.  Plaintiff received no reply to said notice sent to Defendant.

87. At no time did Plaintiff give his consent for MCM to acquire his consumer credit report from any credit reporting agency.

88. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

89. At no time has MCM ever indicated what justification they may have had for obtaining Plaintiff's credit report.  The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.  There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

        **WHEREFORE,** Plaintiff demands judgment for damages against Defendant, MIDLAND CREDIT MANAGEMENT INC. for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT V

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT  MIDLAND CREDIT MANAGEMENT INC.**

90. Paragraphs 1 through 89 are re-alleged as though fully set forth herein.

91. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

92. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

93. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

94. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

95. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

96. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant MCM.

97. On **February 1, 2011** Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.  Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

98. Plaintiff sent a notice to MCM of their violations of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff received no reply to said notice sent to Defendant.

99. At no time did Plaintiff give his consent for MCM to acquire his consumer credit report from any credit reporting agency.

100. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

101. At no time has MCM ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.


**WHEREFORE**, Plaintiff demands judgment for damages against Defendant, MIDLAND CREDIT MANAGEMENT INC. for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.


## <u>COUNT VI</u>

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT  MIDLAND CREDIT MANAGEMENT INC.**

102. Paragraphs 1 through 101 are re-alleged as though fully set forth herein.

103. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

104. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

105. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

106. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

107. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

108. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant MCM.

109. On **May 6, 2011** Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.  Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

110. Plaintiff sent a notice to MCM of their violations of the FCRA.  This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them.  Plaintiff received no reply to said notice sent to Defendant.

111. At no time did Plaintiff give his consent for MCM to acquire his consumer credit report from any credit reporting agency.

112. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

113. At no time has MCM ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant, MIDLAND CREDIT MANAGEMENT INC. for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## <u>COUNT VII</u>

**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS MIDLAND FUNDING LLC, MIDLAND PORTFOLIO SERVICES INC, MIDLAND CREDIT MANAGEMENT INC, MRC RECEIVABLES CORPORATION, MIDLAND FUNDING NCC-2 CORPORATION, ENCORE CAPITAL GROUP INC., SPRECHMAN & ASSOCIATES P.A., STEVEN B. SPRECHMAN, SCOTT E MODLIN, LINDA E. SINGER, ELBERT CRAIG BERRY III, JJL PROCESS CORP, and BRADLEY OYLER**

114. Plaintiff alleges and incorporates the information in paragraphs 1 through 113.

115. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)

116. Defendant MIDLAND is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

117. Defendant MPS is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

118. Defendant MCM is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

119. Defendant MRC is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

120. Defendant NCC is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

121. Defendant ENCORE is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

122. Defendant SAP is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

123. Defendant SPRECHMAN is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

124. Defendant MODLIN is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

125. Defendant SINGER is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

126. Defendant BERRY is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

127. Defendant JJL is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

128. Defendant OYLER is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

129. All Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a)   Defendants violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(b)   Defendants violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(c)   Defendants continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§2042g(b).

130. THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.

The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates it's provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors,

forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

**WHEREFORE**, Plaintiff demands judgment for damages against each and every Defendant: MIDLAND FUNDING LLC, MIDLAND PORTFOLIO SERVICES  INC, MIDLAND CREDIT MANAGEMENT INC, MRC RECEIVABLES CORPORATION, MIDLAND FUNDING NCC-2 CORPORATION, ENCORE CAPITAL GROUP  INC., SPRECHMAN & ASSOCIATES P.A., STEVEN B. SPRECHMAN, SCOTT E MODLIN, LINDA E. SINGER, ELBERT CRAIG BERRY III, JJL PROCESS CORP, and BRADLEY OYLER for statutory damages of $1,000.00, and actual damages of $5,000.00 for emotional distress and suffering, other actual damages, as well as punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692e(2), 15 U.S.C. §1692f(1), and 15 U.S.C.§2042g(b).

