# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### WEST PALM BEACH DIVISION

### CASE NO.: 9:12-cv-80675-WJZ



FILED by _____ D.C.

OCT 1 1 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**John Pinson**

     *Plaintiff.*

**vs**

**MIDLAND FUNDING LLC,**

an unknown entity;

**MIDLAND CREDIT MANAGEMENT INC.,**

an unknown entity;

**ENCORE CAPITAL GROUP  INC.,**

an unknown entity;

**SPRECHMAN & ASSOCIATES P.A.,**

a Florida corporation;

**STEVEN B. SPRECHMAN,**

a natural person;

**SCOTT E MODLIN,**

a natural person;

**LINDA E. SINGER,**

a natural person;

     *Defendants/*

## TRIAL BY JURY DEMANDED

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, John Pinson, individually, hereby sues Defendants: MIDLAND FUNDING LLC ;

MIDLAND CREDIT MANAGEMENT INC ; ENCORE CAPITAL GROUP  INC ;  Law

Offices of SPRECHMAN & ASSOCIATES P.A ; STEVEN B. SPRECHMAN, Esq. ; SCOTT E

MODLIN, Esq. ; and, LINDA E. SINGER, Esq., and alleges:

## PRELIMINARY STATEMENT

1

This action for damages arises out of defendant's violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681et seq.; for violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et sec; for violations of the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 et sec., and for violations of the Florida Deceptive And Unfair Trade Practices Act, Fla. Stat. § 501.201 - 501.213.

2

Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants.  Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

3

Plaintiff contends that the Defendants have violated such laws by repeatedly harassing and abusing Plaintiff in attempts to collect alleged but nonexistent debt, and out of the invasion of Plaintiff's personal and financial privacy by Defendants and their agents in their illegal efforts to collect an alleged but nonexistent consumer debt from Plaintiff.

## JURISDICTION

4

Jurisdiction of this Court arises under 28 U.S.C § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1681et sec ("FCRA"), 15 U.S.C. § 1692 et sec ("FDCPA"), , and pursuant to Fla. Stat. § 559 et sec ("FCCPA"), the Florida Deceptive And Unfair Trade Practices Act, Fla. Stat. § 501.211, and pursuant to Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5

All conditions precedent to the bringing of this action have been performed.

## PARTIES

6

The Plaintiff in this lawsuit is John Pinson, a natural person, who resides in Palm Beach County,

Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), 15 U.S.C. §

1681a(c), Fla. Stat. § 559.55(2) and Fla. Stat. § 501.203(7).

7

Defendant, MIDLAND FUNDING LLC., (hereinafter "Defendant MIDLAND") is a collection

agency operating from an address of 3111 Camino Del Rio North, Ste. 1300, San Diego, CA

92108, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is

considered a "person" as defined by 15 U.S.C. § 1681a(b) and a "furnisher of information"

pursuant to 15 U.S.C. § 1681 et sec of the FCRA.

8

Defendant, MIDLAND CREDIT MANAGEMENT INC (hereinafter "Defendant MIDLAND")

is a collection agency operating from an address of 3111 Camino Del Rio North, Ste. 1300, San

Diego, CA 92108, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and

is considered a "person" as defined by 15 U.S.C. § 1681a(b) and a "furnisher of information'

pursuant to 15 U.S.C. § 1681 et sec of the FCRA.

9

Plaintiff is unsure if MIDLAND CREDIT MANAGEMENT INC. and MIDLAND FULDING

LLC. are in fact separate companies as the names are used interchangeable and in combination

on Plaintiff's credit reports, and both reside at the same business address, and as such Plaintiff

does identify both herein as "MIDLAND", as the actions of one are imputed to the other, as on its face it appears both acting in concert and collusion.

10

Defendant, ENCORE CAPITAL GROUP INC. (hereinafter "Defendant ENCORE") is a collection agency operating from an address of 3111 Camino Del Rio North, Ste. 1300, San Diego, CA 92108, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is considered a "person" as defined by 15 U.S.C. § 1681a(b) and a "furnisher of information" pursuant to 15 U.S.C. § 1681 et sec of the FCRA.

11

Defendant ENCORE CAPITAL GROUP INC. is the parent company of both MIDLAND CREDIT MANAGEMENT INC. and MIDLAND FULDING LLC., and MIDLAND CREDIT MANAGEMENT INC. and MIDLAND FULDING LLC. are both subsidiaries of ENCORE CAPITAL GROUP INC., and further all three entities operate from the same address of 3111 Camino Del Rio North, Ste. 1300, San Diego, CA 92108; and, as such, the actions of subsidiaries MIDLAND are imputed to ENCORE the parent, and ENCORE is vicariously liable for the actions of MIDLAND, as on its face it appears all three acting as one whole.

12

Defendant, SPRECHMAN & ASSOCIATES P.A., (hereinafter "Defendant SPRECHMAN") is a collection agency operating from an address of 2775 SUNNY ISLES BLVD, SUITE 100, NORTH MIAMI BEACH FL 33160, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13

Defendant SPRECHMAN & ASSOCIATES PA is a law firm in the business of collecting debts, for which it uses mail and telephone, and it regularly attempts to collect debts alleged to be due another.

14

MIDLAND hired SPRECHMAN & ASSCOCITES PA as its agent to collect an alleged debt from Plaintiff and to sue in state court to collect the alleged debt.

15

Defendant, STEVEN B. SPRECHMAN, Esq. (hereinafter "Defendant SPRECHMAN") is an officer of the court and collection agency attorney with the law firm SPRECHMAN & ASSOCIATES P.A., and is in the business of collecting debts, for which he uses mail and telephone, and he regularly attempts to collect debts alleged to be due another, and operating from an address of 2775 SUNNY ISLES BLVD, SUITE 100, NORTH MIAMI BEACH FL 33160, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

16

Plaintiff does here by refer to SPRECHMAN & ASSCOCITES PA and STEVEN B. SPRECHMAN Esq as "SPRECHMAN", because STEVEN B. SPRECHMAN Esq is principal of SPRECHMAN & ASSCOCITES PA and thereby has a duty to direct and supervise the actions of the firm, and is liable and responsible for the actions of the firm. The Florida Bar Rules of Professional Conduct states in Rule 4-5.1 (b) Supervisory Lawyer's Duties. Any lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.

