# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO. 9:12-cv-80675-WJZ

John Pinson

    Plaintiff.

vs

MIDLAND FUNDING LLC, et al.

    Defendants/



## PLAINTIFF'S NOTICE AND MEMORANDUM IN SUPPORT TO THE COURT
## AS REQUIRED PURSUANT TO USC TITLE 18 SECTION 4

Plaintiff, John Pinson, respectfully submits the following Notice and Memorandum of Law to this Honorable Court, pursuant to 18 U.S.C. § 4.

Moving Party's Undisputed Material Facts and Supporting Evidence:

1.

Plaintiff is a Consumer protected by the law under the Fair Credit Reporting Act 15 USC § 1681, et seq.

2.

Plaintiff is required under 18 U.S.C. § 4., to report to the nearest Judge as soon as possible upon discovery of the commission of a crime. "Whoever, having knowledge of the actual commission of a felony cognizable by the courts of the United States, conceals and does not as soon as

possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $5000 or imprisoned not more than three years, or both."

3.

Defendant is a Credit Lender/Information Provider and as such governed under the law by The Fair Credit Reporting Act 15 U.S.C. § 1681, et seq. Plaintiff initiated the action on June 22nd., 2012, in the United States District Court, Southern District of Florida, West Palm Beach Division as indicated in the above case number.
(Case No.: 9:12-cv-80675-WJZ)

4.

Plaintiff obtained a copy of his credit report and noticed the Defendant on or about September, 2009, had been in his credit report. (See "Plaintiff's Exhibit 035"). Plaintiff never gave permission for the Defendant to pull Plaintiff's credit report nor did Defendant have any permissible purpose to obtain Plaintiff's private financial information. Defendant obtained Plaintiff's credit report under false pretenses in anticipation of litigation

Therefore, Defendant has broken the law by obtaining Plaintiffs information under false pretenses [15 U.S.C. § 1681q] which is fineable under title 18, United States Code, and subject to fine or imprisonment for not more than 2 years, or both. This may rise to the level of a felony under the United States Laws.

5.

Plaintiff obtained a copy of his credit report and noticed the Defendant on or about February, 2011, had been in his credit report. (See "Plaintiff's Exhibit 036"). Plaintiff never gave

permission for the Defendant to pull Plaintiff's credit report nor did Defendant have any permissible purpose to obtain Plaintiff's private financial information. Defendant obtained Plaintiff's credit report under false pretenses in anticipation of litigation.

6.

Additionally, Defendant has also broken the law repeatedly by pulling Plaintiffs credit report under false pretenses no less than three (3) times during litigation (See "Plaintiff's Exhibit 037, 038, 039"). The following case law supports the illegality of Defendant's action:

> Rice v. Montgomery Ward & Co., Inc. 450 F. Supp. 688,670-72 (M.D. N.C. 1978) (Defendant violates FCRA if it obtains a consumer report on Plaintiff after Plaintiff institutes an action against defendant. Such an inquiry is impermissible.);

> Bils v. Nixon, Hargrave, Devans & Doyle, 880 P.2d 743 (Ariz. App. 1994) (improper to get report to discover information which might be used in ligation);

> Duncan v. Handmaker, 149 F.3d 424,426-28 (6th Cir. 1998) (no legitimate business needs to obtain report to prepare for litigation);

> Bakker v. Mckinnon, 152 F.3d 1007, 1011-12 (8th Cir. 1998) (same);

> Auriemma v. Montgomery, 860 f.2d 273,279,280-281 (7th Cir. 1998) (extra-judicial investigation by attorneys improper; no privilege);

Mone v. Dranow, 945 F.2d 306,308 (9th Cir. 1991) (obtaining credit report to investigate for purposes of litigation improper);

Boothe v. TRW Credit Data, 557 F. Supp. 66,70-71 (S.D.N.Y. 1982);

Rylewicz v. Beaton Services, Ltd., 698 F. Supp .. 1391, 1400 n. 10 (N.D. Ill. 1988), aff'd 888F.2d 1175, 1181 (7th Cir. 1989);

Houghton v. N.J. Maunfacturer's Ins. Co., 795 F.2d 1144, 1149 (3d Cir. 1986) (obtaining report after litigation for use in litigation improper).

7.

Defendant continues to violate Plaintiff's civil rights under the Fair Debt Collection Practices Act and Fair Credit Reporting Act as outlined in the original Complaint and now has added further damage to Plaintiff by obtaining Plaintiff's credit report with false pretenses and during litigation no less than three (3) times.

8.

