IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.:  9:12-cv-80675

JOHN PINSON,

      Plaintiff,

vs.

MIDLAND FUNDING, LLC
MIDLAND CREDIT MANAGEMENT, INC.,
ENCORE CAPITAL GROUP, INC.,
SPRECHMAN & ASSOCIATES P.A.
STEVEN B. SPRECHMAN
SCOTT E. MODLIN
LINDA E. SINGER

      Defendant.

_____/

## DEFENDANTS' MOTION TO DECLARE JOHN PINSON A VEXATIOUS LITIGANT AND FOR ORDER TO POST BOND AND MEMORANDUM OF LAW

COMES NOW, Defendants, SPRECHMAN & ASSOCIATES P.A., STEVEN B. SPRECHMAN, SCOTT E. MODLIN and LINDA E. SINGER (collectively "Defendants") and file this Motion to Declare John Pinson a Vexatious Litigant and for Order to Post Bond and states:

1.  The instant lawsuit filed by *pro se* Plaintiff has the same theme as numerous other lawsuits he has filed against numerous other defendants regarding collection of debts owe by Plaintiff.  Each suit involves allegations that the defendants impermissibly pulled Plaintiff's credit reports.

2.  A review of the Court dockets of the prior suits filed by *pro se* Plaintiff reveals a pattern of vexatious litigation designed to extort money from entities and persons, like these Defendants, through expensive litigation.

3.  The following is a list of cases that *pro se* Plaintiff has filed in this Court and cases that have been removed by defendants to this Court:

    a.  *Pinson v. Collecto Inc.*, case no.: 9:12-cv-80407-KLR

    b.  *Pinson v. United Recovery Systems, LP*, case no.: 9:12-cv-80792-KAM

    c.  *Pinson v. Zwicker & Associates, P.C.*, case no.: 9:13-cv-80267-JIC

    d.  *Pinson v. Monarch Recovery Management Inc.*, case no.: 9:12-cv-80480-KAM

    e.  *Pinson v. Midland Funding LLC*, case no.: 9-12-cv-80675-WJZ

    f.  *Pinson v. Wagner & Hunt P.A.,*  case no.: 9-12-cv-81158-KAM

    g.  *Pinson v. JP Morgan Chase Bank,* case no.: 9:13-cv-80720-KAM

    h.  *Pinson v. Capital Management Services*, case no.: 9:12-cv-80732-KLR

4.  Moreover, *pro se* Plaintiff has filed the following cases in state court for the County Court of Palm Beach County:

    a.  *Pinson v. Protocol Recovery*, case no.:  *502012SC005532XXXXMB*

    b.  *Pinson v. Northland Group, Inc*., case no.: *502012SC005011XXXXMB*

    c.  *Pinson v. Cavalry*, case no.: *502012SC005120XXXXMB*

    d.  *Pinson v. Nationwide Credit*, case no.: *502012SC005784XXXXMB*

5.  Moreover, in at least four (4) cases before this Court, summary judgment was granted in Defendants favor against *pro se* Plaintiff.  The following is a list of known cases in which Summary Judgment had been granted to the defendant:

    a.  *Pinson v. Monarch Recovery Management, In*c., case no.: 9:12-cv-80480-KAM

    b.  *Pinson v. Capital Management Services, LP*, case no.: 9:12-cv-80732-KLR

    c.  *Pinson v. Collecto, Inc*., case no.: 9:12-cv-80407-KLR

    d.  *Pinson v. United Recovery Systems, LP*, case no.: 9:12-cv-80792-KAM

6. Further, in at least two (2) cases, *Pinson v. Capital Management Services* and *Pinson v. United Recovery Systems*, the Court issued judgment against *pro se* Plaintiff and included an amount for costs in the judgment against *pro se* Plaintiff.  *See,* Exhibits 1 and 2.

7. To date, *pro se* Plaintiff **has failed to satisfy those two costs judgments against him**. Yet, Plaintiff continues to file lawsuits and continues to pursue cases against a myriad of defendants.

8. In the instant matter, *pro se* Plaintiff filed an Amended Complaint alleging that Defendants violated the Florida Consumer Collection Practices Act, the Fair Debt Collection Practices Act ("FDCPA"), and committed the common law tort of invasion of privacy.

9. Every allegation made against the Defendants relates solely to litigation activity relative to a collection action filed against Plaintiff.

10. The allegations plead against the instant Defendants are baseless.

11. The likelihood that *pro se* Plaintiff will prevail in the instant litigation is tenuous at best as: 1) Plaintiff's FCCPA and invasion of privacy claims are barred by the defense of litigation immunity and 2) *pro se* Plaintiff's FDCPA claims are either premised upon a misunderstanding of or misapplication of the law.

12. "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir.1989). Under the power of 28 U.S.C. § 1651(a)(1988), enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take. *Id.; see also, In re Oliver,* 682 F.2d 443, 445 (3d Cir.1982)(scope of All Writs Act includes district court's

issuance of order restricting meritless cases); *In re Hartford Textile Corp.,* 681 F.2d 895, 897 (2d Cir.1982) (§1651(a) empowers court to give injunctive relief against vexatious litigant), *cert. denied* 459 U.S. 1206, 103 S.Ct. 1195, 75 L.Ed.2d 439 (1983); *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)(same).

13. Federal courts have the inherent authority to require a party to post security for costs. There is no specific provision in the Rules relating to security for costs; however, courts have inherent power to require a plaintiff to post security for costs. *In re Merrill Lynch Relocation Management, Inc.,* 812 F.2d 1116, 1121 (9th Cir.1987); *Simulnet E. Associates v. Ramada Hotel Operating Co*., 37 F.3d 573, 574 (9th Cir. 1994).  Even in the absence of a specific rule, a district court has inherent power to require security for costs when warranted by the circumstances of the case.  *See, Ehm v. Amtrak Bd. of Directors*, 780 F.2d 516, 517 (5th Cir. 1986).

14. In deciding whether or not to restrict a plaintiff's access to the courts, "[u]ltimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir v. United States Lines, Inc.,* 792 F.2d 19, 23 (2nd Cir.1986).  The Court should look to five factors:

> the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Molski v. Mandarin Touch Rest*., 347 F. Supp. 2d 860, 863-64 (C.D. Cal. 2004) <u>aff'd in part, dismissed in part sub nom.</u> *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007)

15. Based upon *pro se* Plaintiff's litigation history, the fact that summary judgment has been entered against him on at least four (4) occasions by different Judges in this Court, the fact that *pro se* Plaintiff has failed to satisfy two cost judgments entered against him, and the fact that *pro se* Plaintiff's claims against the instant Defendants are unlikely to succeed, Defendants requests that this Court deem *pro se* Plaintiff a vexatious litigant and require him to post a bond as this Court deems fit, prior to continuing the instant litigation.

16. **Pursuant to Local Rule 7.1(a)(3)**, counsel has attempted in good faith to resolve this issue prior to filing the instant Motion and seeking court intervention, however Plaintiff opposes the instant Motion.

WHEREFORE, Defendants respectfully requests this Court entered an Order deeming *pro se* Plaintiff John Pinson a vexatious litigant and requiring him to post a bond in amount this Court deems fit, prior to continuing the instant litigation.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished U.S. Mail to John Pinson, Pro Se, 526 Westwood Road, West Palm Beach, FL 33401 on this 12th day of  September, 2013.

**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida  33609
Telephone:  (813) 251-5500
Facsimile:   (813) 251-3675
E-mail: cmchale@gsgfirm.com

By: /s/ Charles J. McHale
Charles J. McHale, Esquire
Florida Bar No.:  0026555
*Attorneys for Defendant*