IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.:  9:12-cv-80675

JOHN PINSON,

    Plaintiff,

vs.

MIDLAND FUNDING, LLC
MIDLAND CREDIT MANAGEMENT, INC.,
ENCORE CAPITAL GROUP, INC.,
SPRECHMAN & ASSOCIATES P.A.
STEVEN B. SPRECHMAN
SCOTT E. MODLIN
LINDA E. SINGER

    Defendant.
_____/

### DEFENDANT'S MOTION TO CONTINUE MEDIATION AND MEMORANDUM OF LAW

COMES NOW Defendants, SPRECHMAN & ASSOCIATES P.A., STEVEN B. SPRECHMAN, SCOTT E. MODLIN and LINDA E. SINGER (collectively "Defendants") by and through its undersigned attorneys, and hereby moves this Court for an Order continuing the Mediation deadline, currently set for September 16, 2013, for a period of thirty (30) days, and states the following in support thereof:

1. This case arises out of allegations that Defendants violated the Florida Consumer Protection Act ("FCCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Fair Credit Reporting Act ("FCRA") in attempting to collect an unpaid bill from Plaintiff.

2. On January 28, 2013, the parties filed their Scheduling Report with the Court.  *See* DE 43.

3. Thereafter, on March 21, 2013, this Court entered its Order for Pre-trial Conference (DE 44) and Order Referring Case to Mediation and Directing Selection of a Mediator/Date for Mediation. *See,* DE 45. The Order provided that "[t]hat Counsel for the Plaintiff, or another attorney agreed upon by all counsel of record and any unrepresented Parties, shall be responsible for scheduling the mediation conference." *Ibid.* at ¶ 2.

4. On April 15, 2013, this Court entered an Show Cause Order (DE 47) which stated as follows:

> By prior Order (DE 45), the Court directed the Parties to agree upon a mediator within fifteen (15) days from the date of said Order, March 21, 2013, and to file a Notice of Selection with the Clerk of this Court reflecting the same within five (5) days after a mediator is selected. The Order (DE 45) also directed the Parties to notify the Court of the date of mediation within 15 days of the selection of the mediator.
>
> By noon on Friday, April 19, 2013, Counsel for Plaintiff shall file a Notice with the Court in compliance with the terms and conditions of the Court's prior Order Of Referral To Mediation.

5. Thereafter, the parties agreed on a Mediator, John Salmon, and filed a Notice of Selection of a Mediator (DE 48), and Plaintiff filed his Notice of Compliance with the Court show cause order (DE 49) stating among other things that the "Parties were actively coordinating selection of place, date and time for mediation" and that "Plaintiff will timely notice the Court of selection per Order" *Ibid* ¶ 6

6. Thereafter the parties discussed the date, time and selection of place of mediation up to and including May 1, 2013.

7. On or around August 15, 2013, Plaintiff and the "Midland" Defendants filed a notice of settlement with this Court (DE 52 & 53)

8. Then on September 4, 2013, Plaintiff contacted the undersigned to attempt to schedule a date, time and location for mediation.

9. First, Defense counsel admits that he was under the belief that the deadline for mediation was November 7, 2013 pursuant to the date agreed to in the Parties' Joint Scheduling Report.

10. However, upon email from Plaintiff and review of the Court's Order of referral to mediation, the undersigned realized his mistake and noted that the deadline for mediation was September 16, 2013.

11. Upon conference with Plaintiff, the only remaining date, with the mediator Jeff Salmon, within the Court's mediation deadline was September 12, 2013.

12. Defense counsel was personally unavailable on such date due to prior work commitments and a personal commitment.

13. Defense counsel suggested to Plaintiff that the Parties' file a Motion to Extend the Deadline in which to Conduct Mediation. However, Plaintiff denied such a request.

14. Through its instant motion, Defendant seeks to have the mediation deadline extended for the following reasons:

    a. For convenience of and to accommodate the schedules of all parties involved including the mediator; and

    b. So that this Court may Rule on Defendants' Motion to Deem Plaintiff a Vexatious Litigant and Motion for Plaintiff to Post Bond;

15. Defendants would request a thirty (30) day extension in which to obtain new dates from the proposed mediator and re-schedule the mediation.

16. **Pursuant to Local Rule 7.1(a)(3)**, counsel has attempted in good faith to resolve this issue prior to filing the instant Motion and seeking court intervention, however Plaintiff opposes the instant Motion.

Wherefore Defendants, respectfully request that this Court enter an Order from this Court extending the Mediation Deadline for thirty (30) days.

Respectfully Submitted:

By: /s/ Charles J. McHale
Charles J. McHale, Esquire
Florida Bar No.: 0026555
GOLDEN SCAZ GAGAIN, PLLC
201 North Armenia Avenue
Tampa, Florida  33609
Telephone:  (813) 251-5500
Facsimile:   (813) 251-3675
E-mail: cmchale@gsgfirm.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished U.S. Mail to John Pinson, Pro Se, 526 Westwood Road, West Palm Beach, FL 33401 on this 13th day of September, 2013.

/s/ Charles J. McHale
Charles J. McHale, Esquire
Florida Bar No.: 0026555
*Attorneys for Defendant*