# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

### CASE NO. 9:12-cv-80675-WJZ

**John Pinson**

    Plaintiff,

**vs**

**MIDLAND FUNDING LLC, et al.**

    Defendants.





## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO CONTINUE MEDIATION

Comes Now Plaintiff pro se, John Pinson, and hereby files his Response to Defendant's Motion to Continue Mediation, and in support thereof states as follows:

1. On March 21, 2013, this Court entered its Order for Pre-trial Conference [DE 44] and Order Referring Case to Mediation [DE 45].

2. On April 15, 2013, this Court entered a Show Cause Order [DE 47].

3. Regarding Show Cause Order, Plaintiff had excusable neglect, as he was attending to his 85 year old mother in the hospital with an acute medical emergency, and he telephoned opposing Counsel alerting them to the same; Counsel Springfield responded promptly (Exhibit "A"), whereas Sprechman's Counsel McHale did not (Exhibit "B"). Plaintiff received McHale's last minute response (Exhibit "C").

4. On April 19, 2013, Plaintiff filed his Notice of Selection of a Mediator [DE 48], and Plaintiff filed his Notice of Compliance with the Court's show cause order [DE 49].

5.  On April 29, 2013, Plaintiff e-mailed a proposed date, to which: Springfield agreed (Exhibit "D"); McHale declined. (Exhibit "E") Plaintiff e-mailed McHale requesting his vacation dates to reschedule (Exhibit "F"). **Plaintiff received no reply from McHale.**

6.  On May 1, 2013, Plaintiff e-mailed McHale four (4) dates to choose from (Exhibit "G") and McHale replied, "I will contact my client and see if any/all of the remaining dates works for them." (Exhibit "H"). **Plaintiff received no further reply.**

7.  On May 3, 2013 Plaintiff emailed Counsel stating: "I need to notice the Court today on date/time selection; it has been 15 days since we agreed upon John Salmon as mediator." (Exhibit "I"). Springfield Promptly responded proposing a date to notice the Court with (Exhibit "J") to comply with Order for Pre-trial Conference [DE 44], Order Referring Case to Mediation [DE 45], and Show Cause Order [DE 47]. **Counsel McHale did not respond to e-mail requesting his cooperation to comply with the Court's Orders.**

8.  On May 3, 2013, Because McHale did not respond to Plaintiff's continued good faith efforts to elicit his cooperation in complying with the Orders of this Court, Plaintiff filed his Notice of Inability to Schedule Mediation [DE 51].

9.  On June 3, 2013, Plaintiff mailed a letter to McHale "requesting [McHale] to propose some dates in writing suitable for [McHale] and his client for the Court Ordered Mediation" and reminding him <u>"we need to complete mediation by September 16, 2013, to comply with the Court's Order Referring Case to Mediation [DE 45]."</u> (Exhibit "K") . **No reply was received from McHale answering Plaintiff's written request.**

10. Thereafter, Plaintiff attempted to reach McHale directly by telephone at 813-251-3688 on: June 17, 2013; July 1, 2013; July 15, 2013; July 29, 2013; August 6, 2013; August 12, 2013; August 16, 2013; August 23, 2013; August 27, 2013; and, August 30, 2013.

11. On September 3, 2013, Plaintiff e-mailed McHale again attempting to schedule mediation. (Exhibit "L") **McHale did not respond.**

12. On September 4, 2013 Plaintiff once more e-mailed McHale attempting to schedule mediation. (Exhibit "M") McHale responded he was **"awaiting a response from my client."** (Exhibit "N")

13. On September 5, 2013, Plaintiff confirmed a date and time with the mediator, and e-mailed McHale with the information. Plaintiff attempted to reach McHale by phone, and then e-mailed him again with Plaintiff stating <u>"I believe it would not be in the best interests of either of us to fail to comply with the Court's order of referral to mediation"</u>. (Exhibit "O")

14. On September 6, 2013, Plaintiff again attempted to reach McHale by <u>phone</u>, and then again by <u>e-mailed</u> to McHale. (Exhibit "P") Having no response Plaintiff <u>faxed</u> McHale twice to elicit a response. (Exhibit "Q") Eventually McHale replied **"I am awaiting a response from my client".** (Exhibit "R")

15. On September 9, 2013, Plaintiff once again attempted to reach McHale by phone. Plaintiff then again e-mailed McHale and stated in part: <u>"your client has never responded regarding mediation dates."</u> (Exhibit "S")

16. McHale responded with a lengthy e-mail stating "The mediation cut-off is not until November 7, 2013. As such, **my client would like mediation date are close to the cut-off date as possible."** Further McHale threatened, "we will file a Motion for Summary Judgment this week and we will serve you with a Rule 11 Motion." (Exhibit "T")

17. On September 11, 2013, Plaintiff e-mailed McHale pointing out the Mediation cut-off date on the Court's Order, stating <u>"It is imperative that this is addressed NOW!!! I have been pursuing you for a mediation date since April, 2013!"</u> (Exhibit "U")

18. McHale responded in e-mail admitting he was looking at the Scheduling Report and not the Court's Orders, and "advise that we file a motion for extension of time to conduct mediation until mid-October. (Exhibit "V")

19. Plaintiff replied stating <u>"I have made continuous efforts to comply with the Court's Order since April, and you have steadfastly refused to cooperate in any manner"</u>, and, "You need to make arrangements to comply with the order NOW, rather than at sometime in the future that you seek to push it out to", and, <u>"I believe the Court will take a rather dim view of your activities in delaying the Court Ordered mediation should all the evidence of such be placed before it."</u> (Exhibit "W")

20. McHale replied "I simply cannot attend mediation this week", "I will be filing a motion to extend time for mediation and will note your objection to the Court." (Exhibit "X")

21. On September 12, 2013, McHale sent Plaintiff an e-mail that his "clients intend to file a Motion to Deem ... a vexatious litigator". (Exhibit "Y")

22. Plaintiff responded <u>"The issue has been and remains Mediation; to attempt and settle this matter as **Ordered by the Court."**</u> (Exhibit "Z")

## Conclusion

23. Plaintiff has demonstrated his continuous effort to elicit McHale's cooperation to comply with the Court's Orders, and demonstrated McHale's lack of cooperation.

24. McHale's excusable neglect assertion fails because Plaintiff notified him in writing on June 3, 2013, of the Court Ordered Mediation cut-off date of September 16, 2013.

25. McHale has exhibited dilatory tactics toward mediation, which Plaintiff has shown.

26. The court referred this case to mediation per L.R. 16.2(d).

27. L.R. 16.1(b)(6) states "the parties are required to comply with any pretrial orders by the Court and the requirements of this Local Rule including, but not limited to, orders setting pretrial conferences and establishing deadlines".

28. L.R. 16.1(l) provides a "Penalty for Failure to Comply. Failure to comply with the requirements of this Local Rule will subject the party or counsel to appropriate penalties, including but not limited to … the striking of defenses and entry of judgment."

