IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.:  9:12-cv-80675

JOHN PINSON,

      Plaintiff,

vs.

MIDLAND FUNDING, LLC
MIDLAND CREDIT MANAGEMENT, INC.,
ENCORE CAPITAL GROUP, INC.,
SPRECHMAN & ASSOCIATES P.A.
STEVEN B. SPRECHMAN
SCOTT E. MODLIN
LINDA E. SINGER

      Defendant.

_____/

**DEFENDANT'S MOTION FOR**
**SUMMARY JUDGMENT AND MEMORANDUM OF LAW**

COMES NOW, Defendants, SPRECHMAN & ASSOCIATES P.A., STEVEN B.

SPRECHMAN, SCOTT E. MODLIN and LINDA E. SINGER, (hereinafter "Defendants" or

"Sprechman Defendants") by and through the undersigned counsel and files this Motion for

Summary Judgment and Memorandum of Law and states:

    **I.**       **Factual Background and Procedural History**

On June 22, 2012 Plaintiff filed an Amended Complaint alleging that Defendants,

SPRECHMAN & ASSOCIATES P.A., STEVEN B. SPRECHMAN, SCOTT E. MODLIN and

LINDA E. SINGER violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C.

§1692 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 *et seq.*,

and Florida Common Law Invasion of Privacy. Specifically, in his Amended Complaint,

Plaintiff alleges the following with respect to Defendants, SPRECHMAN & ASSOCIATES

P.A., STEVEN B. SPRECHMAN, SCOTT E. MODLIN and LINDA E. SINGER:

1. Midland hired Sprechman & Associates PA as it agent to collect an alleged debt from Plaintiff and to sue in state court to collect the alleged debt.  *See* ¶ 14 DE 8.

2. On or about June 27, 2011, Plaintiff found a summons and complaint filed by Defendant(s) wedged in the kitchen door at his residence, demanding payment for some unknown account, and which failed to contain the 30 day notice language required by 15 U.S.C § 1692g.  *See* ¶ 43 of DE 8.

3. Plaintiff denies having any contractual relationship ever with Defendants.  *See* ¶ 47 of DE 8.

4. On or about June 28, 2011, Plaintiff contacted his mother, Margaret Pinson, and his sister, Nancy Pinson, who informed Plaintiff that a processor server confronted his mother and told his mother and sister of the alleged and tried to serve her.  *See* ¶ 48 and 52 of DE 8.

5. On or about July 9, 2011, Plaintiff received from Defendant(s) a Dunning letter signed by Steven Sprechman, Esq and dated June 29, 2011 on Law Offices of Sprechman and Associates PA letterhead, which failed to contain the 30 day notice language required by 15 U.S.C § 1692g.  *See* ¶ 59 of DE 8.

6. On or about July 11, 2011, Plaintiff mailed Defendants a cease and desist letter per section 805(b) of the FDCPA notifying the debt collect in writing that the debt was disputed.  *See* ¶ 61 of DE 8.

7. On August 4, 2011, Singer caused to be filed with the Palm Beach County Clerk of the Court and did serve Plaintiff by Mail:  Notice of Service of Interrogatories, Requests to Produce, Requests for Admissions, and Reply to Affirmative Defenses in violation of 15 U.S.C § 1692g as Defendants had not validated the debt per § 1692g.  *See* ¶ 64 of DE 8.

8. On or about August 18, 2011, Plaintiff sent Defendant written communication requesting Validation of the alleged debt per 15 U.S.C § 1692g. *See ¶* 65 of DE 8.

9. On or about August 31, 2011, Plaintiff received written communication from Soctt Modlin of Sprechman & Associates PA which failed to validate the debt per 15 U.S.C § 1692g. *See ¶* 66 of DE 8.

10. Defendants violated Florida Statute §559.715 by failing to provide notice to the consumer within 30 days after assignment of the debt. *See ¶* 69 of DE 8.

11. Plaintiff further alleges that Defendant(s) violated 15 U.S.C § 1692g whereby the following occurred:

   a. On September 19, 2011, Linda Singer caused to be filed with the Palm Beach County Clerk of Court and did serve Plaintiff by Mail:  Motion to Compel Better Answers to Discovery. *See ¶* 73 of DE 8.

   b. On September 20, 2011, Linda Singer caused to be filed with the Palm Beach County Clerk of Court and did serve Plaintiff by Mail: Response to Request for Admissions.  *See ¶* 74 of DE 8.

   c. On September 20, 2011, Linda Singer caused to be filed with the Palm Beach County Clerk of Court and did serve Plaintiff by Mail:  Motion for Mediation, and Motion for Mediation by Telephone.  *See ¶* 86 of DE 8.

   d. On September 19, 2011, Linda Singer caused to be filed with the Palm Beach County Clerk of Court and did serve Plaintiff by Mail:  Notice of Mediation. *See ¶* 88 of DE 8.

e.  On October 20, 2011, Linda Singer caused to be filed with the Palm Beach County Clerk of Court and did serve Plaintiff by Mail:  Notice of Filing with 3 attachments.  *See ¶* 90 of DE 8.