## COUNT VIII

**VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS MIDLAND FUNDING LLC, MIDLAND PORTFOLIO SERVICES  INC, MIDLAND CREDIT MANAGEMENT INC, MRC RECEIVABLES CORPORATION, MIDLAND FUNDING NCC-2 CORPORATION, ENCORE CAPITAL GROUP  INC., SPRECHMAN & ASSOCIATES P.A., STEVEN B. SPRECHMAN, SCOTT E MODLIN, LINDA E. SINGER, ELBERT CRAIG BERRY III, JJL PROCESS CORP, and BRADLEY OYLER**

131. Plaintiff alleges and incorporates the information in paragraphs 1 through 130.

132. Plaintiff is a consumer within the meaning of §559.55(2).

133. MIDLAND is a debt collectors within the meaning of §559.55(6).

134. MPS is a debt collectors within the meaning of §559.55(6).

134. MCM is a debt collectors within the meaning of §559.55(6).

136. MRC is a debt collectors within the meaning of §559.55(6).

137. NCC is a debt collectors within the meaning of §559.55(6).

138. ENCORE is a debt collectors within the meaning of §559.55(6).

139. SAP is a debt collectors within the meaning of §559.55(6).

140. SPRECHMAN is a debt collectors within the meaning of §559.55(6).

141. MODLIN is a debt collectors within the meaning of §559.55(6).

142. SINGER is a debt collectors within the meaning of §559.55(6).

143. BERRY is a debt collectors within the meaning of §559.55(6).

144. JJL is a debt collectors within the meaning of §559.55(6).

145. OYLER is a debt collectors within the meaning of §559.55(6).

146. All Defendants violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.


**WHEREFORE**, Plaintiff demands judgment for damages against MIDLAND FUNDING LLC, MIDLAND PORTFOLIO SERVICES  INC, MIDLAND CREDIT MANAGEMENT INC, MRC RECEIVABLES CORPORATION, MIDLAND FUNDING NCC-2 CORPORATION, ENCORE CAPITAL GROUP  INC., SPRECHMAN & ASSOCIATES P.A., STEVEN B. SPRECHMAN, SCOTT E MODLIN, LINDA E.

SINGER, ELBERT CRAIG BERRY III, JJL PROCESS CORP, and BRADLEY OYLER for

actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla.

Stat. §559.77.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated:  June 22, 2012

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

Service to:

**MIDLAND FUNDING LLC,**
3111 Camino Del Rio North, Ste 1300
San Diego, CA 92108

**MIDLAND PORTFOLIO SERVICES  INC,**
3111 Camino Del Rio North, Ste 1300
San Diego, CA 92108

**MIDLAND CREDIT MANAGEMENT INC,**
3111 Camino Del Rio North, Ste 1300
San Diego, CA 92108

**MRC RECEIVABLES CORPORATION,**
3111 Camino Del Rio North, Ste 1300
San Diego, CA 92108

**MIDLAND FUNDING NCC-2 CORPORATION,**
3111 Camino Del Rio North, Ste 1300

San Diego, CA 92108

**ENCORE CAPITAL GROUP  INC.,**
3111 Camino Del Rio North, Ste 1300
San Diego, CA 92108

**SPRECHMAN & ASSOCIATES P.A.,**
2775 SUNNY ISLES BLVD, SUITE 100
NORTH MIAMI BEACH FL 33160

**STEVEN B. SPRECHMAN**
2775 SUNNY ISLES BLVD, SUITE 100
NORTH MIAMI BEACH FL 33160

**SCOTT E MODLIN**
2775 SUNNY ISLES BLVD, SUITE 100
NORTH MIAMI BEACH FL 33160

**LINDA E. SINGER**
2775 SUNNY ISLES BLVD, SUITE 100
NORTH MIAMI BEACH FL 33160

**ELBERT CRAIG BERRY, III**
2775 SUNNY ISLES BLVD, SUITE 100
NORTH MIAMI BEACH FL 33160

**JJL PROCESS CORP,**
6415 LAKE WORTH ROAD, SUITE 100
GREENACRES FL 33463

**BRADLEY OYLER**
6415 LAKE WORTH ROAD, SUITE 100
GREENACRES FL 33463