17

Defendant, SCOTT E MODLIN, Esq. (hereinafter "Defendant MODLIN") is an officer of the court and collection agency attorney with the law firm SPRECHMAN & ASSOCIATES P.A., and is in the business of collecting debts, for which he uses mail and telephone, and he regularly attempts to collect debts alleged to be due another, and operating from an address of 2775 SUNNY ISLES BLVD, SUITE 100, NORTH MIAMI BEACH FL 33160, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

18

Defendant, LINDA E. SINGER, Esq. (hereinafter "Defendant SINGER") is an officer of the court and collection agency attorney with the law firm SPRECHMAN & ASSOCIATES P.A., and is in the business of collecting debts, for which she uses mail and telephone, and she regularly attempts to collect debts alleged to be due another, and operating from an address of 2775 SUNNY ISLES BLVD, SUITE 100, NORTH MIAMI BEACH FL 33160, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

19

Defendant(s) regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

20

Defendant(s) regularly collects or attempts to collect debts from other parties.

21

Defendant(s) is a "debt collector" as defined in the FDCPA.

22

At all times material to the allegations of this Complaint, Defendant(s) was acting as debt collector with respect to collection of Plaintiff's alleged debt.

## VENUE

### 23

Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

### 24

The occurrences which give rise to this action occurred in Palm Beach County, Florida and

Plaintiff resides in Palm Beach County, Florida.

### 25

Venue is proper in the Southern District of Florida, West Palm Beach Division.

### 26

This is an action for damages which exceed $25,000.00.

## PURPOSE OF FDCPA

### 27

With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA,

the United States Congress has declared at 15 U.S.C. §1692:

**(a) Abusive practices**

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection
practices by many debt collectors. Abusive debt collection practices contribute to the
number of personal bankruptcies, to marital instability, to the loss of jobs, and to
invasions of individual privacy.

**(b) Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect
consumers.

**(c) Available non-abusive collection methods**

Means other than misrepresentation or other abusive debt collection practices are
available for the effective collection of debts.

**(d) Interstate commerce**

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

**(e) Purposes**

It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

### PURPOSE OF FCRA

28

The Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. (hereinafter "FCRA"), was originally enacted in 1970 for the purpose of regulating the collection, dissemination, and use of consumer credit information.

### FCRA AND PERMISSABLE PURPOSE

29

The FCRA, codified as 15 U.S.C. §1681b provides as follows:

(a) In general.  Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

(B) intends to use the information for employment purposes; or

(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or

(D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

(E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or

(F) otherwise has a legitimate business need for the information—

(i) in connection with a business transaction that is initiated by the consumer; or

(ii) to review an account to determine whether the consumer continues to meet the terms of the account.

(G) executive departments and agencies in connection with the issuance of government-sponsored individually-billed travel charge cards.

(c) Furnishing reports in connection with credit or insurance transactions that are not initiated by consumer

(1) In general

A consumer reporting agency may furnish a consumer report relating to any consumer pursuant to subparagraph (A) or (C) of subsection (a)(3) of this section in connection with any credit or insurance transaction that is not initiated by the consumer only if—

(A) the consumer authorizes the agency to provide such report to such person; or

(B)

(i) the transaction consists of a firm offer of credit or insurance;

(ii) the consumer reporting agency has complied with subsection (e) of this section;

(iii) there is not in effect an election by the consumer, made in accordance with subsection (e) of this section, to have the

consumer's name and address excluded from lists of names provided by the agency pursuant to this paragraph; and

(iv) the consumer report does not contain a date of birth that shows that the consumer has not attained the age of 21, or, if the date of birth on the consumer report shows that the consumer has not attained the age of 21, such consumer consents to the consumer reporting agency to such furnishing.

(2) Limits on information received under paragraph (1)(B) A person may receive pursuant to paragraph (1)(B) only—

(A) the name and address of a consumer;

(B) an identifier that is not unique to the consumer and that is used by the person solely for the purpose of verifying the identity of the consumer; and

(C) other information pertaining to a consumer that does not identify the relationship or experience of the consumer with respect to a particular creditor or other entity.

## FCRA AND REPORTING

30

The FCRA, codified as 15 U.S.C. §1681s-2(a) provides as follows:

(1)(A) A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

(1)(B) A person shall not furnish any information relating to a consumer to any consumer reporting agency if –

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(2) A person who –

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

## FCCPA AND FEDERAL LAW

31

Florida Statute § 559.552 states as follows:  Relationship of state and federal law.

Nothing in this part shall be construed to limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail.

## PURPOSE OF FLOIDA DECEPTIVE AND UNFAIR TRADE PARCTICES ACT

32

Florida Statute § 501.202 states as follows:  Purposes; rules of construction.

The provisions of this part shall be construed liberally to promote the following policies:

(1)   To simplify, clarify, and modernize the law governing consumer protection, unfair methods of competition, and unconscionable, deceptive, and unfair trade practices.

(2)    To protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

(3)    To make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection.

## **FACTUAL ALLEGATIONS**

33

Defendant(s) has damaged Plaintiff's Credit Reports, Credit Scores, and has committed Defamation of Character, per se' against Plaintiff.

34

The Defendant(s) is a 3rd Party Debt Collector(s) located in the United States of America, in California and Florida, as such is governed under the law by the Fair Debt Collection Practices Act 15 U.S.C. §1601, et seq. The Defendant is also a credit lender and as such governed under the law by The Fair Credit Reporting Act 15 U.S.C. §1681, et seq. and also reports these accounts to the national credit reporting agencies i.e. TransUnion, Equifax, Experian, and Innovis.

35

The State of Florida abides by and adheres to these laws. Specifically the Fair Credit Reporting Act 15 U.S.C. § 1681, et seq. and FDCPA 15 U.S.C. §1692, et sec. and also the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 et sec., the Florida Deceptive And Unfair Trade Practices Act Fla. Stat. § 501.201 - 501.213, and as such the Defendant(s) are governed under these laws.

36

The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant(s).

37

Even if the Plaintiff did have such an agreement, which the Plaintiff denies, alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendant(s) in an attempts to collect and credit reporting of the alleged debt, violated rights of the Plaintiff and the laws as outlined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1601, et seq. and the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 et sec., and the Florida Deceptive And Unfair Trade Practices Act, Fla. Stat. 501.204.

38

MIDLAND, MIDLAND, and ENCORE by and through their attorney(s) SPRECHMAN & ASSOCIATES PA, SPRECHMAN, MODLIN, and SINGER attempted to employ the court in the perpetration of a fraud.

39

The Florida Bar Rules of Professional Conduct states in: Rule 4-3.1, Meritorious Claims and Contentions - A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law.

40

Council for MIDLAND, MIDLAND, and ENCORE failed to conduct a reasonable investigation and subsequently filed a frivolous lawsuit, against Plaintiff, and by doing so failed to address the court with candor.