The federal Fair Credit Reporting Act (hereafter "FCRA") prohibits any person from using or obtaining a consumer report for other than permissible purposes. 15 U.S.C. § 1681 b(f). Any person who willfully or negligently fails to comply with any requirement of the Act with respect to any consumer is liable to that consumer for actual damages, attorneys' fees and costs. 15 U.S.C. §§ 1681n-o.

9.

Willful violations may also result in punitive damages. 15 U.S. C. § 1681n. In addition, any person who knowingly obtains a credit report under false pretenses shall be fined, imprisoned (up to 2 years) or both. 15 U.S.C. § 168lq.

10.

Though the FCRA originally imposed civil liability on "any consumer reporting agency or user of information" that fails to comply with any requirement of the Act, in 1996, Congress amended the Act's civil liability provisions to cover "any person" who willfully or negligently fails to do so. The term "person" is defined broadly to include corporations which, as we have noted, necessarily act through their agents. 15 U.S.C. § 1681a(b).

11.

Pursuant to section 168lb, in the absence of a court order, see 15 U.S.C. § 1681b(l), or written instructions from the consumer, see 15 U.S.C. § 1681b(2), or any of the grounds set forth in section 1681b(3)(A)-(E), inclusive, a consumer reporting agency may not lawfully provide any user with a consumer credit report. **"15 U.S.C. § 1681b sets forth an exclusive list of permissible purposes for which a consumer credit report may be obtained."** Zamora vs. Valley Fed. Sav. & Loan Assoc. of Grand Junction, 811 F.2d 1368, 1370 (lOthCir. 1987).

12.

An impermissible pull of a consumer credit report can be held to be willful pursuant to both FCRA §§ 1681b(f) and 1681n under that standard articulated by the Supreme Court, that is, a knowing, reckless or **indifferent disregard to the rights of the Plaintiff**. United States v. Illinois Cent. R. Co., 303 U.S. 239,243 (1938), and McLaughlin v. Richard Shoe Co., 486 U.S. 128, 133 (1987). Users of credit reports know or should know based upon their own agreement with consumer reporting agencies and under FCRA if they have a permissible purpose under

FCRA. If they do not and still engage in an impermissible pull, it shows an indifferent disregard to the rights of privacy of the subject of the credit report.

13.

Furthermore, under Zamora, 811 F.2d 1368, 1371 (10th Cir. 1987), it is clear that "actual damages" under FCRA can be comprised of non-pecuniary components, including emotional distress. It is also clear that an unauthorized pull of an individual's credit report by a user can negatively affect any scoring associated with that individual's credit, particularly in the short term.

14.

Likewise, Punitive Damages within the range of three times actual damages are within the constitutional limits recently discussed by the U.S. Supreme Court. FCRA is believed to be the first major federal privacy act. "Congress enacted the FCRA in 1970 to promote efficiency in the Nation's banking system and to protect consumer privacy. See 15 U.S.C. § 1681(a) (1994. ed.)." TRW, Inc., vs. Andrews, 534 U.S. 19, 23 (2001). Since that time, particularly in recent years, there has been an explosion of privacy legislation enacted. One large reason for the exploding privacy legislation is the ever increasing availability of private information in electronic form.

Respectfully Submitted

John Pinson, pro se
526 Westwood Road
West Palm Beach, Florida 33401
Tel. 561-329-2524
john@pinson.com

## CERTIFICATE OF SERVICE

The true and correct copy of the foregoing document is being served upon the below named parties via first class U.S. mail.

Signed November 20, 2012

_____
John Pinson

**R. F. Springfield, Esq.**
Burr & Forman, LLP
200 S. Orange Ave., Ste. 800
Orlando, FL 32801

*Counsel of Record for the Defendants:*
Midland Funding LLC.
3111 Camino Del Rio North, Ste. 1300
San Diego, CA 92108

Midland Credit Management Inc.
3111 Camino Del Rio North, Ste. 1300
San Diego, CA 92108

Encore Capital Group Inc.
3111 Camino Del Rio North, Ste. 1300
San Diego, CA 92108

**C.J. McHale, Jr., Esq.**
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, Florida 33609

*Counsel of Record for the Defendants:*
Sprechman & Associates, P.A.
2775 Sunny Isles Blvd., Suite 100
North Miami Beach FL 33160

Steven B. Sprechman
2775 Sunny Isles Blvd., Suite 100
North Miami Beach FL 33160

Scott E. Modlin
2775 Sunny Isles Blvd., Suite 100
North Miami Beach FL 33160

Linda E. Singer
2775 Sunny Isles Blvd., Suite 100
North Miami Beach FL 33160