29. <u>Plaintiff requested and received full cooperation from Counsel Springfield</u>, which enabled the Midland defendants and Plaintiff to reach a resolution in this matter, <u>in stark contrast to the aforementioned uncooperative actions of Counsel McHale.</u>

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to issue an order denying Defendant's Motion to Continue Mediation, and take any action it deems necessary and appropriate to address Counsel McHale's obvious refusal to cooperate regarding mediation.

Dated: September 16, 2013

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

## <u>CERTIFICATE OF SERVICE</u>

The true and correct copy of the foregoing document is being served upon the below named parties via first class U.S. mail.

Signed September 16, 2013

John Pinson

### Service List

**C.J. McHale, Jr., Esq.**
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, Florida 33609

<u>*Counsel of Record for the Defendants:*</u>
Sprechman & Associates, P.A.
Steven B. Sprechman
Scott E. Modlin
Linda E. Singer

# "Exhibit A"



## John D Pinson

**From:**      John D Pinson <john@pinson.com>
**Sent:**      Thursday, April 18, 2013 1:27 PM
**To:**        'Springfield, Frank'
**Subject:**   RE: Pinson v. Midland et al.

Frank,

Can you call me on my cell 561-329-2524.  I have been dealing with a family medical emergence for a month now.

John

**From:** Springfield, Frank [mailto:fspringfield@burr.com]
**Sent:** Monday, April 15, 2013 3:23 PM
**To:** 'John D Pinson'
**Cc:** 'Dale Golden'; 'Charles McHale'
**Subject:** Pinson v. Midland et al.

John,

Midland is agreeable to using John Salmon as a mediator in this case.  If this is not agreeable, please let me know.

 **BURR • FORMAN** LLP
*results matter*

**R. Frank Springfield • *Partner***

**Birmingham Office • map it**
Suite 3400 • 420 North 20th Street • Birmingham, Alabama 35203

direct 205-458-5187 • fax 205-244-5707 • main 205-251-3000

**Orlando Office • map it**
Suite 800 • 200 South Orange Avenue • Orlando, Florida 32801

direct 407-540-6685 • fax 407-641-9268 • main 407-540-6600

fspringfield@burr.com • www.burr.com

 vCard    bio    locations

ALABAMA • FLORIDA • GEORGIA • MISSISSIPPI • TENNESSEE

The information contained in this email is intended for the individual or entity above. If you are not the intended recipient, please do not read, copy, use, forward or disclose this communication to others; also, please notify the sender by replying to this message, and then delete this message from your system. Thank you.

Circular 230 Notice - Regulations adopted by the Internal Revenue Service require us to inform you that any federal tax advice contained in this communication (including attachments) (I) is not intended or written by Burr & Forman LLP to be used, and cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer, and (II) is not written to support the promotion or marketing of any transaction(s) or matter(s) addressed in this communication.



# "Exhibit B"

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Thursday, April 18, 2013 1:59 PM |
| **To:** | 'Springfield, Frank' |
| **Cc:** | 'Dale Golden'; 'Charles McHale' |
| **Subject:** | RE: Pinson v. Midland et al. |
| **Importance:** | High |

Frank,

Thank you for your call.  I am glad we can agree on the mediator.  I have had no reply from Mr. McHale and understand you have not either.

John

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Thursday, April 18, 2013 1:30 PM
**To:** 'Springfield, Frank'
**Cc:** 'Dale Golden'; 'Charles McHale'
**Subject:** RE: Pinson v. Midland et al.
**Importance:** High

Frank,

John Salmon is fine.  Thanks!

John

**From:** Springfield, Frank [mailto:fspringfield@burr.com]
**Sent:** Monday, April 15, 2013 3:23 PM
**To:** 'John D Pinson'
**Cc:** 'Dale Golden'; 'Charles McHale'
**Subject:** Pinson v. Midland et al.

John,

Midland is agreeable to using John Salmon as a mediator in this case.  If this is not agreeable, please let me know.

**BURR ∴ FORMAN** LLP
*results matter*

R. Frank Springfield • *Partner*

**Birmingham Office** • <u>map it</u>
Suite 3400 • 420 North 20th Street • Birmingham, Alabama 35203

direct 205-458-5187 • fax 205-244-5707 • main 205-251-3000

**Orlando Office** • <u>map it</u>
Suite 800 • 200 South Orange Avenue • Orlando, Florida 32801

direct 407-540-6685 • fax 407-641-9268 • main 407-540-6600

# "Exhibit C"

**John D Pinson**

| | |
|---|---|
| **From:** | Charles McHale <CMcHale@gsgfirm.com> |
| **Sent:** | Thursday, April 18, 2013 4:12 PM |
| **To:** | John D Pinson |
| **Cc:** | Golden Dale; 'Springfield, Frank' |
| **Subject:** | Re: Pinson v. Midland et al. |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

No opposition to john salmon.

*Charles J. McHale, Esq.*
*GOLDEN SCAZ GAGAIN, PLLC*
*P: 813-251-3688*
*F: 813-251-3675*

*Sent from my Verizon Wireless 4G LTE DROID*

John D Pinson <john@pinson.com> wrote:

Mr. McHale,


I have called your office several times and left detailed voice mail.


Please let us know if you are opposed to John Salmon as mediator.  Mr. Salmon has Ample time available for this matter on several dates throughout the month prior to our cut off for mediation, or even earlier.


Please, we need a reply of some sort.  Mr. Springfield had e-mailed you on April 15, 2013 about this matter.


Thanks!


John



# "Exhibit D"



John Pinson v. Midland Fulding LLC, et al. - CASE NO. 9:12-cv-80675-WJZ

**John D Pinson**

**From:** Springfield, Frank <fspringfield@burr.com>
**Sent:** Monday, April 29, 2013 12:37 PM
**To:** 'John D Pinson'; 'Charles McHale'
**Subject:** RE: Pinson v. Midland, et al

That date works for me.  Let me check with my client.



### R. Frank Springfield • *Partner*

**Birmingham Office • map it**
Suite 3400 • 420 North 20th Street • Birmingham, Alabama 35203

direct 205-458-5187 • fax 205-244-5707 • main 205-251-3000

**Orlando Office • map it**
Suite 800 • 200 South Orange Avenue • Orlando, Florida 32801

direct 407-540-6685 • fax 407-641-9268 • main 407-540-6600

fspringfield@burr.com • www.burr.com

 

ALABAMA • FLORIDA • GEORGIA • MISSISSIPPI • TENNESSEE

The information contained in this email is intended for the individual or entity above. If you are not the intended recipient, please do not read, copy, use, forward or disclose this communication to others; also, please notify the sender by replying to this message, and then delete this message from your system. Thank you.

Circular 230 Notice - Regulations adopted by the Internal Revenue Service require us to inform you that any federal tax advice contained in this communication (including attachments) (I) is not intended or written by Burr & Forman LLP to be used, and cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer, and (II) is not written to support the promotion or marketing of any transaction(s) or matter(s) addressed in this communication.

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Monday, April 29, 2013 11:33 AM
**To:** Springfield, Frank; Charles McHale
**Subject:** Pinson v. Midland, et al
**Importance:** High

Gentlemen,

We can mediate with John Salmon on August 5, 2013 at 2 PM at his West Palm Beach location.