f.  On October 21, 2011, Linda Singer caused to be filed with the Palm Beach County Clerk of Court and did serve Plaintiff by Mail: Re-Notice of Mediation. *See ¶* 92 of DE 8.

g.  On October 20, 2011, Linda Singer caused to be filed with the Palm Beach County Clerk of Court and did serve Plaintiff by Mail: Objections and Motion to Strike Interrogatories.  *See ¶* 93 of DE 8.

h.  On October 28, 2011, Linda Singer caused to be filed with the Palm Beach County Clerk of Court and did serve Plaintiff by Mail:  Re-Notice of Mediation. *See ¶* 94 of DE 8.

i.  On November 11, 2011, Linda Singer caused to be filed with the Palm Beach County Clerk of Court and did serve Plaintiff by Mail:  Notice of Cancellation of Mediation.  *See ¶* 95 of DE 8.

j.  On November 10, 2011, a hearing was held in the courtroom of Hon. Judge Stephens of the 15th judicial circuit of Florida, West Palm Beach.  During said hearing, Linda Singer, Esq. told the judge that she would serve John Pinson with a Fraud Affidavit to which the judge said "you do that then" and the bailiff rolled his eyes.  *See ¶* 97 of DE 8.  On November 11, 2011, Linda Singer, Esq. mailed a copy of such fraud affidavit to Plaintiff.  *See ¶* 99 of DE 8.

k.  On November 14, 2011, Linda Singer, Esq. did mail a copy of the letter to Plaintiff which requested to him to execute the ID Theft Affidavit.  This letter

failed to contain the language required by 15 U.S.C § 1692g.  *See ¶* 100 and 101 of DE 8.

l.  On February 2, 2012, Sprechman and Associates P.A. caused to be filed with the Palm Beach County Clerk of Court and did serve Plaintiff by Mail:  Notice of Cancellation of Mediation. *See ¶* 102 of DE 8.

12. On April 24, 2012, Plaintiff received Notice of Voluntary Dismissal without prejudice. By dismissing the case without prejudice Defendants demonstrated intent to further harass, oppress and abuse the Plaintiff, leaving this matter to hang over Plaintiff like the sword of Damocles, with imminent threat to be re-litigated at length even though no verified evidence exists for their action.  This voluntary dismissal without prejudice is in violation of 15 U.S.C § 1692(d) and 15 U.S.C § 1692g.  *See ¶* 103 of DE 8.

13. It is undisputed that on May 19, 2011, Defendants filed a lawsuit against John Pinson in the County Court in and for Palm Beach County on behalf of its client Midland Funding LLC as successor in interest to Citibank.

14. Thereafter on or around June 25, 2011, Plaintiff was served with the underlying state court action.

15. Thereafter, Defendants represented its client, Midland Funding LLC throughout the proceedings.

16. As demonstrated above, by the purported allegations against the Sprechman Defendants, Plaintiff's allegations solely relate to litigation activities of the Sprechman Defendants', i.e. Defendants initiation of and prosecution of the state court collections case against Plaintiff, John Pinson.

17. Furthermore, on August 18, 2011, Plaintiff sent a correspondence to Defendants requesting validation of the debt that was at issue in the underlying state court action. *See* Plaintiff's Exhibit 8 to DE 8.

18. Thereafter, on August 26, 2011, Defendants sent to Plaintiff a response to his August 18, 2011 letter and provided verification of the debt along with the creditor documentation regarding the debt. *See* Plaintiff's Exhibit 9 to DE 8.

## MEMORANDUM OF LAW

### II.  Standard of Review.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). In reaching a summary judgment decision the court must view the facts in the light most favorable to the non-moving party. *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. Of America*, 894 F.2d 1555, 1558 (11th Cir. 1990). However, in order to avoid entry of summary judgment the non-moving party "may not rest upon the mere allegations or denials" of his pleadings; instead, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).    Further, conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary

judgment motion. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See Celotex*, 477 U.S. at 322.

### III. Legal Arguments

**a) <u>Defendants are entitled to Summary Judgment on Plaintiff's FDCPA claims.</u>**

Upon a review of the detailed factual allegations pled against the "Sprechman Defendants" in Plaintiff's Amended Complaint, (*see* ¶¶ 38 through 104), the only causes of action under the FDCPA contained in Count VIII of Plaintiff's Amended Complaint that could be applicable to the "Sprechman Defendants" are as follows:

- 15 U.S.C § 1692b(2) – Contact of Third Party:  Stated that the consumer owes any debt.

- 15 U.S.C § 1692c(b) – [Contact] with  anyone except consumer, consumer's attorney, or credit bureau concerning the debt.

- 15 U.S.C § 1692c(C) – After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication.

- 15 U.S.C § 1692d – Any conduct the natural consequence of which is to harass, oppress, or abuse any person.

- 15 U.S.C § 1692g where by Defendants failed to send the consumer a 30-day validation notice within 5 days of the initial communication.

- 15 U.S.C § 1692g(B) whereby Defendants must cease collection efforts until a debt is validated.