41

The Florida Bar Rules of Professional Conduct states in: Rule 4-3.3, Candor toward the Tribunal

- (a) False Evidence; Duty to Disclose. A lawyer shall not knowingly: (1) make a false statement

of fact or law to a tribunal or fail to correct a false statement of material fact or law previously

made to the tribunal by the lawyer;

42

MIDLAND, MIDLAND and ENCORE have failed to show standing, and failing cannot show a

claim upon which relief can be granted.

43

On or about June 27, 2011 Plaintiff found the summons and complaint filed by Defendant(s),

wedged in the kitchen door at his residence, demanding payment for some unknown account, and

which failed to contain the 30 day notice language required by 15 U.S.C. § 1692g. See Plaintiff

Exhibit "1".

44

Section 809(a) 15 U.S.C. § 1692g states as follows:

(a) Within five days after the initial communication with a consumer in connection with

the collection of any debt, a debt collector shall, unless the following information is

contained in the initial communication or the consumer has paid the debt, send the

consumer a written notice containing --

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the

notice, disputes the validity of the debt, or any portion thereof, the debt will be

assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within

the thirty-day period that the debt, or any portion thereof, is disputed, the debt

collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

45

Even if the summons and complaint contained the 30 day notice required by 15 U.S.C. § 1692g, which it did not, the 30 days would have been overshadowed by the 20 days to respond to the summons and complaint as required by Rule 1.070(i)(2)(F) of Florida Rules of Civil Procedures. Service was improper and defective per Fla. Stat. § 48.031.

46

Defendant(s) failed to attach the alleged contract or any evidence whatsoever that Plaintiff ever had valid account with Defendant(s). Defendant later in Admissions did admit "that you do not have the agreement to claim the amount(s) submitted in the Complaint."

47

Plaintiff denies having any contractual obligation ever with Defendant(s).

48

On or about June 28, 2012 Plaintiff contacted his mother, Margaret Pinson ,who informed Plaintiff that, while she was at Plaintiff's home to feed his outdoor cats, process server confronted his then 83 year old mother and intentionally, negligently and willfully told her of alleged debt and tried to serve her, thus violating Plaintiff's rights under 15 U.S.C. § 6801(a).

49

Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

50

It is the policy of the Congress that each financial institution has an affirmative and continuing

obligation to respect the privacy of its customers and to protect the security and confidentiality of

those customers' nonpublic personal information. 15 U.S.C. § 6801(a).

51

Process server, as agent of debt collector, by willfully notifying Plaintiff's mother who maintains

her own residence separate from Plaintiff, violated Plaintiff's right to privacy by revelation of

private financial facts to third party, where third party had no need or reason to know.

52

On or about June 28, 2012 Plaintiff contacted his sister, Nancy Pinson, who informed Plaintiff

that, while she had brought their mother to Plaintiffs home for mother to feed his outdoor cats,

process server, in front of his sister, did confronted their then 83 year old mother and told her of

alleged debt and tried to serve her, and as such, in full view of his sister process server as agent

of defendant did negligently, willfully and wantonly inform Plaintiff's sister of alleged debt, thus

violating Plaintiff's rights under 15 U.S.C. § 6801(a).

53

Process server, as agent of debt collector, by notifying Plaintiff's sister who maintains her own

residence separate from Plaintiff (and separate from mother), violated Plaintiff's right to privacy

by disclosing to third parties confidential and private financial information that third party had no

need or reason to know.

54

The conduct of Defendant(s) and its agents, in engaging in the above-described illegal collection

conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by

Defendant(s) which occurred in a way that was highly offensive to Plaintiff, and would be to any reasonable person.

55

Plaintiff, at a later date, examined the Verified Return of Service at the Palm Beach County Courthouse which identifies the process server as: "Bradley Oyler of JLL Process Corp, 6415 Lakeworth Road #100, Greenacres, FL 33463". See Plaintiff Exhibit "2".

56

On the verified return of service, process server indicated he talked to Plaintiff's unidentified neighbor, evidencing further violations of Plaintiff's right to privacy. See Plaintiff Exhibit "2".

57

On the verified return of service, process server indicated he served Plaintiff's mother and further indicated a name other than Plaintiff's mother's, a "Ms Person". See Plaintiff Exhibit "2".

58

After Plaintiff's examination of Florida statutes, it was apparent to Plaintiff process servers Bradley Oyler and JLL Process Corp failed in their statutory duty under Fla. Stat. § 48.031 while working as agents of defendant(s).

59

On or about July 9, 2011 Plaintiff received from Defendant(s) a Dunning Letter, signed by STEVEN B SPRECHMAN Esq and dated June 29, 2011 on Law Offices of SPRECHMAN & ASSOCIATES PA letterhead, which failed to contain the 30 day notice language required by to15 U.S.C..§ 1692g. See Plaintiff Exhibit "3".

60

On July 12, 2011 Plaintiff filed with the Palm Beach County Clerk of the Court affirmative

defenses giving notice on the record made of dispute pursuant to FDCPA Section 807(2) 15

U.S.C. § 1692e(2). See Plaintiff Exhibit "4".

61

On or about July 11, 2011 Plaintiff mailed Defendants, a cease and desist demand letter per

section 805(b) of the FDCPA 15 U.S.C. § 1692g notifying the debt collector in writing the debt

is disputed, via US Certified Mail #7011 1150 0002 1928 0541 Return Receipt Requested. See

Plaintiff Exhibit "5".

62

Section 805(b) 15 U.S.C. § 1692g states as follows:

> (b) If the consumer notifies the debt collector in writing within the thirty-day period
> described in subsection (a) that the debt, or any portion thereof, is disputed, or that the
> consumer requests the name and address of the original creditor, the debt collector shall
> cease collection of the debt, or any disputed portion thereof, until the debt collector
> obtains verification of the debt or any copy of a judgment, or the name and address of the
> original creditor, and a copy of such verification or judgment, or name and address of the
> original creditor, is mailed to the consumer by the debt collector. Collection activities and
> communications that do not otherwise violate this title may continue during the 30-day
> period referred to in subsection (a) unless the consumer has notified the debt collector in
> writing that the debt, or any portion of the debt, is disputed or that the consumer requests
> the name and address of the original creditor. Any collection activities and
> communication during the 30-day period may not overshadow or be inconsistent with the
> disclosure of the consumer's right to dispute the debt or request the name and address of
> the original creditor.