Please advise!

# "Exhibit E"



**John D Pinson**

| | |
|---|---|
| **From:** | Charles McHale <CMcHale@gsgfirm.com> |
| **Sent:** | Monday, April 29, 2013 2:33 PM |
| **To:** | John D Pinson; Springfield, Frank |
| **Subject:** | RE: Pinson v. Midland, et al |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

I'm not available on August 5.  I will be out of vacation.

## PLEASE NOTE NEW FIRM NAME AND EMAIL ADDRESS

**Charles J. McHale, Esq.**
**GOLDEN SCAZ GAGAIN, PLLC**
**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:  cmchale@gsgfirm.com**

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Monday, April 29, 2013 12:33 PM
**To:** Springfield, Frank; Charles McHale
**Subject:** Pinson v. Midland, et al
**Importance:** High

Gentlemen,

We can mediate with John Salmon on August 5, 2013 at 2 PM at his West Palm Beach location.

Please advise!

Thanks!

John Pinson



# "Exhibit F"



**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Monday, April 29, 2013 2:52 PM |
| **To:** | 'Charles McHale'; 'Springfield, Frank' |
| **Subject:** | RE: Pinson v. Midland, et al |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

What are your vacation dates so we can reschedule.

Thanks!

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Monday, April 29, 2013 2:33 PM
**To:** John D Pinson; Springfield, Frank
**Subject:** RE: Pinson v. Midland, et al

I'm not available on August 5.  I will be out of vacation.

## PLEASE NOTE NEW FIRM NAME AND EMAIL ADDRESS

**Charles J. McHale, Esq.**
**GOLDEN SCAZ GAGAIN, PLLC**
**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:  cmchale@gsgfirm.com**

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Monday, April 29, 2013 12:33 PM
**To:** Springfield, Frank; Charles McHale
**Subject:** Pinson v. Midland, et al
**Importance:** High

Gentlemen,

We can mediate with John Salmon on August 5, 2013 at 2 PM at his West Palm Beach location.

Please advise!

Thanks!

John Pinson

1



# "Exhibit G"

13

## John D Pinson

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Wednesday, May 01, 2013 4:37 PM |
| **To:** | 'Charles McHale'; 'Springfield, Frank' |
| **Subject:** | RE: Pinson v. Midland, et al |
| | |
| **Importance:** | High |

Mr. Mchale,

Would any of the following dates starting at 2 pm:

Tuesday, July 23, 2012
Thursday, July 25, 2013
Monday, July 29, 2013
Tuesday, July 30, 2013

Please advise!

John

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Monday, April 29, 2013 2:52 PM
**To:** 'Charles McHale'; 'Springfield, Frank'
**Subject:** RE: Pinson v. Midland, et al

What are your vacation dates so we can reschedule.

Thanks!

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Monday, April 29, 2013 2:33 PM
**To:** John D Pinson; Springfield, Frank
**Subject:** RE: Pinson v. Midland, et al

I'm not available on August 5.  I will be out of vacation.

## PLEASE NOTE NEW FIRM NAME AND EMAIL ADDRESS

## Charles J. McHale, Esq.
## GOLDEN SCAZ GAGAIN, PLLC
## (813) 251-3688 (direct line)
## (813) 251-3675 (fax)
## Email:  cmchale@gsgfirm.com

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Monday, April 29, 2013 12:33 PM

1

# "Exhibit H"



**John D Pinson**

| | |
|---|---|
| **From:** | Charles McHale <CMcHale@gsgfirm.com> |
| **Sent:** | Wednesday, May 01, 2013 7:17 PM |
| **To:** | John D Pinson; Springfield, Frank |
| **Subject:** | RE: Pinson v. Midland, et al |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Tuesday, July 23 does not work for me.  I will contact my client and see if any/all of the remaining dates works for them.

## PLEASE NOTE NEW FIRM NAME AND EMAIL ADDRESS

**Charles J. McHale, Esq.**
**GOLDEN SCAZ GAGAIN, PLLC**
**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:  cmchale@gsgfirm.com**

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, May 01, 2013 4:37 PM
**To:** Charles McHale; 'Springfield, Frank'
**Subject:** RE: Pinson v. Midland, et al
**Importance:** High

Mr. Mchale,

Would any of the following dates starting at 2 pm:

Tuesday, July 23, 2012
Thursday, July 25, 2013
Monday, July 29, 2013
Tuesday, July 30, 2013

Please advise!

John

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Monday, April 29, 2013 2:52 PM
**To:** 'Charles McHale'; 'Springfield, Frank'
**Subject:** RE: Pinson v. Midland, et al

What are your vacation dates so we can reschedule.

Thanks!

# "Exhibit I"

17

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Friday, May 03, 2013 1:31 PM |
| **To:** | 'Charles McHale'; 'Springfield, Frank' |
| **Subject:** | RE: Pinson v. Midland, et al |
| | |
| **Importance:** | High |

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | 'Charles McHale' | Read: 5/3/2013 6:47 PM |
| | 'Springfield, Frank' | |
| | John D Pinson (john@pinson.com) | |

Gentlemen,

As of now, I have received no updates from either you regarding the availability of your clients for the court ordered mediation per DE-45.

I need to notice the Court today on date/time selection; it has been 15 days since we agreed upon John Salmon as mediator.

Please advise!

John

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, May 01, 2013 7:26 PM
**To:** 'Charles McHale'; 'Springfield, Frank'
**Subject:** RE: Pinson v. Midland, et al
**Importance:** High

Frank,

Will any of the remaining dates work for you?

Thursday, July 25, 2013
Monday, July 29, 2013
Tuesday, July 30, 2013

John

---

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Wednesday, May 01, 2013 7:17 PM
**To:** John D Pinson; Springfield, Frank
**Subject:** RE: Pinson v. Midland, et al

Tuesday, July 23 does not work for me.  I will contact my client and see if any/all of the remaining dates works for them.

1

# "Exhibit J"

19

**John D Pinson**

| | |
|---|---|
| **From:** | Springfield, Frank <fspringfield@burr.com> |
| **Sent:** | Friday, May 03, 2013 1:49 PM |
| **To:** | 'John D Pinson'; 'Charles McHale' |
| **Subject:** | RE: Pinson v. Midland, et al |

John,

As indicated by your email below, I only received the below dates from you after the close of business on May 1st. I was unable to reach my client contact yesterday, so it is going to take me more than 24 hours to get you a response. I can tell you, however, that I am available on July 30th and I am not available on the other days. I am fine with you noticing the mediation for 7/30, so long as we have an agreement and understanding that it may need to be moved a day or two once I hear from my client.