**1. <u>Defendants did not violate 15 U.S.C § 1692b(2) as alleged by Plaintiff</u>**

15 U.S.C. § 1692b states as follows:

> Any debt collector communicating with any person other than the consumer **<u>for the purpose of acquiring location information</u>** about the consumer shall –

(2) not state that such consumer owes any debt;

*See* 15 U.S.C § 1692b(2) (emphasis added)

Plaintiff's only allegation that could presumable give rise to such a violation of the FDCAP is that on or about June 28, 2011, Plaintiff contacted his mother, Margaret Pinson, and his sister, Nancy Pinson, who informed Plaintiff that a processor server confronted his mother and told his mother and sister of the alleged and tried to serve her.  *See ¶* 48 and 52 of DE 8.  15 U.S.C. § 1692b only applies to situations were a debt collector is attempting to contact a third party **for the purpose of acquiring location information**.  In the instant case, Plaintiff's allegation is that Defendants disclosed his debt to his mother and sister when a process server was attempting to serve Plaintiff with an underlying state court action at Plaintiff's house.  Here, since the allegations do not relate to the Defendants attempting to acquire location information, but rather serving a lawsuit on Plaintiff, 15 U.S.C. § 1692b is inapplicable to the instant case and fails to support any violation of the FDCPA under such section.  As such, Defendants are entitled to summary judgment on Plaintiff's 15 U.S.C. § 1692b(2) claim.

### 2.  Defendant did not violate 15 U.S.C §§ 1692c(b) as alleged by Plaintiff

15 U.S.C. § 1692c(b) states as follows:

Except as provided in section 804 (1692b), without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Again, Plaintiff's only allegation that could presumable give rise to such a violation of the FDCPA is that on or about June 28, 2011, Plaintiff contacted his mother, Margaret Pinson, and his sister, Nancy Pinson, who informed Plaintiff that a processor server confronted his

mother and told his mother and sister of the alleged and tried to serve her.  *See* ¶ 48 and 52 of DE 8.  As stated above, the fact of the matter is that the process server who allegedly disclosed the existence of a debt to third parties, i.e. Plaintiff's mother and sister, was not an agent of Defendants.  The process server was hired to serve a complaint in an underlying state court action against Mr. Pinson on behalf of Midland Funding, LLC.  Moreover, the dissemination of any information of any debt was that of a public fact – i.e. a lawsuit that had been filed in state court against Mr. Pinson for failure to pay a delinquent credit card.  As such, there can be no violation of 15 U.S.C. § 1692c(b).

Moreover, Plaintiff has failed to establish that the process server was an agent of the Sprechman Defendants, and has failed to make the requisite agency allegations under Florida law.  In order to state a cause of action for actual agency, Plaintiff must allege: 1) acknowledgement by the principal [Sprechman Defendants] that the agent [process server] will act for it; 2) the agent's [process server] acceptance of the undertaking; and 3) control by the principal over the actions of the agent.  *See Villazon v. Prudential Health Case Plan, Inc.*, 843 So. 2d 842, 853 (Fla. 2003).  Apparent agency requires the Plaintiff allege: 1) a representation by the purported principal [Sprechman Defendants], 2) a reliance on that representation by a third party, and 3) a change in position by the third party in reliance on the representation. *See Mobile Oil Corp. v. Bransford*, 648 So. 2d 119, 121 (Fla. 1995).

First and foremost, Mr. Pinson provides no evidence of any kind that the processor server in question was acting as the agent (actual or apparent) of the Sprechman Defendants or any other Defendant.  In order to avoid entry of summary judgment the non-moving party may not rest upon the mere allegations or denials.  Instead, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  A party's speculation

or conjecture cannot create a genuine issue of material fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).  "Personal beliefs and speculation, however, are no substitute for proof." *Williams v. Family Serv. of Roanoke Valley*, 2009 U.S. Dist. LEXIS 106122 (W.D. Va. Nov. 13, 2009) "A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004). "While the court must accept any reasonable inference against the movant on summary judgment, it need not accord weight to pure speculation." *SB Designs v. Reebok Int'l, Ltd.*, 338 F. Supp. 2d 904, 911 (N.D. Ill. 2004).

Plaintiff has provided no evidence of any kind, nor has he performed any discovery relative to his position taken that the process server was an agent of the Sprechman Defendants. As such, if any such allegation that the processor server disclosed the existence of Mr. Pinson to any third party could possibly lead to any violation of federal law, any such violation of law would not be attributable to Sprechman Defendants.  As such, Defendant is entitled to Summary Judgment on Plaintiff's § 1692c(b) claim.

### 3. Defendants did not violate 15 U.S.C § 1692c(c)

Plaintiff alleges that on or about July 11, 2011, Plaintiff mailed the Sprechman Defendants a cease and desist letter per section 805(b) of the FDCPA notifying the debt collector in writing that the debt was disputed. *See ¶* 61 of Plaintiff's Amended Complaint.  Thereafter in 182(c), Plaintiff alleges that Defendants violated the 15 U.S.C § 1692c(c) whereby Defendants continued to contact Plaintiff after receipt of such letter.  As detailed more above, all allegations asserted against the Sprechman Defendants pertain to its litigation activity.  The underlying State Court collection lawsuit was brought by the Sprechman Defendants on behalf of its client Mindland Funding LLC prior to receipt of Plaintiff's July 11, 2011.  Plaintiff allegation is

essentially that by continuing the underlying State Court collection action against Mr. Pinson, the

Sprechman Defendants violated 15 U.S.C § 1692c(c) by continuing to contact him through

various pleadings filed by the Sprechman Defendants on behalf of its client, Midland Funding

LLC.