63

On August 5, 2011 Plaintiff filed a Sworn Denial with the Palm Beach County Clerk of the

Court. See Plaintiff Exhibit "6".

64

On August 4, 2011 LINDA E SINGER Esq caused to be filed with the Palm Beach County Clerk

of the Court, and did serve Plaintiff by Mail: Notice of Service of Interrogatories; Request to

Produce; Request for Admissions; and, Reply to Affirmative Defenses, in violation of 15 U.S.C.

§ 1692 as at this time Defendant(s) had not validated debt per § 1692g. See Plaintiff Exhibit "7".

65

On or about August 18, 2011 Plaintiff sent Defendants written communication requesting

Validation of alleged debt per section 809(b) of the FDCPA, 15 U.S.C. § 1692g(b) via certified

return receipt mail #7011 0470 0001 0399 4558.  See Plaintiff Exhibit "8".

66

On or about August 31, 2011 Plaintiff received written communication, which failed to Validate

per FDCPA 15 U.S.C. § 1692g Sec. 809 (b) the alleged Debt, in the form of a dunning letter

signed by SCOTT E MODLIN Esq and dated August 26, 2011 on Law Offices of

SPRECHMAN & ASSOCIATES PA letterhead, which Defendant(s) knew or should have

known would be in violation of 15 U.S.C. § 1692g(B) by continuing collection efforts prior to

validation and after a validation request has been made by consumer. See Plaintiff Exhibit "9".

67

As of October 11, 2012 Plaintiff has never received Validation, sufficient to meet requirements

of FDCPA 15 U.S.C. § 1692g Sec. 809 (b), from Defendant(s).

68

Attachments to communication dated August 26, 2011 were unfamiliar to Plaintiff and consisted

of:

a) Alleged MIDLAND account statement dated December 1, 2010 See Plaintiff Exhibit "9".

b) Alleged MIDLAND notice of new ownership dated December 1, 2010 See Plaintiff Exhibit "9".

c) Alleged Assignment and bill of sale dated October 27, 2012, signed by Brian W Tuite for CACV of Colorado LLC, which in no way references Plaintiff. See Plaintiff Exhibit "9".

69

Defendant(s) violated of Florida Statutes 559.715, a condition precedent applying to entities receiving assignments of consumer debts, by failing to comply in providing notice to consumer within 30 days after assignment, and by failing Defendant is precluded as a matter of law from bringing action in any court of Florida.

70

At no time prior to August 31, 2010 did Plaintiff receive said documents, and the documents produced evidence 35 days passing between alleged assignment and sale, and alleged notice of new ownership.

71

On September 6, 2011 Plaintiff did serve discovery requests on Defendant(s). See Plaintiff Exhibit "10".

72

On September 9, 2011 Plaintiff did respond to Defendant(s) discovery requests. See Plaintiff Exhibit "11".

73

On September 19, 2011 LINDA E SINGER Esq caused to be filed with the Palm Beach County Clerk of the Court, and did serve Plaintiff by Mail: Motion to Compel Better Answers to Discovery, in violation of 15 U.S.C. § 1692, as at this time Defendant(s) had not validated debt per § 1692g. See Plaintiff Exhibit "12".

74

On September 20, 2011 LINDA E SINGER Esq caused to be filed with the Palm Beach County Clerk of the Court, and did serve Plaintiff by Mail: Response to Request for Admissions, in violation of 15 U.S.C. § 1692, as at this time Defendant(s) had not validated debt per § 1692g. See Plaintiff Exhibit "13".

75

In response to request for admissions, in Fact No. 4, it was admitted "that there was no written agreement between MIDLAND Funding LLC and" John Pinson. See Plaintiff Exhibit "13".

76

In response to request for admissions, in Fact No. 9, it was admitted "that MIDLAND Funding LLC are considered debt collectors under the Fair Debt Collection Practices Act." See Plaintiff Exhibit "13".

77

In response to request for admissions, in Fact No. 10, it was admitted "that you are barred under the Fair Debt Collection Practices Act § 1692 f(1) from collecting interest on any amount not authorized by the agreement creating the debt or permitted by law." See Plaintiff Exhibit "13".

78

In response to request for admissions, in Fact No. 11, it was admitted "that you do not have the agreement to claim the amount(s) submitted in the Complaint." See Plaintiff Exhibit "13".

79

In response to request for admissions, in Fact No. 12, it was admitted "that you do not have a copy of the original CITIBANK cardholder agreement." See Plaintiff Exhibit "13".

80

In response to request for admissions, in Fact No. 13, it was admitted "that you did not transfer your alleged assignment rights over to SPRECHMAN & ASSOCIATES, P.A. in order for them to collect your alleged debt." See Plaintiff Exhibit "13".

81

In response to request for admissions, in Fact No. 14, it was admitted "that SPRECHMAN & ASSOCIATES, P.A. is the real party of interest." See Plaintiff Exhibit "13".

82

In response to request for admissions, in Fact No. 15, it was admitted "that if you did purchase the alleged account it was in default." See Plaintiff Exhibit "13".

83

In response to request for admissions, in Fact No. 16, it was admitted "that if this assignment is proven by you it was purchased for less than the amount submitted in your Complaint." See Plaintiff Exhibit "13".

84

These admissions substantially demonstrate lack of standing.

85

The admission of Fact No. 16 takes any alleged sale from the realm of bargain and transport it to the realm of unjust enrichment.

86

On September 20, 2012 LINDA E SINGER Esq caused to be filed with the Palm Beach County Clerk of the Court, and did serve Plaintiff by Mail: Motion for Mediation, and Motion for Mediation by Telephone, in violation of 15 U.S.C. § 1692, as at this time Defendant(s) had not validated debt per § 1692g. See Plaintiff Exhibit "14".

87

On September 20, 2011 Plaintiff did file Motions to compel Production and Interrogatories on Defendant(s) with the Palm Beach County Clerk of the Court, because MIDLAND failed to respond to said discovery requests. See Plaintiff Exhibit "15".

88

On September 19, 2011 LINDA E SINGER Esq caused to be filed with the Palm Beach County Clerk of the Court, and did serve Plaintiff by Mail: Notice of Mediation, in violation of 15 U.S.C. § 1692, as at this time Defendant(s) had not validated debt per § 1692g. See Plaintiff Exhibit "16".

89

On October 25, 2011Plaintiff did file his Motion to Dismiss with the Palm Beach County Clerk of the Court. See Plaintiff Exhibit "17".