R. Frank Springfield • *Partner*

**Birmingham Office** • **map it**

Suite 3400 • 420 North 20th Street • Birmingham, Alabama 35203

direct 205-458-5187 • fax 205-244-5707 • main 205-251-3000

**Orlando Office** • **map it**

Suite 800 • 200 South Orange Avenue • Orlando, Florida 32801

direct 407-540-6685 • fax 407-641-9268 • main 407-540-6600

fspringfield@burr.com • www.burr.com



ALABAMA • FLORIDA • GEORGIA • MISSISSIPPI • TENNESSEE

The information contained in this email is intended for the individual or entity above. If you are not the intended recipient, please do not read, copy, use, forward or disclose this communication to others; also, please notify the sender by replying to this message, and then delete this message from your system. Thank you.

Circular 230 Notice - Regulations adopted by the Internal Revenue Service require us to inform you that any federal tax advice contained in this communication (including attachments) (I) is not intended or written by Burr & Forman LLP to be used, and cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer, and (II) is not written to support the promotion or marketing of any transaction(s) or matter(s) addressed in this communication.

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Friday, May 03, 2013 12:31 PM
**To:** 'Charles McHale'; Springfield, Frank
**Subject:** RE: Pinson v. Midland, et al
**Importance:** High

Gentlemen,

As of now, I have received no updates from either you regarding the availability of your clients for the court ordered mediation per DE-45.

I need to notice the Court today on date/time selection; it has been 15 days since we agreed upon John Salmon as mediator.

Please advise!

John

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, May 01, 2013 7:26 PM
**To:** 'Charles McHale'; 'Springfield, Frank'
**Subject:** RE: Pinson v. Midland, et al
**Importance:** High

Frank,

Will any of the remaining dates work for you?

Thursday, July 25, 2013
Monday, July 29, 2013
Tuesday, July 30, 2013

John

---

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Wednesday, May 01, 2013 7:17 PM
**To:** John D Pinson; Springfield, Frank
**Subject:** RE: Pinson v. Midland, et al

Tuesday, July 23 does not work for me.  I will contact my client and see if any/all of the remaining dates works for them.

PLEASE NOTE NEW FIRM NAME AND EMAIL ADDRESS

Charles J. McHale, Esq.
GOLDEN SCAZ GAGAIN, PLLC
(813) 251-3688 (direct line)
(813) 251-3675 (fax)
Email:  cmchale@gsgfirm.com

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, May 01, 2013 4:37 PM
**To:** Charles McHale; 'Springfield, Frank'
**Subject:** RE: Pinson v. Midland, et al
**Importance:** High

Mr. Mchale,

Would any of the following dates starting at 2 pm:

2

# "Exhibit K"

**John Pinson**
526 Westwood Road
West Palm Beach, Florida 33401

**_Via U.S. First Class Mail_**

June 3, 2013

C.J. McHale, Jr.
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, Florida 33609

    **Re:**    Pinson v. Midland Funding LLC, et al
           Case No.: 9:12-cv-80675-WJZ

Dear Mr. McHale:

    Regarding the above captioned, last month I attempted to get a mediation date scheduled, via e-mail and phone, so as to be in compliance with the Court's Orders.

    On May 3, 2013 Mr. Springfield offered, by e-mail, one of the dates that I had proposed, that date being July 30. You did not reply to his proposal and I was constrained to file a Notice of Inability to Schedule Mediation [DE 44] with the Court.

    Since Mr. Springfield and I have both shown flexibility on scheduling dates, I am writing to you directly requesting <u>you</u> to propose some dates in writing suitable for you and your client for the Court Ordered Mediation.

    It is my understanding that we need to complete mediation by September 16, 2013, to comply with the Court's Order Referring Case to Mediation [DE 45].

    Thanking you in advance for your prompt attention, I am

                      Yours Sincerely,

                      John Pinson

JP:dt

23

# "Exhibit L"

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Tuesday, September 03, 2013 9:31 PM |
| **To:** | 'Charles McHale' |
| **Subject:** | RE: Pinson v. Midland, et al |

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | 'Charles McHale' | Read: 9/3/2013 9:32 PM |
| | John D Pinson (john@pinson.com) | |

I have had no response from you and have been unable to reach you by telephone.

Will September 12 or 13th, 2013 work?

John

---

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Wednesday, May 01, 2013 7:17 PM
**To:** John D Pinson; Springfield, Frank
**Subject:** RE: Pinson v. Midland, et al

Tuesday, July 23 does not work for me.  I will contact my client and see if any/all of the remaining dates works for them.

## PLEASE NOTE NEW FIRM NAME AND EMAIL ADDRESS

## Charles J. McHale, Esq.
## GOLDEN SCAZ GAGAIN, PLLC
## (813) 251-3688 (direct line)
## (813) 251-3675 (fax)
## Email:  cmchale@gsgfirm.com

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, May 01, 2013 4:37 PM
**To:** Charles McHale; 'Springfield, Frank'
**Subject:** RE: Pinson v. Midland, et al
**Importance:** High

Mr. Mchale,

Would any of the following dates starting at 2 pm:

Tuesday, July 23, 2012
Thursday, July 25, 2013
Monday, July 29, 2013
Tuesday, July 30, 2013

1

# "Exhibit M"

**John D Pinson**

---

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Wednesday, September 04, 2013 5:27 PM |
| **To:** | Charles McHale (CMcHale@gsgfirm.com) |
| **Subject:** | FW: Pinson v. Midland, et al |
| | |
| **Importance:** | High |

Mr. Mchale,

I have been unable to reach you on the telephone and you have not replied to my e-mails.

Will September 12 or 13th, 2013 work? We could also do September 16?

John

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Tuesday, September 03, 2013 9:31 PM
**To:** 'Charles McHale'
**Subject:** RE: Pinson v. Midland, et al

I have had no response from you and have been unable to reach you by telephone.

Will September 12 or 13th, 2013 work?

John

---

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Wednesday, May 01, 2013 7:17 PM
**To:** John D Pinson; Springfield, Frank
**Subject:** RE: Pinson v. Midland, et al

Tuesday, July 23 does not work for me.  I will contact my client and see if any/all of the remaining dates works for them.

## PLEASE NOTE NEW FIRM NAME AND EMAIL ADDRESS

**Charles J. McHale, Esq.**
**GOLDEN SCAZ GAGAIN, PLLC**
**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:  cmchale@gsgfirm.com**

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, May 01, 2013 4:37 PM
**To:** Charles McHale; 'Springfield, Frank'

1

# "Exhibit N"

**John D Pinson**

---

| | |
|---|---|
| **From:** | Charles McHale <CMcHale@gsgfirm.com> |
| **Sent:** | Wednesday, September 04, 2013 5:48 PM |
| **To:** | John D Pinson |
| **Subject:** | RE: Pinson v. Midland, et al |

John,

I do not have a single voice mail message from you regarding this case or any other case of yours in our office.

Have these dates been cleared with the Mediator?

I am awaiting a response from my client.  Thanks

**Charles J. McHale, Esq.**



GOLDEN SCAZ GAGAIN
ATTORNEYS AT LAW

**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:  cmchale@gsgfirm.com**

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, September 04, 2013 5:27 PM
**To:** Charles McHale
**Subject:** FW: Pinson v. Midland, et al
**Importance:** High

Mr. Mchale,

I have been unable to reach you on the telephone and you have not replied to my e-mails.