15 U.S.C § 1692c(c) states as follows:

(c) CEASING COMMUNICATION. If a consumer notifies a debt
collector in writing that the consumer refuses to pay a debt or that the
consumer wishes the debt collector to cease further communication with
the consumer, the debt collector shall not communicate further with the
consumer with respect to such debt, except --
(1) to advise the consumer that the debt collector's further efforts are being
terminated;
(2) to notify the consumer that the debt collector or creditor may invoke
specified remedies which are ordinarily invoked by such debt collector or
creditor; or
(3) where applicable, to notify the consumer that the debt collector or
creditor intends to invoke a specified remedy.

It is imperative to point out that Plaintiff "cease and desist" (Exhibit 5 to DE 8) letter of

specifically states as follows:

This letter and fax will serve as your legal notice … under
1692(c)… **to cease and desist from all telephone communication**
with myself in regards to the alleged debt that your firm is
attempting to collect.

I demand that all further correspondence must be done by
**WRITTEN CORRESPONDENCE** to the address indicated at the
top of this page.

*See* Exhibit 5 to DE 8 (emphasis added)

First, Plaintiff's claim relative to 1692c(c) is without merit as Plaintiff's "cease and

desist" letter "demanded" that there be no more telephonic communication with him, and further

"demanded" that all further communication must be done via "WRITTEN

CORRESPONDENCE".  Plaintiff pleads no allegations that the Sprechman Defendants ever

contacted him telephonically after receipt of such.  Plaintiff's only contention is that by filing numerous pleadings and papers in the underlying state court case, the Sprechman Defendants failed to abide by Plaintiff's cease and desist letter.  For this reason alone, the Sprechman Defendants are entitled to summary judgment on Plaintiff's FDCPA 1692c(c) claim.

Secondly, The Supreme Court of the United States has ruled on this specific issue in *Heintz v. Jenkins*, 514 U.S. 291, 296 (1995).  In *Heintz,* the issue was whether an attorney who only litigated to collect debts was a debt collector within the meaning of the Act.  The Supreme Court held in the affirmative. One of Heintz's arguments was that a lawsuit should not be considered a communication because that interpretation would allow a debtor to stop lawsuits altogether under § 1692c(c). Section 1692c(c) requires a debt collector not to communicate further with a consumer who notifies the debt collector that he or she refused to pay or wishes the debt collector to cease further communication. • The Supreme Court, at p. 1491, phrased the issue thusly:

> In light of this provision, asks Heintz, how can an attorney file a lawsuit against (and thereby communicate with) a non-consenting consumer or file a motion for summary judgment against that consumer?

The Supreme Court found it unnecessary to reach this issue since it determined a lawsuit could fit within an exception to § 1692c(c). It said at p. 1491:stated

> it would be odd if the Act empowered a debt-owing consumer to stop the communications inherent in an ordinary lawsuit and thereby cause an ordinary debt-collecting lawsuit to grind to a halt. But, it is not necessary to read § 1692c(c) in that way-if only because that provision has exceptions that permit communications **1492 to notify the consumer that the debt collector or creditor may invoke• or intends to invoke a specified remedy•(of a kind ordinarily invoked by [the] debt collector or creditor). 1692c(c)(2), (3). Courts can read these exceptions, plausibly, to imply that they authorize the actual invocation of the remedy that the collector intends to invoke.  The language permits such a reading, for an

> ordinary court-related document does, in fact, notify its recipient that the creditor may invoke a judicial remedy. Moreover, the interpretation is consistent with the statute's apparent objective of preserving creditors' judicial remedies. We need not authoritatively interpret the Act's conduct-regulating provisions now, however. Rather, we rest our **297** conclusions upon the fact that it is easier to read 1692c(c) as containing some such additional, implicit, exception than to believe that Congress intended, silently and implicitly, to create a far broader exception, for all litigating attorneys, from the Act itself.

*Heintz v. Jenkins*, 514 U.S. 291, 296-97 (1995)

Moreover, in *McKnight v. Benitez*, 176 F. Supp. 2d 1301, 1308 (M.D. Fla. 2001), when facing a similar issue as in this case, the Court held "that because it is more consistent with the purpose and intent of Congress and because it is compelled to do so to avoid serious constitutional questions, the term communication as used in the Act does not include a legal action or pleadings or orders connected therewith.

As such, the Sprechman Defendants are entitled to summary judgment on Plaintiff's FDCPA 1692c(c) claim.