90

On October 20, 2011 LINDA E SINGER Esq caused to be filed with the Palm Beach County Clerk of the Court, and did serve Plaintiff by Mail: Notice of Filing with 3 attachments, in

violation of 15 U.S.C. § 1692, as at this time Defendant(s) had not validated debt per § 1692g.
See Plaintiff Exhibit "18".

91

Attachments to filings dated October 20, 2011, were unfamiliar to Plaintiff and consisted of:

  a)  Alleged Assignment and bill of sale dated October 27, 2012, signed by Brian W Tuite for
      CACV of Colorado LLC, which in no way references Plaintiff. (previously sent; see
      paragraph 68 and marked Plaintiff's Exhibit "9") See Plaintiff Exhibit "18".

  b)  Alleged Assignment and bill of sale dated October 27, 2012, signed by Brian W Tuite for
      CACH LLC, which in no way references Plaintiff. See Plaintiff Exhibit "18".

  c)  Alleged Closing Statement dated October 18, 2010, initialed and signed by unidentified
      parties for Square Two Financial Attn: Laura Jensen, which in no way references
      Plaintiff. See Plaintiff Exhibit "18".

92

On October 21, 2011 LINDA E SINGER Esq caused to be filed with the Palm Beach County
Clerk of the Court, and did serve Plaintiff by Mail: Re-Notice of Mediation, in violation of 15
U.S.C. § 1692, as at this time Defendant(s) had not validated debt per § 1692g. See Plaintiff
Exhibit "19".

93

On October 21, 2011 LINDA E SINGER Esq caused to be filed with the Palm Beach County
Clerk of the Court, and did serve Plaintiff by Mail: Objections and Motion to Strike
Interrogatories, in violation of 15 U.S.C. § 1692, as at this time Defendant(s) had not validated
debt per § 1692g. See Plaintiff Exhibit "20".

94

On October 28, 2011 LINDA E SINGER Esq caused to be filed with the Palm Beach County Clerk of the Court, and did serve Plaintiff by Mail: Re-Notice of Mediation, in violation of 15 U.S.C. § 1692, as at this time Defendant(s) had not validated debt per § 1692g. See Plaintiff Exhibit "21".

95

On November 11, 2011 LINDA E SINGER Esq caused to be filed with the Palm Beach County Clerk of the Court, and did serve Plaintiff by Mail: Notice of Cancellation of Mediation, in violation of 15 U.S.C. § 1692, as at this time Defendant(s) had not validated debt per § 1692g. See Plaintiff Exhibit "22".

96

On November 10, 2011 at 1:50 PM EST a hearing was held in the courtroom of Hon. Judge Stephens of the 15th Judicial Court of Florida, West Palm Beach, the subject of which was motions hearing.

97

During said hearing, which LINDA E SINGER Esq attended by telephone, after motions were disposed of, SINGER told the judge that she would serve John Pinson with a Fraud Affidavit, to which the judge said "you do that then", and the bailiff rolled his eyes.

98

Plaintiff promptly searched fraud affidavit on google and determined this was deception by intent of a trick or scheme to obtain information from consumer, masquerading as a court procedure, without disclosure thereof.

99

On November 11, 2011 LINDA E SINGER Esq did mail copy of letter to Plaintiff which <u>failed to contain the language required by to15 U.S.C..§ 1692g</u>, and was mailed in violation of 15 U.S.C. § 1692, as at this time Defendant(s) had not validated debt per § 1692g. See Plaintiff Exhibit "23".

100

On November 14, 2011 LINDA E SINGER Esq did mail copy of letter to Plaintiff which requested him to execute the attached ID THEFT AFFIDAVIT and return the same to SPRECHMAN & ASSOCIATES PA. See Plaintiff Exhibit "24".

101

The ID Theft Affidavit cover letter <u>failed to contain the language required by to15 U.S.C.§ 1692g</u>, and was mailed in violation of 15 U.S.C. § 1692, as at this time Defendant(s) had not validated debt per § 1692g. See Plaintiff Exhibit "24".

102

On February 2, 2012 SPRECHMAN & ASSOCIATES PA caused to be filed with the Palm Beach County Clerk of the Court, and did serve Plaintiff by Mail: Notice of Cancellation of Mediation, in violation of 15 U.S.C. § 1692, as at this time Defendant(s) had not validated debt per § 1692g. See Plaintiff Exhibit "25".

103

On April 24, 2012 Plaintiff received Notice of Voluntary Dismissal without Prejudice. This a result of Plaintiff's meritorious defense.  By dismissing without prejudice Defendant(s) demonstrated intent to further harass, oppress and abuse Plaintiff, leaving this matter to hang over Plaintiff like the sword of Damocles, with imminent threat to be re-litigated at length even though no verified evidence exists for their action. This Voluntary Dismissal without Prejudice

in violation of 15 U.S.C. § 1692(d) and in violation of 15 U.S.C. § 1692, as at this time

Defendant(s) had not validated debt per § 1692g. See Plaintiff Exhibit "26".

104

As of October 11, 2012 Plaintiff has never received Validation, sufficient to meet requirements

of FDCPA 15 U.S.C. § 1692g Sec. 809 (b), from Defendant(s).

105

On May 19, 2012 Plaintiff received a dunning letter from Defendant MIDLAND in violation of

15 U.S.C. § 1692, as at this time Defendant(s) had not validated debt per § 1692g. See Plaintiff

Exhibit "27".

106

On May 19, 2012 Plaintiff mailed Defendant MIDLAND a debt validation request pursuant to 15

U.S.C..§ 1692g Sec. 809 (b) via US Certified Mail #7011 2970 0002 4191 6598 Return Receipt

Requested. See Plaintiff Exhibit "28".

107

On May 31, 2012 Plaintiff received a dunning letter from Defendant MIDLAND in violation of

15 U.S.C. § 1692, as at this time Defendant(s) had not validated debt per § 1692g. See Plaintiff

Exhibit "29".

108

On June 4, 2012 Plaintiff mailed Defendant MIDLAND a debt validation request pursuant to 15

U.S.C..§ 1692g Sec. 809 (b) via US Certified Mail #7011 2970 0002 4191 6640 Return Receipt

Requested. See Plaintiff Exhibit "30".

109

On June 16, 2012 Plaintiff received a dunning letter from Defendant MIDLAND in violation of 15 U.S.C. § 1692, as at this time Defendant(s) had not validated debt per § 1692g. See Plaintiff Exhibit "31".

110

On June 16, 2012 Plaintiff, resolved to draft this action against Defendants after having exhausted efforts to mitigate and cause Defendant to validate debt, including but not limited to: four written Validation request letters sent separately via US Certified Return Receipt Mail; credit bureau dispute letters sent via US certified mail return receipt requested; various discovery requests and filings of various notices in the 15th Judicial Court of Florida.