Will September 12 or 13th, 2013 work? We could also do September 16?

John

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Tuesday, September 03, 2013 9:31 PM
**To:** 'Charles McHale'
**Subject:** RE: Pinson v. Midland, et al

I have had no response from you and have been unable to reach you by telephone.

Will September 12 or 13th, 2013 work?

John

1

# "Exhibit O"

# John D Pinson

**From:**        John D Pinson <john@pinson.com>
**Sent:**        Thursday, September 05, 2013 4:35 PM
**To:**          Charles McHale (CMcHale@gsgfirm.com)
**Subject:**     FW: Pinson v. Midland, et al

**Importance:**  High

Charles,

I just tried to reach you again on the phone at 4:08 with no luck! I did confirm a date and time for the mediation and sent that to you earlier today. The time is secured on hold with the mediators office.

Have you been able to reach Steve Sprechman yet? Before he engaged you, I had no problem reaching him at 305-521-8801 which he provided me. At that time we had an amicable conversation where he indicated he was the ultimate decision maker for his office and his associates, and he desired a simple settlement. At that time I had yet to hear from Midland parties and it was too early.

Now I have settled with the Midland parties. Yesterday I asked you to find out if your client be interested in discussing a reasonable settlement? Did you relay that message to him/them yet?

I would like to discuss settlement with you but have been unable to reach you at 813-251-3688. Is there an alternative number that is better to reach you at?

In review of the Judge's Order of Referral to Mediation, your clients do not have to attend the mediation if they authorize you to be able to settle. Are you available at the time and date below to attend the mediation?

In an effort to stop wasting everyone's time and money let's have a settlement discussion and see if we can eliminate any further unnecessary expenditures going forward.

I believe it would not be in the best interests of either of us to fail to comply with the Court's order of referral to Mediation, so let's get this done.

John
561-329-2524 cell
john@pinson.com

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Thursday, September 05, 2013 12:09 PM
**To:** Charles McHale
**Subject:** FW: Pinson v. Midland, et al
**Importance:** High

Charles,

John Salmon can do 3:00 PM on the 12th in Miami.

Please advise.

1

31

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, September 04, 2013 6:08 PM
**To:** 'Charles McHale'
**Subject:** RE: Pinson v. Midland, et al

Charles,

Not quite sure why you have not received messages, but thanks for responding.

I will reconfirm the exact times and locations available in the morning and will be back with you. We had previously selected WPB but maybe FtL would be more convenient for your client.

As you know I have settled with the other defendants. Would you client be interested in discussing a reasonable settlement?

John

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Wednesday, September 04, 2013 5:48 PM
**To:** John D Pinson
**Subject:** RE: Pinson v. Midland, et al

John,

I do not have a single voice mail message from you regarding this case or any other case of yours in our office.

Have these dates been cleared with the Mediator?

I am awaiting a response from my client.  Thanks

**Charles J. McHale, Esq.**



**GOLDEN SCAZ GAGAIN**
ATTORNEYS AT LAW
**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:  cmchale@gsgfirm.com**

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, September 04, 2013 5:27 PM
**To:** Charles McHale
**Subject:** FW: Pinson v. Midland, et al
**Importance:** High

Mr. Mchale,

I have been unable to reach you on the telephone and you have not replied to my e-mails.

Will September 12 or 13th, 2013 work? We could also do September 16?



# "Exhibit P"

33

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Friday, September 06, 2013 10:58 AM |
| **To:** | Charles McHale (CMcHale@gsgfirm.com) |
| **Subject:** | FW: Pinson v. Midland, et al |
| **Importance:** | High |

Charles,

I just tried you again on the phone and was unable to reach you. I have not had a response from you.

Please advise!

John

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Thursday, September 05, 2013 4:35 PM
**To:** Charles McHale
**Subject:** FW: Pinson v. Midland, et al
**Importance:** High

Charles,

I just tried to reach you again on the phone at 4:08 with no luck! I did confirm a date and time for the mediation and sent that to you earlier today. The time is secured on hold with the mediators office.

Have you been able to reach Steve Sprechman yet? Before he engaged you, I had no problem reaching him at 305-521-8801 which he provided me. At that time we had an amicable conversation where he indicated he was the ultimate decision maker for his office and his associates, and he desired a simple settlement. At that time I had yet to hear from Midland parties and it was too early.

Now I have settled with the Midland parties. Yesterday I asked you to find out if your client be interested in discussing a reasonable settlement? Did you relay that message to him/them yet?

I would like to discuss settlement with you but have been unable to reach you at 813-251-3688. Is there an alternative number that is better to reach you at?

In review of the Judge's Order of Referral to Mediation, your clients do not have to attend the mediation if they authorize you to be able to settle. Are you available at the time and date below to attend the mediation?

In an effort to stop wasting everyone's time and money let's have a settlement discussion and see if we can eliminate any further unnecessary expenditures going forward.

I believe it would not be in the best interests of either of us to fail to comply with the Court's order of referral to Mediation, so let's get this done.

John
561-329-2524 cell

34

# "Exhibit Q"

**John D Pinson**

| | |
|---|---|
| **From:** | NoReply@MyFax.com |
| **Sent:** | Friday, September 06, 2013 11:22 AM |
| **To:** | john@pinson.com |
| **Subject:** | Successful transmission to 18132513675. Re: Mediation - Pinson v. Midland et al |



Dear John Pinson,

Re: Mediation - Pinson v. Midland et al

The 6 page fax you sent through MyFax.com to 18132513675 was successfully transmitted at 2013-09-06 15:22:06 (GMT).

The length of transmission was 159 seconds

The receiving machine's fax ID:

If you need assistance, please visit our online help center at http://www.myfax.com/support/. Thank you for using the MyFax service.

myFax.com



  

**John D Pinson**

| | |
|---|---|
| **From:** | NoReply@MyFax.com |
| **Sent:** | Friday, September 06, 2013 11:34 AM |
| **To:** | john@pinson.com |
| **Subject:** | Successful transmission to 18132513675. Re: Mediation - Pinson v Midland et al |



Dear John Pinson,

Re: Mediation - Pinson v Midland et al

The 6 page fax you sent through MyFax.com to 18132513675 was successfully transmitted at 2013-09-06 15:33:51 (GMT).

The length of transmission was 159 seconds

The receiving machine's fax ID:

If you need assistance, please visit our online help center at http://www.myfax.com/support/. Thank you for using the MyFax service.

myFax.com



  

37

# FAX COVER SHEET

| TO | |
|---|---|
| **COMPANY** | |
| **FAX NUMBER** | 15612823468 |
| **FROM** | John Pinson |
| **DATE** | 2013-09-06 15:19:00 GMT |
| **RE** | Mediation - Pinson v. Midland et al |

## COVER MESSAGE

To Charles McHale

Charles,

Since I have been unable to reach you by phone or e-mail I am sending a fax of the e-mails.

Please reply!