### 4. Defendants did not violate 15 U.S.C § 1692d

15 U.S.C § 1692d states as follows:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

In Count VIII of Plaintiff's Amended Complaint, Plaintiff alleges that the Sprechman Defendants violated 15 U.S.C § 1692d.  The sole allegation presumable giving rise to such a violation is that:

> "on April 24, 2012, Plaintiff received Notice of Voluntary Dismissal without prejudice.  By dismissing the case without prejudice Defendants demonstrated intent to further harass, oppress and abuse the Plaintiff, leaving this matter to hang over Plaintiff like the sword of Damocles, with imminent threat to be re-litigated at length even

> though no verified evidence exists for their action.   This voluntary
> dismissal without prejudice is in violation of 15 U.S.C § 1692(d)"

*See* ¶ 103 of DE 8

Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury, but there are limits to that principle. *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1179 (11th Cir.1985). The mere filing of a lawsuit is not the kind of conduct that was intended to be covered by section 1692d.  *Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324, 330 (6th Cir.2006).  Courts have dismissed section 1692d claims as a matter of law if the facts as alleged do not have a natural consequence of harassing or abusing a person in connection with the collection of a debt. *Id.* at 330 (citing *Kerr v. Dubowsky,* 71 F. App'x 656, 657 (9th Cir.2003) (holding that the district court had properly dismissed a section 1692d claim because, while the complaint alleged that the debt collector's phone call was unwanted, the plaintiff failed to allege facts that it was intended to harass, oppress, or abuse); *Jeter,* 760 F.2d at 1179 (affirming summary judgment for a debt collector because the conduct in question did not create a tone of intimidation that violated section 1692d)).  *See Sierra v. Rubin & Debski, P.A.*, 10-21866-CIV, 2010 WL 4384216 (S.D. Fla. 2010).

In *Sierra,* this Court stated that "[l]isted in section 1692d are examples of abusive conduct, including the use of violence or threats of violence, the use of profane language, the publishing of a list of debtors who have refused to pay a debt, the advertising for sale of a debt in order to coerce payment, and the making of harassing telephone calls."  *See* 15 U.S.C. 1692d. Furthermore, in *Sierra,* this Court held that the "Plaintiff's Complaint does not contain any factual allegations or evidence to support a finding that the Defendant's alleged conduct is the type contemplated by section 1692d".  *Sierra v. Rubin & Debski, P.A.*, 10-21866-CIV, 2010 WL 4384216 (S.D. Fla. 2010)

In hold so in *Sierra,* this Court opined that:

> The Plaintiff appears to claim that the Defendant violated section 1692d merely by filing the state court lawsuit without the proper documentation as required by Florida Rule of Civil Procedure 1.130. While the Plaintiff alleges that he did not enter into a valid account with the original creditor HSBC, (*see* Compl. ¶ 13, ECF No. 1 "2), to the extent that the Plaintiff is alleging he is not the proper defendant in the state court action, this issue is to be resolved in the state court lawsuit. *See Gonzalez v. Erskine,* No. 0820893 "CIV, 2008 WL 6822207, at *3 (S.D.Fla. Aug.7, 2008) (Information provided after the case is filed, such as mistaken identity, goes to Plaintiff's defense and can be resolved in the state court action. • ). Since the filing of a lawsuit is not within the scope of prohibited activities that section 1692d contemplates, the Defendant's Motion to Dismiss is granted as to Count II.

*Sierra v. Rubin & Debski, P.A.*, 10-21866-CIV, 2010 WL 4384216 (S.D. Fla. 2010)

The essence of Plaintiff's 15 U.S.C § 1692(d) is that by merely dismissing an underlying state court action **without prejudice**, the attorneys and law firm of the Defendant are deemed to harassed, oppressed and/or abused Plaintiff.  Dismissal of lawsuit without prejudice is a mechanism specifically provided by both the Federal Rules of Civil Procedure (i.e Fed.R.Civ.P 41 and Florida Rules of Civil Procedures (i.e. Fl. R. Civ. Pro. 1.420).  Both Fl. R. Civ. Pro. 1.420a(1) and Fed.R.Civ.P 41 specially allows any party to file a notice or stipulation of dismissal and states that "[u]nless otherwise stated in the notice or stipulation, the dismissal is without prejudice…"   Under no circumstances could the mere dismissal of a state court action without prejudice be deemed supportive of allegations that would amount to the natural consequence of harassing or abusing a person in connection with the collection of a debt.  As such Defendants are entitled to summary judgment on Plaintiff 15 U.S.C § 1692(d) claim.

5. <u>**Defendants did not violate 15 U.S.C § 1692g**</u>

In his Amended Complaint, Plaintiff alleges that the Sprechman Defendants violated 15 U.S.C § 1692g whereby Defendants failed to send the consumer a 30-day validation notice within 5 days of the initial communication.  *See* DE 8 ¶ 182(l).  The only allegations contained in the Amended Complaint that could presumable give rise to Plaintiff's 15 U.S.C § 1692g as alleged is as follows:

> On or about June 27, 2011, Plaintiff found a summons and complaint filed by Defendant(s) wedged in the kitchen door at his residence, demanding payment for some unknown account, and which failed to contain the 30 day notice language required by 15 U.S.C § 1692g.  *See* ¶ 43 of DE 8.