111

As of October 11, 2012 Plaintiff has never received Validation, sufficient to meet requirements of FDCPA 15 U.S.C. § 1692g Sec. 809 (b), from Defendant(s).

112

Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

113

Discovery of FCRA violations brought forth herein by Plaintiff occurred on or after July 2011 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

114

Plaintiff found Defendant(s) have reported erroneous and inaccurate information about Plaintiff to Experian. See Plaintiff Exhibit "32".

115

Plaintiff found Defendant(s) have reported erroneous and inaccurate information about Plaintiff to Equifax. See Plaintiff Exhibit "33".

116

Plaintiff found Defendant(s) have reported erroneous and inaccurate information about Plaintiff to Trans Union. See Plaintiff Exhibit "34".

117

Plaintiff disputed information with Credit Reporting Agencies.

118

Plaintiff found after examination of his TransUnion consumer credit report that Defendant(s) had obtained Plaintiff's TransUnion consumer credit report on September 2009 without permissible purpose. See Plaintiff Exhibit "35".

119

Plaintiff found after examination of his TransUnion consumer credit report that Defendant(s) had obtained Plaintiff's TransUnion consumer credit report on February 2011 without permissible purpose. See Plaintiff Exhibit "36".

120

Plaintiff found after examination of his TransUnion consumer credit report that Defendant(s) had obtained Plaintiff's TransUnion consumer credit report on August 1, 2011 during litigation and without permissible purpose. See Plaintiff Exhibit "37".

121

Plaintiff found after examination of his TransUnion consumer credit report that Defendant(s) had obtained Plaintiff's TransUnion consumer credit report on September 1, 2011 during litigation and without permissible purpose. See Plaintiff Exhibit "38".

122

Plaintiff found after examination of his TransUnion consumer credit report that Defendant(s) had

obtained Plaintiff's TransUnion consumer credit report on February 1, 2012 during litigation and

without permissible purpose. See Plaintiff Exhibit "39".

123

Plaintiff found after examination of his TransUnion consumer credit report that Defendant(s) had

obtained Plaintiff's TransUnion consumer credit report on May 6, 2012 without permissible

purpose. See Plaintiff Exhibit "40".

124

As a result of FCRA violations by Defendant(s) Plaintiff suffered a lower credit score and higher

insurance rates.

125

Defendant had no permissible purpose to obtain Plaintiff's credit report in September 2009, a full

20 months before Defendant commenced litigation against Plaintiff.

126

Defendant(s) obtained Plaintiff's credit report without permissible purpose in anticipation of

commencing litigation.

127

Defendant(s) obtained Plaintiff's credit report without permissible purpose during litigation.

128

Defendants have used unconscionable acts or practices, and unfair or deceptive acts or practices

in the conduct of trade or commerce and thereby Defendant(s) willfully violated of Florida

Statute 501.204.

129

Defendant(s) have and continue to attempt to harass and abuse Plaintiff.

130

Court records evidence a voluminous list of actions Defendant(s) have commenced against consumers.

131

Court records evidence legions of Plaintiffs, similarly situated to Plaintiff, with actions against Defendant(s), similar to instant action.

132

Plaintiff has reason to believe and does believe that many of these practices, and violations of law, are widespread for some or all of the Defendants.

133

As of October 11, 2012 Plaintiff has never received Validation, sufficient to meet requirements of FDCPA 15 U.S.C. § 1692g Sec. 809 (b), from Defendant(s).

## COUNT I

VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL AND/OR NEGLIGENT NON-COMPLIANCE BY DEFENDANTS: MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT INC.; and, ENCORE CAPITAL GROUP INC.

134

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

135

Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

136

TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

137

Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

138

The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

139

Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

140

Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant(s).

141

On September 2009 Defendant(s) obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

142

Plaintiff sent a notice to Defendant(s) of their violations of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff received no reply to said notice sent to Defendant(s).

143

At no time did Plaintiff give his consent for Defendant(s) to acquire his consumer credit report from any credit reporting agency.

144

The actions of Defendant(s) obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful and/or negligent violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

145

At no time has Defendant(s) ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

146

**WHEREFORE**, Plaintiff demands judgment for damages against each and every Defendant: MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT INC.; and, ENCORE CAPITAL GROUP INC, for statutory damages of $1000.00 and/or actual damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o(a).

## COUNT II

VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL

AND/OR NEGLIGENT NON-COMPLIANCE BY DEFENDANTS: MIDLAND FUNDING

LLC; MIDLAND CREDIT MANAGEMENT INC.; and, ENCORE CAPITAL GROUP INC.

147

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated

herein.

148

Paragraphs 134 through 140 are re-alleged as though fully set forth herein.

149

On February 2011 Defendant(s) obtained the TransUnion consumer credit report for the Plaintiff

with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.  Said actions thereby

damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay

higher auto insurance premiums.

150

Paragraphs 142 through 145 are re-alleged as though fully set forth herein.

151

**WHEREFORE**, Plaintiff demands judgment for damages against each and every Defendant:

MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT INC.; and, ENCORE

CAPITAL GROUP  INC, for statutory damages of $1000.00 and/or actual damages, any

attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o(a).

## COUNT III

VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL

AND/OR NEGLIGENT NON-COMPLIANCE BY DEFENDANTS: MIDLAND FUNDING

LLC; MIDLAND CREDIT MANAGEMENT INC.; and, ENCORE CAPITAL GROUP INC.

152

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

153

Paragraphs 134 through 140 are re-alleged as though fully set forth herein.

154

On August 1, 2011 Defendant(s) obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.  Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

155

Paragraphs 142 through 145 are re-alleged as though fully set forth herein.

156

**WHEREFORE**, Plaintiff demands judgment for damages against each and every Defendant: MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT INC.; and, ENCORE CAPITAL GROUP  INC, for statutory damages of $1000.00 and/or actual damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o(a).

### **COUNT IV**

VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL

AND/OR NEGLIGENT NON-COMPLIANCE BY DEFENDANTS: MIDLAND FUNDING

LLC; MIDLAND CREDIT MANAGEMENT INC.; and, ENCORE CAPITAL GROUP INC.

157

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

158

Paragraphs 134 through 140 are re-alleged as though fully set forth herein.

159

On September 1, 2011 Defendant(s) obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.  Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

160

Paragraphs 142 through 145 are re-alleged as though fully set forth herein.