John Pinson
561-329-2524
john@pinson.com

38

## John D Pinson

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Friday, September 06, 2013 10:58 AM |
| **To:** | Charles McHale (CMcHale@gsgfirm.com) |
| **Subject:** | FW: Pinson v. Midland, et al |
| **Importance:** | High |

Charles,

I just tried you again on the phone and was unable to reach you. I have not had a response from you.

Please advise!

John

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Thursday, September 05, 2013 4:35 PM
**To:** Charles McHale
**Subject:** FW: Pinson v. Midland, et al
**Importance:** High

Charles,

I just tried to reach you again on the phone at 4:08 with no luck! I did confirm a date and time for the mediation and sent that to you earlier today. The time is secured on hold with the mediators office.

Have you been able to reach Steve Sprechman yet? Before he engaged you, I had no problem reaching him at 305-521-8801 which he provided me. At that time we had an amicable conversation where he indicated he was the ultimate decision maker for his office and his associates, and he desired a simple settlement. At that time I had yet to hear from Midland parties and it was too early.

Now I have settled with the Midland parties. Yesterday I asked you to find out if your client be interested in discussing a reasonable settlement? Did you relay that message to him/them yet?

I would like to discuss settlement with you but have been unable to reach you at 813-251-3688. Is there an alternative number that is better to reach you at?

In review of the Judge's Order of Referral to Mediation, your clients do not have to attend the mediation if they authorize you to be able to settle. Are you available at the time and date below to attend the mediation?

In an effort to stop wasting everyone's time and money let's have a settlement discussion and see if we can eliminate any further unnecessary expenditures going forward.

I believe it would not be in the best interests of either of us to fail to comply with the Court's order of referral to Mediation, so let's get this done.

John
561-329-2524 cell

1

39

john@pinson.com

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Thursday, September 05, 2013 12:09 PM
**To:** Charles McHale
**Subject:** FW: Pinson v. Midland, et al
**Importance:** High

Charles,

John Salmon can do 3:00 PM on the 12th in Miami.

Please advise.

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, September 04, 2013 6:08 PM
**To:** 'Charles McHale'
**Subject:** RE: Pinson v. Midland, et al

Charles,

Not quite sure why you have not received messages, but thanks for responding.

I will reconfirm the exact times and locations available in the morning and will be back with you. We had previously selected WPB but maybe FtL would be more convenient for your client.

As you know I have settled with the other defendants. Would you client be interested in discussing a reasonable settlement?

John

---

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Wednesday, September 04, 2013 5:48 PM
**To:** John D Pinson
**Subject:** RE: Pinson v. Midland, et al

John,

I do not have a single voice mail message from you regarding this case or any other case of yours in our office.

Have these dates been cleared with the Mediator?

I am awaiting a response from my client.  Thanks

Charles J. McHale, Esq.



GOLDEN SCAZ GAGAIN
ATTORNEYS AT LAW
(813) 251-3688 (direct line)

2

**(813) 251-3675 (fax)**
**Email: cmchale@gsgfirm.com**

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, September 04, 2013 5:27 PM
**To:** Charles McHale
**Subject:** FW: Pinson v. Midland, et al
**Importance:** High

Mr. Mchale,

I have been unable to reach you on the telephone and you have not replied to my e-mails.

Will September 12 or 13th, 2013 work? We could also do September 16?

John

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Tuesday, September 03, 2013 9:31 PM
**To:** 'Charles McHale'
**Subject:** RE: Pinson v. Midland, et al

I have had no response from you and have been unable to reach you by telephone.

Will September 12 or 13th, 2013 work?

John

---

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Wednesday, May 01, 2013 7:17 PM
**To:** John D Pinson; Springfield, Frank
**Subject:** RE: Pinson v. Midland, et al

**Tuesday, July 23 does not work for me. I will contact my client and see if any/all of the remaining dates works for them.**

**PLEASE NOTE NEW FIRM NAME AND EMAIL ADDRESS**

**Charles J. McHale, Esq.**
**GOLDEN SCAZ GAGAIN, PLLC**
**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email: cmchale@gsgfirm.com**

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, May 01, 2013 4:37 PM
**To:** Charles McHale; 'Springfield, Frank'
**Subject:** RE: Pinson v. Midland, et al
**Importance:** High

3

Mr. Mchale,

Would any of the following dates starting at 2 pm:

Tuesday, July 23, 2012
Thursday, July 25, 2013
Monday, July 29, 2013
Tuesday, July 30, 2013

Please advise!

John

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Monday, April 29, 2013 2:52 PM
**To:** 'Charles McHale'; 'Springfield, Frank'
**Subject:** RE: Pinson v. Midland, et al

What are your vacation dates so we can reschedule.

Thanks!

---

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Monday, April 29, 2013 2:33 PM
**To:** John D Pinson; Springfield, Frank
**Subject:** RE: Pinson v. Midland, et al

I'm not available on August 5.  I will be out of vacation.

PLEASE NOTE NEW FIRM NAME AND EMAIL ADDRESS

Charles J. McHale, Esq.
GOLDEN SCAZ GAGAIN, PLLC
(813) 251-3688 (direct line)
(813) 251-3675 (fax)
Email:   cmchale@gsgfirm.com

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Monday, April 29, 2013 12:33 PM
**To:** Springfield, Frank; Charles McHale
**Subject:** Pinson v. Midland, et al
**Importance:** High

Gentlemen,

We can mediate with John Salmon on August 5, 2013 at 2 PM at his West Palm Beach location.

Please advise!

Thanks!

4

John Pinson



# "Exhibit R"

John Pinson v. Midland Fulding LLC, et al. - CASE NO. 9:12-cv-80675-WJZ



**John D Pinson**

| | |
|---|---|
| **From:** | Charles McHale <CMcHale@gsgfirm.com> |
| **Sent:** | Friday, September 06, 2013 12:48 PM |
| **To:** | John D Pinson |
| **Subject:** | RE: Pinson v. Midland, et al |

John,

I am awaiting a response from my client re: mediation and will advise you of such as soon as I receive a response.  Thanks.

**Charles J. McHale, Esq.**

 **GOLDEN SCAZ GAGAIN**
ATTORNEYS AT LAW

**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:  cmchale@gsgfirm.com**

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Friday, September 06, 2013 10:58 AM
**To:** Charles McHale
**Subject:** FW: Pinson v. Midland, et al
**Importance:** High

Charles,

I just tried you again on the phone and was unable to reach you. I have not had a response from you.

Please advise!

John

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Thursday, September 05, 2013 4:35 PM
**To:** Charles McHale
**Subject:** FW: Pinson v. Midland, et al
**Importance:** High

Charles,

I just tried to reach you again on the phone at 4:08 with no luck! I did confirm a date and time for the mediation and sent that to you earlier today. The time is secured on hold with the mediators office.

Have you been able to reach Steve Sprechman yet? Before he engaged you, I had no problem reaching him at 305-521-8801 which he provided me. At that time we had  an amicable conversation where he indicated he was the ultimate decision maker for his office and his associates, and he desired a simple settlement. At that time I had yet to hear from Midland parties and it was too early.