The only section the FDCPA that is applicable to this particular claim is 15 U.S.C § 1692g(a).  15 U.S.C § 1692g(a) states as follows:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

The Middle District of Florida has held that "it is more consistent with the purpose and intent of Congress ... [that] the term 'communication' as used in the Act does not include a 'legal action' or pleadings or orders connected therewith." *McKnight,* 176 F.Supp.2d at 1306, 1308

(noting that the purpose of the FDCPA is to "curb abusive debt collection practices, not legal actions"). Significant to the court's holding in *McKnight* was the fact that the Federal Trade Commission does not consider a legal action to be a "communication" in connection with the collection of a debt. *See id.* at 1305–06 (noting that the FTC has stated in non-binding commentary that "[a] debt collector's institution of formal legal action against a consumer ... is not a 'communication in connection with collection of any debt,' and thus does not confer section 809 notice-and-validation rights on **\*1337** the consumer") (citing 53 FR 50097, 50108). *Vega v. McKay*, 351 F.3d 1334, 1336-37 (11th Cir. 2003). The 11th Circuit has held that "the holding of *McKnight,* that a legal action does not constitute an "initial communication" within the meaning of the FDCPA, accurately states the law." *Ibid.*  Therefore, Defendant could not have violated any section 15 U.S.C. § 1692g as alleged by Plaintiff with respect to the service of the underlying state court complaint on behalf of Midland Funding, LLC.  As such, Defendant is entitled to summary judgment on Plaintiff's 15 U.S.C § 1692g claim.

Another question to be determined is whether an initial communication under § 1692g(a) includes a subsequent debt collector's first communication with a debtor, when a prior debt collector has already communicated with that debtor on a given debt and satisfied the statutory notice requirements.  Federal courts have taken divergent positions. A few federal courts have concluded that, because each debt collector must comply with the requirements of § 1692g, each must provide a debtor with validation of debts. *See Griswold v. J & R Anderson Bus. Serv.,* 1983 U.S. Dist. Lexis 20365 (D.Or.1983) (holding that since the FDCPA makes no distinction between initial and subsequent debt collectors, each debt collector must provide information required by § 1692g); *Stair ex rel. Smith v. Thomas & Cook*, 254 F.R.D. 191, 195 (D.N.J. 2008) (section 1692g applies to the initial communications of subsequent debt collectors).

The majority of federal district courts, however, have disagreed. *See Ditty v. CheckRite,* 973 F.Supp. 1320, 1329 (D.Ut.1997) (Section 1692g does not require another debt collector, undertaking collection efforts after a validation notice has been timely sent, to provide additional notice and another thirty-date validation period.); *Weinstein v. Fink,* 2001 WL 185194 (N.D.Ill.2001) (finding that initial communication with a debtor was made by the first debt collector and not the second debt collector); *Thomas v. Law Firm of Simpson & Cybak,* 2001 WL 1516746 (N.D.Ill.2001) (same) *rev'd on other grounds Thomas,* 392 F.3d 914 (7th Cir.2004); *Oppong v. First Union Mortg. Corp.,* 326 Fed. Appx. 663 (3d Cir. 2009)(unpublished) (subsequent debt collector was not required under FDCPA to provide debtor with its own validation notice after it took over servicing loan, where original loan servicer had provided validation notice that satisfied FDCPA's requirements); *Nichols v. Byrd,* 435 F. Supp. 2d 1101, 1106-07 (D. Nev. 2006) (a subsequent debt collector's first communication on a given debt is not an initial communication for purposes of  1692g, where a prior debt collector ha[d] already communicated with that debtor on [that] debt and satisfied the statutory notice requirements) • *Moore v. Mortg. Elec. Registration Sys., Inc.*, 10-CV-241-JL, 2013 WL 1773647 (D.N.H. 2013) (one communication with proper validation notice is all that is required for each debtor when contacted by the first debt collector, no matter how long the line of debt collectors to follow) *Waters v. J.C. Christensen & Assocs., Inc.,* No. 08-cv-11795, 2011 WL 1344452, *11 (D.Mass. Mar. 4, 2011)

The Court in *Senftle* looked to the plain language of § 1692g, [within five days after *the initial communication* with a consumer in connection with the collection of any debt, a debt collector shall unless the following information is contained in *the initial communication* ...], send the consumer written notice.  The Court opined that [t]hough communication is broadly

defined, the statute explicitly refers in the singular to *the initial communication.* Again, had Congress intended that there might be more than one initial communication with a debtor on a given debt, it certainly could have provided that, such as by explicitly requiring both *initial* and *successive* debt collectors to provide the § 1692g(a) validation notice. In fact, Congress made just such distinctions in § 1692e(11) when it distinguished between *initial* and *subsequent communications* to a debtor on a given debt. *See* 15 U.S.C. § 1692e(11).  The preeminent canon of statutory interpretation requires the court to presume that the legislature says in a statute what it means and means in a statute what it says there.• *BedRoc Limited, LLC v. United States,* 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004) (internal quotes omitted). The Court thus holds that there is only one initial communication with a debtor on a given debt under § 1692g(a), even though subsequent debt collectors may enter the picture.  *See Senftle v. Landau*, 390 F. Supp. 2d 463, 473 (D. Md. 2005)