161

**WHEREFORE**, Plaintiff demands judgment for damages against each and every Defendant: MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT INC.; and, ENCORE CAPITAL GROUP  INC, for statutory damages of $1000.00 and/or actual damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o(a).

## COUNT V

VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL

AND/OR NEGLIGENT NON-COMPLIANCE BY DEFENDANTS: MIDLAND FUNDING

LLC; MIDLAND CREDIT MANAGEMENT INC.; and, ENCORE CAPITAL GROUP INC.

162

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

163

Paragraphs 134 through 140 are re-alleged as though fully set forth herein.

164

On February 1, 2012 Defendant(s) obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.  Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

165

Paragraphs 142 through 145 are re-alleged as though fully set forth herein.

166

**WHEREFORE**, Plaintiff demands judgment for damages against each and every Defendant: MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT INC.; and, ENCORE CAPITAL GROUP  INC, for statutory damages of $1000.00 and/or actual damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o(a).

## **COUNT VI**

VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL AND/OR NEGLIGENT NON-COMPLIANCE BY DEFENDANTS: MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT INC.; and, ENCORE CAPITAL GROUP INC.

167

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

168

Paragraphs 134 through 140 are re-alleged as though fully set forth herein.

169

On September 2009 Defendant(s) obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.  Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

170

Paragraphs 142 through 145 are re-alleged as though fully set forth herein.

171

**WHEREFORE**, Plaintiff demands judgment for damages against each and every Defendant: MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT INC.; and, ENCORE CAPITAL GROUP  INC, for statutory damages of $1000.00 and/or actual damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o(a).

## **COUNT VII**

VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL AND/OR NEGLIGENT NON-COMPLIANCE BY DEFENDANTS: MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT INC.; and, ENCORE CAPITAL GROUP INC.

172

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

173

Defendant(s) have reported erroneous and inaccurate information about Plaintiff to credit reporting agencies: Trans Union, Equifax, and Experian.

174

At all times material to this action, Defendant violated 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o of the FCRA by engaging in willful and/or negligent acts which violate 15 U.S.C. § 1681s(2)(b) as follows:

    a.    Failing to conduct an investigation of the inaccurate information that Plaintiff disputed which violate 15 U.S.C. § 1681s(2)(b)(1);

    b.    Failing to review all relevant information concerning Plaintiff's account as provided to the Defendant which violate 15 U.S.C. § 1681s(2)(b)(1)(B);

    c.    Reporting the inaccurate status of the inaccurate information to credit reporting agencies and/or without including a notation that the debt was disputed which violate 15 U.S.C. § 1681s(2)(b)(1)(D);

    d.    Failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation which violate 15 U.S.C. § 1681s(2)(b)(1)(E)(ii);

e.   Failing to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by the Plaintiff which violate 15 U.S.C. § 1681s(2)(b)(1)(A);

f.   Failing to correctly report results of an accurate investigation to every other credit reporting agency which violate 15 U.S.C. § 1681s(2)(b)(1)(C);

g.   Continuing to furnish and disseminate inaccurate and derogatory credit, account status and other information concerned the Plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate which violate 15 U.S.C. § 1681s(2)(b)(1)(E)(iii);

h.   Failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

175

The Defendant(s) has reported alleged account to Trans Union since October 27, 2010 and has updated the same for a period of 24 months with erroneous and inaccurate information through today as they have not provided validation of the alleged debt/account pursuant to 15 U.S.C. §1692g.

176

The Defendant(s) has reported alleged account to Equifax since October 2010 and has updated the same for a period of at least 5 months with erroneous and inaccurate information through today as they have not provided validation of the alleged debt/ account pursuant to 15 U.S.C. §1692g.

177

The Defendant(s) has reported alleged account to Experian since October 2010 and has updated

the same for a period of at least 10 months with erroneous and inaccurate information through

today as they have not provided validation of the alleged debt/ account pursuant to 15 U.S.C.

§1692g.

178

**WHEREFORE**, Plaintiff demands judgment for damages against each and every Defendant:

MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT INC.; and, ENCORE

CAPITAL GROUP INC, for statutory damages of $1000.00 per month and/or actual damages,

any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o(a).

### **COUNT VIII**

VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692

BY DEFENDANTS MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT INC,

ENCORE CAPITAL GROUP INC., SPRECHMAN & ASSOCIATES P.A., STEVEN B.

SPRECHMAN, SCOTT E MODLIN, AND LINDA E. SINGER

179

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated

herein.

180

Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

181

Defendant(s) is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

182

Defendant(s) violated the FDCPA15 U.S.C. §1692. Defendant(s) violations include, but are not limited to, the following:

a.     § 1692 b(2) Contact of Third Party: Stated that the consumer owes any debt.

b.     § 1692 c(B) With anyone except consumer, consumer's attorney, or credit bureau concerning the debt.

c.     § 1692 c(C) After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication.

d.     § 1692 d Any conduct the natural consequence of which is to harass, oppress, or abuse any person.

e.     § 1692 e(2) Character, amount, or legal status of the alleged debt.

f.     § 1692 e(5) Threaten to take any action that cannot legally be taken or that is not intended to be taken.

g.     § 1692 e(8) Threatens or communicates false credit information, including the failure to communicate that a debt is disputed.

h.     § 1692 e(9) Represent documents as authorized, issued or approved by any court, official, or agency of the United States or state.

i.     § 1692 e(10) Any false representation or deceptive means to collect a debt or obtain information about a consumer.

j.     § 1692 e(11) Communication fail to contain the mini-Miranda warning: "This is an attempt to collect a debt… communication is from a debt collector."

k.     § 1692 f(1) Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

l.      § 1692 g Failure to send the consumer a 30-day validation notice within five days of the initial communication.

m.      § 1692 g(B) Collector must cease collection efforts until debt is validated.

183

THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.

184

The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties.  See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates it's provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

185

**WHEREFORE,** Plaintiff demands judgment for damages against each and every Defendant: MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT INC, ENCORE CAPITAL GROUP  INC., SPRECHMAN & ASSOCIATES P.A., STEVEN B. SPRECHMAN, SCOTT E MODLIN, and LINDA E. SINGER for statutory damages of $1,000.00, and actual damages of $5,000.00 for emotional distress and suffering, other actual damages, as well as

attorney's fees and costs, pursuant to 15 U.S.C. §1692k(a)(1); 15 U.S.C. §1692k(a)(2)(A); 15

U.S.C. §1692k(a)(3) and Fed.R.Civ.P. 54(d).