1

45

# "Exhibit S"



**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Monday, September 09, 2013 10:30 AM |
| **To:** | 'Charles McHale' |
| **Subject:** | RE: Pinson v. Midland, et al |
| | |
| **Importance:** | High |

Charles,

I just tried to reach you by telephone again at 10:28 AM this morning to see if you have been able to reach your client yet about the mediation or have any update. Looking back at the e-mail, your client has never responded regarding mediation dates.

John

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Friday, September 06, 2013 12:48 PM
**To:** John D Pinson
**Subject:** RE: Pinson v. Midland, et al

John,

I am awaiting a response from my client re: mediation and will advise you of such as soon as I receive a response.  Thanks.

**Charles J. McHale, Esq.**


GOLDEN SCAZ GAGAIN
ATTORNEYS AT LAW

**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:   cmchale@gsgfirm.com**

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Friday, September 06, 2013 10:58 AM
**To:** Charles McHale
**Subject:** FW: Pinson v. Midland, et al
**Importance:** High

Charles,

I just tried you again on the phone and was unable to reach you. I have not had a response from you.

Please advise!

John

47

# "Exhibit T"



**John D Pinson**

| | |
|---|---|
| **From:** | Charles McHale <CMcHale@gsgfirm.com> |
| **Sent:** | Monday, September 09, 2013 5:14 PM |
| **To:** | John D Pinson |
| **Subject:** | RE: Pinson v. Midland, et al |

Mr. Pinson,

My client is not available to mediate the case on September 12, 2013. The mediation cut-off is not until November 7, 2013. As such, my client would like a mediation date are close to the cut-off date as possible.

Moreover, my client respectfully requests that you dismiss the case against. Your claims against Sprechman and the attorney's at Sprechman & Associates are baseless. First and foremost, your Florida Consumer Collection Practices Act and Invasion of Privacy claims are pre-empted by the Florida Litigation Immunity Doctrine. All the allegations contained in the amended complaint are aimed at litigation activities that Sprechman & Associates performed during its representation of Midland.

Further, your FDCPA is baseless as well for the following reasons:

1) You claim that Sprechman & Associates disclosed the debt to third parties – i.e. your mother and sister. However, you specifically state that the process server was the person who allegedly did such. The process server is not an agent or anything of the like for Sprechman & Associates. Rather such person was employed to serve a complaint against you on behalf of Midland Funding LLC.
   a. Moreover, since the lawsuit was a matter of public [there was a suit filed against you by Midland in state court] there could be NO disclosure of a private fact, i.e. that you owed a debt.

2) Also, you state that Sprechman & Associates failed to provide the 1692g notice to you. First, this is not a correct statement of the law. Midland first contacted you with regards to this debt and provided the 1692g notice – i.e. 30 days to dispute the debt. Sprechman & Associates was there referred the debt. Subsequent debt collectors are not required under the FDCPA to provide another 1692g notice. However, nevertheless, Sprechman & Associates did provide you the 1692g notice in its first letter to you.

3) Thirdly, 11th Circuit case law clearly hold that service of a complaint signed by a law firm is not a "initial communication" that requires 1692g notice.

4) In August 2012, Sprechman & Associates did provide you validation of the debt even though it was under no obligation to do so.

5) Sprechman & Associates did not violate 1692g or 1692g(b) when it served any papers in court. First the 30 day validation notice must only be provided by the first debt collector

1

within 5 days of the initial communication with you.  As Sprechman & Associates was not the first/original creditor/debt collector it did not have to provide the 30 days notice, but none-the-less Sprechman & Associates did, and Sprechman & Associates needs only to provide it once to you.  Secondly, here, Sprechman & Associates did not violate 1692g(B) was a) it was under no obligation to validate your debt under the FDCPA and b) it provided validation to you.

6) Lastly, 1692e(11) specifically exempts pleadings in court from its requirements.

All other allegations contained in your complaint relate solely to Midland and/or the "Midland Defendants".  Since you've already settlement with them, you are not entitled to double recovery.

Please review the instant email and provide me a response as to whether you are willing to dismiss the action against Sprechman & Associates and the Sprechman defendants.  If not, we will be filing a Motion for Summary Judgment this week and will be serving you with a Rule 11 Motion.  Please advise.  Thank you.

**Charles J. McHale, Esq.**



GOLDEN SCAZ GAGAIN
ATTORNEYS AT LAW

**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:  cmchale@gsgfirm.com**

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Monday, September 09, 2013 10:30 AM
**To:** Charles McHale
**Subject:** RE: Pinson v. Midland, et al
**Importance:** High

Charles,

I just tried to reach you by telephone again at 10:28 AM this morning to see if you have been able to reach your client yet about the mediation or have any update. Looking back at the e-mail, your client has never responded regarding mediation dates.

John

---

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Friday, September 06, 2013 12:48 PM
**To:** John D Pinson
**Subject:** RE: Pinson v. Midland, et al

John,

I am awaiting a response from my client re: mediation and will advise you of such as soon as I receive a response.  Thanks.

# "Exhibit U"



## John D Pinson

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Wednesday, September 11, 2013 11:43 AM |
| **To:** | 'Charles McHale' |
| **Subject:** | RE: Pinson v. Midland, et al |
| **Attachments:** | DE 44 Order for pre trial conf.pdf; DE 45 Order of referral to mediation.pdf |

**Importance:**          High

Mr. McHale,

My internet was completely out from noon Monday the 9th,till 9 PM Tuesday evening the 10th, 2013.

Thank you for your response, but you are quite mistaken in you statement that "[t]he mediation cut-off is not until November 7, 2013." You may possibly have looked at the wrong document to come to that conclusion.

I have attached a copy of the Court Order of Referral to Mediation [DE-45] where it clearly states that "[t]he mediation shall be completed no later than sixty (60) days prior to the pretrial conference", and we are "set for pre-trial conference on November 15, 2013 at 9:30 a.m." per the Court Order for Pre-trial Conference [DE-44]. Please see the highlighted area of the attached documents as evidence for what I have stated.

It is imperative that this is addressed NOW!!!

I have been pursuing you for a mediation date since April, 2013!

I expect to have and will look for a response from you today.

Your full and immediate cooperation is most appreciated.

Best regards,

John Pinson
561-329-2524
john@pinson.com

---

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Monday, September 09, 2013 5:14 PM
**To:** John D Pinson
**Subject:** RE: Pinson v. Midland, et al

Mr. Pinson,

My client is not available to mediate the case on September 12, 2013.  The mediation cut-off is not until November 7, 2013.  As such, my client would like a mediation date are close to the cut-off date as possible.

# "Exhibit V"

**John D Pinson**

| | |
|---|---|
| **From:** | Charles McHale <CMcHale@gsgfirm.com> |
| **Sent:** | Wednesday, September 11, 2013 11:50 AM |
| **To:** | John D Pinson |
| **Subject:** | RE: Pinson v. Midland, et al |

John,

Please respond to my client's request for dismissal of this case based upon Florida's litigation immunity doctrine and the other reasons laid out in my prior email.  I and my client would like to avoid having to seek summary judgment against you for yet another case.

As to the mediation,  I'm looking at the scheduling report that we submitted to the court that gave a date of mediation by November 7, 2013.