In the instant case, it is undisputed that Midland had provided Plaintiff the required disclosures under 15 U.S.C § 1692g.   Exhibit 1 to Plaintiff's Amended Complaint contains a copy of a letter that was sent to Plaintiff on December 1, 2010 containing the proper notice required under 15 U.S.C § 1692g.  Here, as the Sprechman Defendants were a subsequent debt collector, they were under no obligation 1) to send the initial validation notice contained in § 1692g and/or 2) provide validation of the debt to Plaintiff as Plaintiff request for validation to the Sprechman Defendants was outside the timeframe contemplated by 30 day period validation time period contained in § 1692g.   As such, the Sprechman Defendants are entitled to summary judgment on Plaintiff's 15 U.S.C § 1692g claim.

**6.   Defendants did not violate 15 U.S.C § 1692g(b):**

In Count VIII of Plaintiff's Amended Complaint, Plaintiff also alleges that the Sprechman Defendants violated 15 U.S.C. § 1692g(b) stating that a [debt] collector must cease collection efforts until debt is validated.   *See* DE 8 ¶ 182(m).   Plaintiff's Amended Complaint misstates the law.

Section 15 U.S.C. § 1692g(b) states as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

*See* 15 U.S.C. § 1692g(b)

First and foremost, Plaintiff's validation request must be timely made pursuant to 15 U.S.C. § 1692g(b).   As described more fully in Section a)5 of Defendants' Motion for Summary Judgment, Plaintiff's validation request was not valid as 1) Defendants' service of the underlying state court collection lawsuit was an initial communication that required Defendants to provide the  § 1692g notice and 2) the Sprechman Defendants were not obligated to send the § 1692g notice as a prior debt collector (Midland) had already communicated with that debtor on a given debt and satisfied the statutory notice requirements under § 1692g.  Specifically, on December 1, 2010, Midland sent Plaintiff the required notice under § 1692g.  *See* Exhibit 1 to DE 8.  Plaintiff failed to request validation of the debt within the time frame contemplated by § 1692g.  As such, any request for validation from any Defendant was untimely and no validation was required to be provided by the Midland Defendants or the Sprechman Defendants.

Secondly, Plaintiff alleges that on or about August 18, 2011, Plaintiff sent Defendant written communication requesting Validation of the alleged debt and requesting 1) the name and address of the original creditor and 2) proof of his responsibility to this debt in the form or a bill or accounting records.  *See* ¶ 65 of DE 8.  Plaintiff further alleges that the Sprechman Defendants failed to validate the debt pursuant to 15 U.S.C. § 1692g and further alleges that Sprechman Defendants violated 15 U.S.C. § 1692g on numerous occasions (See Paragraph 11 a through 1 of the instant Motion for Summary Judgment) whereby the Sprechman Defendants caused to be filed multiple pleadings and filings in the underlying state court against Mr. Pinson despite the fact that Mr. Pinson had requested validation of the debt and that the Sprechman Defendants failed to validate such debt.

However, on or about August 26, 2011, Defendants sent Plaintiff written validation which validated the debt per 15 U.S.C § 1692g.  *See* Plaintiff's own exhibit to his Amended Complaint – Exhibit 9 to DE 8.  In its August 26, 2011 letter, Defendants provided Plaintiff the following information:  1) the name and address of the original creditor (Citibank), 2) the original account number, 3) an account statement showing the amount(s) incurred by Mr. Pinson, 4) the notice of new ownership by Midland of Plaintiff's debt which provided notice that Midland had purchased the debt from Citibank and contained the validation notice required by 15 U.S.C § 1692g, and 5) the assignment and bill of sale of Plaintiff's debt from Citibank to Midland.  As such, although the Sprechman Defendants were under no obligation to validate the debt in question, the Sprechman Defendants did so anyway.  As such, any claim that the Sprechman Defendants violated 15 U.S.C § 1692g by filing numerous documents in underlying state court action without validating Plaintiff's debt is without merit.  Also noteworthy is the fact that all allegations pertaining to the Sprechman Defendants filing documents and pleadings in the

underlying state court action without validating the debt, all reference dates of filings of documents and pleadings after the Sprechman Defendants had provided validation to the Plaintiff.  As such, Defendant is entitled to Summary Judgment on Plaintiff's 15 U.S.C § 1692g claims.

**b)**  **Defendants are entitled to Summary Judgment on Plaintiff's Invasion of Privacy claim**

Count IX of Plaintiff's Complaint raises an invasion of privacy claim.  In *Myers v. Hodges,* 53 Fla. 197, 44 So. 357 (1907), the 11th Circuit recognized the principle of the litigation privilege in Florida, essentially providing legal immunity for actions that occur in judicial proceedings.  In *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.,* 639 So. 2d 606, 607 (Fla. 1994), the 11th Circuit extended the litigation privilege to all torts, finding that "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior ... so long as the act has some relation to the proceeding." The litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin. "Absolute immunity must be afforded to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007).  As detailed above, the entirety of Plaintiff allegations relate solely to litigation activity performed by the Sprechman Defendants.  As such, plaintiff's claim for the tort of invasion of privacy is barred by litigation immunity.