## COUNT IX

INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY

REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

WILFULL VIOLATION OF FLA. STAT. §§ 501.201 THROUGH 501.213 FLORIDA

DECEPTIVE AND UNFAIR TRADE PRACTICES ACT BY DEFENDANTS MIDLAND

FUNDING LLC, MIDLAND CREDIT MANAGEMENT INC, ENCORE CAPITAL GROUP

INC., SPRECHMAN & ASSOCIATES P.A., STEVEN B. SPRECHMAN, SCOTT E MODLIN,

AND LINDA E. SINGER

186

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated

herein.

187

Congress explicitly recognized a consumer's inherent right to privacy in collection matters in

passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

Abusive debt collection practices contribute to the number of personal bankruptcies, to marital

instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a)

(emphasis added).

188

Congress further recognized a consumer's right to privacy in financial data in passing the

Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad

range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

189

Defendant and/or its agent intentionally and/or negligently and/or willfully interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

190

Defendant also intentionally and/or negligently and/or willfully interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to a third party, and thereby invaded Plaintiffs' right to financial privacy.

191

Defendant intentionally and/or negligently and/or willfully disclosed Plaintiff's alleged indebtedness to Margaret Pinson, who is Plaintiff's Mother, and Nancy Pinson, who is the Plaintiff's sister. Defendant knew or had reason to know that Margaret Pinson and Nancy Pinson did not have a legitimate need for the information.

192

The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

193

The intentional and/or negligent and/or willful conduct of this Defendant and its agents, in

engaging in the above-described illegal collection conduct against this Plaintiff, resulted in

multiple intrusions and invasions of privacy by this Defendant(s) which occurred in a way that

would be highly offensive to a reasonable person in that position.

194

Defendant(s) willfully violated of Florida Statute 501.204 which states:

Unlawful acts and practices.—

(1)     Unfair methods of competition, unconscionable acts or practices, and unfair or

deceptive acts or practices in the conduct of any trade or commerce are hereby

declared unlawful.

(2)     It is the intent of the Legislature that, in construing subsection (1), due

consideration and great weight shall be given to the interpretations of the Federal

Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal

Trade Commission Act, 15 U.S.C. s. 45(a)(1) as of July 1, 2006.

195

**WHEREFORE**, Plaintiff demands judgment for damages against each and every Defendant:

MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT INC, ENCORE

CAPITAL GROUP  INC., SPRECHMAN & ASSOCIATES P.A., STEVEN B. SPRECHMAN,

SCOTT E MODLIN, and LINDA E. SINGER for statutory damages of $10,000.00, equitable

relief as the court deems necessary or proper, and attorney's fees and costs, pursuant to Fla. Stat.

Ann. § § 501.2075 and § 501.207(1)(b)

## COUNT X

VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA.

STAT. §559.72 BY DEFENDANTS MIDLAND FUNDING LLC, MIDLAND CREDIT

MANAGEMENT INC, ENCORE CAPITAL GROUP  INC., SPRECHMAN & ASSOCIATES

P.A., STEVEN B. SPRECHMAN, SCOTT E MODLIN, AND LINDA E. SINGER

196

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

197

Plaintiff is a consumer within the meaning of §559.55(2).

198

Defendant(s) is a debt collectors within the meaning of §559.55(6).

199

Defendant(s) violated the FCCPA. Defendant(s) violations include, but are not limited to, the

following:

  a.  Disclose to a person other than the debtor or her or his family information affecting

      the debtor's reputation, whether or not for credit worthiness, with knowledge or

      reason to know that the other person does not have a legitimate business need for the

      information or that the information is false.  Fla. Stat. §559.72(5)

  b.  Disclose information concerning the existence of a debt known to be reasonably

      disputed by the debtor without disclosing that fact. If a disclosure is made before such

      dispute has been asserted and written notice is received from the debtor that any part

      of the debt is disputed, and if such dispute is reasonable, the person who made the

      original disclosure must reveal upon the request of the debtor within 30 days the

details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days.  Fla. Stat. §559.72(6)

c.   Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.  Fla. Stat. §559.72(7)

d.   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.  Fla. Stat. §559.72(9)

e.   Use a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not.  Fla. Stat.  §559.72(10)

200

**WHEREFORE**, Plaintiff demands judgment for damages against each and every Defendant: MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT INC, ENCORE CAPITAL GROUP  INC., SPRECHMAN & ASSOCIATES P.A., STEVEN B. SPRECHMAN, SCOTT E MODLIN, and LINDA E. SINGER for actual damages, statutory damages of $1,000.00, punitive damages, equitable relief as the court deems necessary or proper, and attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

## <u>DEMAND FOR TRIAL BY JURY</u>

201

Plaintiff is entitled to and hereby respectfully demands a trial by jury of all issues so triable as a matter of law.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

202

WHEREFORE, the Defendant(s) have violated the Fair Debt Collection Practices Act, The Fair

Credit Reporting Act, the Florida Consumer Collection Practices Act, and Florida Deceptive and

Unfair Trade Practices Act; and, Plaintiff prays that judgment favorable to Plaintiff be entered

against the Defendant(s) in this action. Plaintiff further requests the court to forward a copy of

the transcript of these proceedings to the Florida Bar Association for further investigation.

Dated:  October 11, 2012

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

Service to:

**MIDLAND FUNDING LLC,**

3111 Camino Del Rio North, Ste 1300

San Diego, CA 92108

*Through Registered agent*

Corporation Service Company

1201 Hays Street

Tallahassee, FL 32301-2525

-

**MIDLAND CREDIT MANAGEMENT INC,**

3111 Camino Del Rio North, Ste 1300

San Diego, CA 92108

  *Through Registered agent*

Corporation Service Company

1201 Hays Street

Tallahassee, FL 32301-2525

-

**ENCORE CAPITAL GROUP  INC.,**

3111 Camino Del Rio North, Ste 1300

San Diego, CA 92108

  *Through Registered agent*

Corporation Service Company

d/b/a/  CSC - Lawyers Incorporating Service

2710 Gateway Oaks Dr. Ste. 150N

Sacramento, CA 95833

-

**SPRECHMAN & ASSOCIATES P.A.,**

2775 Sunny Isles Blvd., Suite 100

North Miami Beach FL 33160

-

**STEVEN B. SPRECHMAN**

2775 Sunny Isles Blvd., Suite 100

North Miami Beach FL 33160

-

**SCOTT E MODLIN**

2775 Sunny Isles Blvd., Suite 100

North Miami Beach FL 33160

-

**LINDA E. SINGER**

2775 Sunny Isles Blvd., Suite 100

North Miami Beach FL 33160