I would advise that we file a motion for extension of time to conduct mediation until mid-October.

**Charles J. McHale, Esq.**



GOLDEN SCAZ GAGAIN
ATTORNEYS AT LAW
**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:  cmchale@gsgfirm.com**

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, September 11, 2013 11:43 AM
**To:** Charles McHale
**Subject:** RE: Pinson v. Midland, et al
**Importance:** High

Mr. McHale,

My internet was completely out from noon Monday the 9th, till 9 PM Tuesday evening the 10th, 2013.

Thank you for your response, but you are quite mistaken in you statement that "[t]he mediation cut-off is not until November 7, 2013." You may possibly have looked at the wrong document to come to that conclusion.

I have attached a copy of the Court Order of Referral to Mediation [DE-45] where it clearly states that "[t]he mediation shall be completed no later than sixty (60) days prior to the pretrial conference", and we are "set for pre-trial conference on November 15, 2013 at 9:30 a.m." per the Court Order for Pre-trial Conference [DE-44]. Please see the highlighted area of the attached documents as evidence for what I have stated.

It is imperative that this is addressed NOW!!!

# "Exhibit W"

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Wednesday, September 11, 2013 2:17 PM |
| **To:** | 'Charles McHale' |
| **Subject:** | RE: Pinson v. Midland, et al |

**Importance:**          High

Mr. McHale,

Since when does counsel for the defendant provide legal advice to a pro se plaintiff?  You may want to watch what you say.

As to mediation, it is time to comply with the Court's Order, NOW!!!

I do not ascent to any extension of the deadline for the mediation for the simple reason that we are now at this stage because of your blatant and intentional refusal to cooperate in scheduling mediation.

I have made continuous efforts to comply with the Court's Order since April, and you have steadfastly refused to cooperate in any manner.

You need to make arrangements to comply with the order NOW, rather than at sometime in the future that you seek to push it out to.

I believe the Court will take a rather dim view of your activities in delaying the Court Ordered mediation should all the evidence of such be placed before it.

Please apprise as to when you with authority, or your clients, will be available for mediation this week. The time slot is scheduled for Thursday. Your continued delay is simply unacceptable.

Yours truly,

John Pinson
561-329-2524
john@pinson.com

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Wednesday, September 11, 2013 11:50 AM
**To:** John D Pinson
**Subject:** RE: Pinson v. Midland, et al

John,

Please respond to my client's request for dismissal of this case based upon Florida's litigation immunity doctrine and the other reasons laid out in my prior email.  I and my client would like to avoid having to seek summary judgment against you for yet another case.

1



# "Exhibit X"

57

**John D Pinson**

**From:** Charles McHale <CMcHale@gsgfirm.com>
**Sent:** Wednesday, September 11, 2013 2:22 PM
**To:** John D Pinson
**Subject:** RE: Pinson v. Midland, et al

John,

I'm not providing you any legal advice what so ever.  I simply do not understand where you would get that impression.

Also, you did nothing to move this case along and/or schedule Mediation.  Other than an email from May of this year, you did not contact me at all with regards to scheduling mediation until September.  I simply cannot attend mediation this week.

I will be filing a motion to extend time for mediation and will not note your objection to the Court.

**Charles J. McHale, Esq.**

 GOLDEN SCAZ GAGAIN
ATTORNEYS AT LAW
**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email: <u>cmchale@gsgfirm.com</u>**

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, September 11, 2013 2:17 PM
**To:** Charles McHale
**Subject:** RE: Pinson v. Midland, et al
**Importance:** High

Mr. McHale,

Since when does counsel for the defendant provide legal advice to a pro se plaintiff?  You may want to watch what you say.

As to mediation, it is time to comply with the Court's Order, NOW!!!

I do not ascent to any extension of the deadline for the mediation for the simple reason that we are now at this stage because of your blatant and intentional refusal to cooperate in scheduling mediation.

I have made continuous efforts to comply with the Court's Order since April, and you have steadfastly refused to cooperate in any manner.

You need to make arrangements to comply with the order NOW, rather than at sometime in the future that you seek to push it out to.

# "Exhibit Y"



**John D Pinson**

**From:**         Charles McHale <CMcHale@gsgfirm.com>
**Sent:**         Thursday, September 12, 2013 11:12 AM
**To:**           john@pinson.com
**Subject:**      Pinson v. Sprechman

Mr. Pinson,

Please be advised that my clients intend to file a Motion to Deem you a vexatious litigator and to require you to post a bond as the court deems fit.  The motion is premised upon three issues 1) the number of cases you've file against a myriad of defendants asserting nearly identical claims, 2) the fact that summary judgment has been granted against you in at least 4 cases in Federal Court for the exact allegations against multiple defendants, and 3) the fact that there are two costs judgments entered against you which you have not satisfied.

Please allow this to serve as a good faith attempt to resolve the issues prior to filing our Motion.  Please advise whether you consent or oppose our clients' motion.  Thank you.

**Charles J. McHale, Esq.**

**GOLDEN SCAZ GAGAIN**
ATTORNEYS AT LAW
**201 North Armenia Avenue**
**Tampa, Florida 33609**
**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:  cmchale@gsgfirm.com**

**LEGAL NOTICE**

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the *Electronic Communications Privacy Act, 18 U.S.C.A. §2510*, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages.  Unless expressly stated otherwise, this message and any documents accompanying this Email transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of our fax number above is not to be construed as the firm's consent to receive unsolicited fax advertisements and this Email does not create an Existing Business Relationship (EBR).



# "Exhibit Z"

61

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Thursday, September 12, 2013 5:34 PM |
| **To:** | 'Charles McHale' |
| **Subject:** | RE: Pinson v. Sprechman |

Dear Mr. McHale,

I find a contradiction between your statements "good faith attempt" and your threat of "Motion to Deem". Your threat is not well taken.

The issue has been and remains Mediation; to attempt and settle this matter as **Ordered by the Court.**

I am simply trying to comply with the Orders issued by the Court, and have been trying to elicit your cooperation in doing the same.

For the record, I do and will oppose your motion.

John Pinson
561-329-2524
john@pinson.com

---

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Thursday, September 12, 2013 11:12 AM
**To:** john@pinson.com
**Subject:** Pinson v. Sprechman

Mr. Pinson,

Please be advised that my clients intend to file a Motion to Deem you a vexatious litigator and to require you to post a bond as the court deems fit. The motion is premised upon three issues 1) the number of cases you've file against a myriad of defendants asserting nearly identical claims, 2) the fact that summary judgment has been granted against you in at least 4 cases in Federal Court for the exact allegations against multiple defendants, and 3) the fact that there are two costs judgments entered against you which you have not satisfied.

Please allow this to serve as a good faith attempt to resolve the issues prior to filing our Motion. Please advise whether you consent or oppose our clients' motion. Thank you.

Charles J. McHale, Esq.



**GOLDEN SCAZ GAGAIN**
ATTORNEYS AT LAW
**201 North Armenia Avenue**
**Tampa, Florida 33609**
**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**

1