**c) Defendants are entitled to Summary Judgment on Plaintiff's FCCPA claims.**

**1.  There exists no private cause of action for a § 559.715 claim**

In the Amended Complaint, Plaintiff appears to make a claim under § 559.715 of the

FCCPA.  *See* DE 8 ¶ 36.  Plaintiff recites the language of the statute, but fails to allege any facts that would presumably give rise to a violation of § 559.715.  Moreover, there is no Count contained in Plaintiff's Amended Complaint in which Plaintiff alleges that the "Sprechman Defendants" violated § 559.715.  Nonetheless, out of an abundance of caution, Defendants will address such claim.

The FCCPA creates a civil remedy only for a violation of § 559.72.  *See* § 559.77, *Fla. Stat.* ("A debtor may bring a civil action against a person violating the provisions of s. 559.72 in a court of competent jurisdiction ....").  Absent an indication of legislative intent to create a private cause of action for a violation of § 559.715, "such a remedy may not be judicially engrafted onto the FCCPA." *McCorriston v. L.W.T., Inc.,* No. 8:07-cv-160-T-27EAJ, at 5 (M.D. Fla. June 14, 2007) (order granting motion to dismiss). *See Thomas v. Commercial Recovery Sys., Inc.,* 8:07-CV-1104-T-23MAP, 2008 WL 5246296 (M.D. Fla. Dec. 16, 2008).  In short, there is no separate cause of action for violation of this statute. *See Pack v. Unifund CCR Partners, G.P.,* 2008 WL 686800, *2 n. 2 (M.D.Fla.2008), *See Thomas v. Commercial Recovery Sys., Inc.,* 8:07-CV-1104-T-23MAP, 2008 WL 5246296 (M.D. Fla. Dec. 16, 2008), *See Renfrow v. First Mortg. Am., Inc.*, 08-80233-CIV, 2011 WL 2416247 (S.D. Fla. June 13, 2011).

As Plaintiff has failed to allege any facts or provide any evidence that Defendants violated § 559.715 and more importantly as there is no separate private cause of action for violation for § 559.715, Defendants are entitled to summary judgment on Plaintiff's § 559.715 claim.

2.  **Plaintiff's FCCPA claim is barred by the litigation immunity doctrine.**

The Florida Supreme Court has held that parties cannot be sued under the FCCPA based solely upon litigation activities. *See, Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole,*

950 So. 2d 380 (Fla. 2007). This Court has previous ruled in a cases that Plaintiff's FCCPA claim was barred by immunity. *See, De Perez v. Bureaus Inv. Group No. II*, 2009 U.S. Dist. LEXIS 74226 (S.D. Fla. July 8, 2009) and *Reyes v. Cavalry Portfolio Services, LLC and Wagner & Hunt, P.A.*, 08-CV-23484 (S.D. Fla. July 8, 2009). Moreover, federal courts considering this issue have uniformly followed *Echevarria. See, e.g. Gaisser v. Portfolio Recovery Assocs., LLC*, 571 F. Supp. 2d 1273, 1279 (S.D. Fla. 2008)(litigation immunity applied to filing of time-barred lawsuit); *Trent v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1356, 1360 (M.D. Fla. 2007)("The Echevarria holding precludes communications attached to or made part of a foreclosure complaint from forming the basis of a FCCPA or FDUTPA claim."); *McCorriston v. L.W.T., Inc.,* 2007 U.S. Dist. LEXIS 98004 (M.D. Fla. June 14, 2007)("filing of a time-barred lawsuit…falls squarely within Florida's broad litigation privilege.")

Therefore, even if Plaintiff's recitation of facts was accurate in his Amended Complaint, Plaintiff's FCCPA contained in Count X would necessarily fail as all allegations brought against Defendants solely relate to litigation activities.

a. **Conclusion**

Based upon the foregoing, Defendant is entitled to summary judgment on Count VIII, IX, and X of the Amended Complaint and dismissal of those counts with prejudice.

WHEREFORE, Defendant respectfully requests an Order from this Court granting Defendant's Motion for Summary Judgment and dismissing Counts VIII, IX, and X with prejudice.

Respectfully Submitted:

By:  /s/ Charles J. McHale
Charles J. McHale, Esquire
Florida Bar No.:  0026555
GOLDEN SCAZ GAGAIN, PLLC
201 North Armenia Avenue
Tampa, Florida  33609
Telephone:  (813) 251-5500
Facsimile:  (813) 251-3675
E-mail: cmchale@gsgfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished U.S. Mail to John Pinson, Pro Se, 526 Westwood Road, West Palm Beach, FL 33401 on this 16th day of  September, 2013.

/s/ Charles J. McHale
Charles J. McHale, Esquire
Florida Bar No.:  0026555
***Attorneys for Defendant***