# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

### CASE NO. 9:12-cv-80675-WJZ



John Pinson

    Plaintiff,

    vs

MIDLAND FUNDING LLC, et al.

    Defendants.

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
### TO DECLARE JOHN PINSON A VEXATIOUS LITIGANT AND
### FOR ORDER TO POST BOND AND MEMORANDUM OF LAW

Comes Now Plaintiff *pro* se, John Pinson, and hereby files his Response to Defendant's

Motion to Declare John Pinson a Vexatious Litigant and for Order to Post Bond and

Memorandum of Law, and in support thereof states as follows:

1. The instant action is the first Plaintiff has ever filed in any District Court.

2. Defendant unjustly attempts to infringe upon Pinson's right of equal access to the Courts.

3. Plaintiff contends the Defendant and/or its Counsel filed the instant motion in bad faith, for

   improper purpose, and to delay the Court Ordered Mediation.

4. Further, Plaintiff contends the instant motion is retaliatory in nature, and filed because of

   **Plaintiff's continuous efforts to elicit the cooperation of Counsel McHale to simply**

   **comply with this Court's Order Referring Case to Mediation [DE 45]. Such efforts of**

the Plaintiff are evidenced in his Response to Defendant's Motion to Continue Mediation [DE 58].

## BACKGROUND

5.  This case arises out of Defendant Sprechman's violations of the Fair Debt Collection Practices Act ("FDCPA"), Florida Consumer Protection Act ("FCCPA"), and the Florida Unfair and Deceptive Trade Practices Act ("FUDTPA"), wherein Defendants "attempted to employ the court in the perpetration of a fraud" [DE 08 ¶38], "filed a frivolous lawsuit" [DE 08 ¶40], *in the County Court, in and for Palm Beach County, Florida Case No: 502011CC0077551XXXXMB*, in an attempt to collect an alleged but non-existent debt, with Midland as the alleged Creditor and, **wherein the Law Firm of Sprechman & Associates, P.A. was, in-fact, the undisclosed Real Party of Interest.**

6.  Through Admissions, in County Court, **Midland admitted "that SPRECHMAN & ASSOCIATES, P.A. is the real party of interest."** (see [DE 08] Plaintiff's First Amended Complaint Plaintiff's Exhibit: #010, Fact No. 14; and #013, No. 7).

7.  Plaintiff *pro se*, Pinson, defended himself *pro se* in the County Court action, wherein during a motions hearing, with Judge Deborah Moses Stevens presiding, Defendant and Sprechman attorney **Linda E. Singer affirmed to the Court the Midland admission "that SPRECHMAN & ASSOCIATES, P.A. is the real party of interest".**

8.  The County Court action against Pinson was dismissed. Attorney Linda E. Singer departed from the Sprechman law firm.

## STATEMENT OF THE CASE

9.  The instant case is the first case Plaintiff *pro se*, Pinson, has filed in any Federal District Court. Pinson did make diligent effort to study the F.R.C.P. and L.R. of this Court, along

with both Federal and State Consumer Protections laws prior to filing this action. Plaintiff filed his amended Complaint prior to responsive pleadings from Defendants.

10. On March 21, 2013, this Court entered its Order for Pre-trial Conference [DE 44] and Order Referring Case to Mediation [DE 45].

11. On April 15, 2013, this Court entered a Show Cause Order [DE 47].

12. On April 19, 2013, Plaintiff filed his Notice of Selection of a Mediator [DE 48], and he filed his Notice of Compliance with the Court's show cause order [DE 49].

13. Thereafter Plaintiff attempted on multiple occasions to schedule mediation by phone and e-mail.

14. On May 3, 2013, Midland Counsel Springfield responded offering a date, but because Counsel McHale did not respond to Plaintiff's continued good faith efforts to elicit his cooperation in complying with the Orders of this Court, Plaintiff filed his Notice of Inability to Schedule Mediation [DE 51].

15. On June 3, 2013, Plaintiff mailed a letter to McHale reminding him <u>"we need to complete mediation by September 16, 2013, to comply with the Court's Order Referring Case to Mediation [DE 45]."</u> (Exhibit "A").

16. Thereafter and through September 12, 2013, Plaintiff made continuous and multiple efforts to schedule Court Ordered Mediation, utilizing Telephone, e-mail, facsimile and the U.S. Mail, and was met with Counsel McHale's lack of cooperation as detailed and evidenced in Plaintiff's Response to Defendant's Motion to Continue Mediation.

17. On September 9, 2013, in an e-mail McHale threatened, "we will file a Motion for Summary Judgment this week and we will serve you with a Rule 11 Motion." (Exhibit "B").

18. On September 12, 2013, McHale sent Plaintiff an e-mail that threatened his "clients intend to file a Motion to Deem you a vexatious litigator".

19. Plaintiff responded <u>"The issue has been and remains Mediation; to attempt and settle this matter as Ordered by the Court."</u> (Exhibit "C").

## STATEMENT REGARDING INSTANT MOTION

20. In its Motion Defendant mischaracterizes allegations of <u>abusive, deceptive and unfair debt collection practices</u> as "collection of debts" [DE 55 ¶ 1]. Defendant erroneously alleges Plaintiff has filed numerous lawsuits regarding "collection of debts", whereas Plaintiff has filed only four (4) lawsuits regarding abusive debt collection practices.

21. Further Defendant erroneously alleges "each [collection of debts] suit involves allegations that defendants impermissibly pulled Plaintiff's credit report" [DE 55 ¶ 1], whereas only two (2) lawsuits contain allegations of abusive debt collection practices and impermissible credit pulls.

22. Of the two (2) lawsuits that contain allegations of abusive debt collection practices and impermissible credit pulls, one also contains allegations of Unfair and Deceptive Trade Practices that being the instant action against Defendant Sprechman.

23. Further, the other suit has settled and was dismissed before the 26(f) conference.

24. Of the two suits that contain only "collection of debts" [DE 55 ¶ 1] claims, one (1) is pending pre-trial order, and in the other, service of all defendants has yet to be made.

25. Defendant alleges "the court dockets of prior suits … reveals a pattern of vexatious litigation" [DE 55 ¶ 2], whereas this allegation is unfounded, casts aspersions upon, holds up to false light, and is defamation of Plaintiff's character.

26. Plaintiff states more cases were filed in a short period of time because after careful study of consumer protections laws he had the realization of impending statute of limitations time constraints.

27. John Pinson appears as Plaintiff in 15 lawsuits:

   a. Three (3) for property damage; one in small claims Court, one in county civil Court, one in county circuit Court.

   b. Two (2) for abusive, deceptive and unfair debt collection practices; filed in District Court.

   c. One (1) for: abusive, deceptive and unfair debt collection practices; unfair and Deceptive Trade Practices; obtaining consumer's credit report with impermissible purpose, which is the instant case, filed in this District Court.

   d. One (1) for abusive, deceptive and unfair debt collection practices and obtaining consumer's credit report with impermissible purpose; filed in small claims court.

   e. Eight (8) for obtaining consumer's credit report with impermissible purpose; all filed in small claims Court.

28. Disposition of the 15 lawsuits:

   a. 8 were settled and dismissed.

   b. 1 was settled and dismissed after appeal of summary judgment to the 11th Circuit.

   c. 1 has settled in part, and is pending in part. (the instant case).

   d. 1 has yet to receive pre-trial orders.

   e. 1 Defendants have yet to be served.

   f. 1 was removed from small claims court and denied in summary judgment.

g.  2 were removed from small claims court, denied in summary judgment, and after its two Motion's to the Court in both did Deny Defendants motion for Rule 11 sanctions finding <u>Plaintiff did not engage in improper tactics and did have a reasonable factual basis for his filings.</u>

29. There is nothing inherently wrong with boilerplate complaints-provided that the *pro se* Plaintiff has conducted the appropriate inquiry under Rule 11 to ensure there is a basis for his short and plain statement of the claim, even if the language is repetitive. F.R.C.P. Rule 8(a). Of note, the California Judicial Counsel has adopted form complaints in a number of areas to assist both counsel and *pro se* litigants.

30. None of Plaintiff's cases have been found to be frivolous or unfounded by any Court.

31. Defendant has failed to show express findings that Plaintiff has filed frivolous lawsuits.

32. Defendant has failed to show express findings that Plaintiff has filed vexatious or harassing lawsuits.

33. Defendant has failed to show how or why the posting of a security bond is warranted by the circumstances of this case, or any case.

34. Defendant has failed to show any Rule relating to security for costs.

35. The Plaintiff does have an objective good faith expectation to prevail in all his actions, based on belief formed after a reasonable inquiry, wherein he had a reasonable factual basis for his filings.

36. The Constitution provides for equal access to the Courts. All litigants have a constitutional right to have their claims adjudicated according to the rule of precedent.

37. The right to file a lawsuit *pro se* is one of the most important rights under the constitution and laws.

38. Allegations of *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.

39. Defendant has failed to show how or where Plaintiff has caused needless expense to any party, or has posed as a burden to the Courts.

40. Plaintiff has never been sanctioned by any Court.

41. Defendant has failed to show how or why sanctions would be appropriate against Plaintiff.

42. There can be no sanction or penalty imposed upon one because of his exercise of Constitutional Rights.

**43. Defendant's instant motion is baseless, frivolous, filed in bad faith and for improper purpose, with intent to delay justice, harass, hold up to false light, and defame the *pro se* Plaintiff, and contrary to F.R.C.P. Rule 11 and the Fla. Bar Rules of Prof. Conduct Rule 4-3.1.**

44. The following is a list of cases filed in Small Claims Court, Palm Beach County, Florida:

    a. *Pinson, et. al. v. Florida Power & Light, case no.: 502005SC005900XXXXMB*

    b. *Pinson v. Coliecto Inc., case no.: 502012SC004588XXXXMB*

        Removed to Fl. S.D. Court, *case no.: 9:12-cv-80407-KLR*

    c. *Pinson v. Northland Group, Inc., case no.: 502012SC005011XXXXMB*

    d. *Pinson v. Monarch Recovery Mgmt Inc., case no.: 502012SC005119XXXXMB*

        Removed to Fl. S.D. Court, *case no.: 9:12-cv-80480-KAM*

            Appealed to the 11th Circuit Court of Appeals, *case no.: 13-11620*

    e. *Pinson v. Cavalry, case no.: 502012SC005120XXXXMB*

    f. *Pinson v. Protocol Recovery, case no.: 502012SC005532XXXXMB*

    g. *Pinson v. Nationwide Credit, case no.: 502012SC005784XXXXMB*

   h.   *Pinson v. Capital Management Services, case no.: 502012SC009987XXXXMB*

         Removed to Fl. S.D. Court, *case no.: 9:12-cv-80732-KLR*

   i.   *Pinson v. United Recovery Systems, LP, case no.: 502012SC010020XXXXMB*

         Removed to Fl. S.D. Court, *case no.: 9:12-cv-80792-KAM*

   j.   *Pinson v. Zwicker & Associates, P.C., case no.: 502012SC021808XXXXMB*

         Removed to District Court, *case no.: 9:13-cv-80267-JIC*

45. The following is a list of cases Filed in County Civil Court, Palm Beach County, Florida:

   a.   *Pinson v. State Farm Mutual, case no.: 501992CC010497XXCVRB*

46. The following is a list of cases filed in Circuit Court, Palm Beach County, Florida:

   a.   *Pinson v. State Farm Mutual, case no.: 501990CA014418XXANAG*

47. The following is a list of cases filed in the U.S. District Court, Southern District of Florida:

   a.   *Pinson v. Midland Funding LLC et. al., case no.: 9-12-cv-80675-WJZ*

   b.   *Pinson v. Wagner & Hunt P.A. et. al., case no.: 9-12-cv-81158-KAM*

   c.   *Pinson v. JPMorgan Chase Bank N.A. et al., case no.: 9:13-cv-80720-KAM*

## ARGUMENT

48. Defendant states in "two (2) cases … the Court issued judgment against *pro se* Plaintiff and included an amount for costs in the judgment" [DE 55 ¶ 6]. These were credit pull cases filed in small claims Court and removed to District Court; Counsel McHale's firm represented the respective Defendants: *Capital Management Services* and *United Recovery Systems*.

49. In both cases the Court issued an Order for Summary Judgment in favor of the Defendants. In both cases Defendant filed a Motion for Rule 11 Sanctions, and in both cases <u>the Court Denied Defendant's Motion for Rule 11 Sanctions.</u>

50. In *Pinson v. Capital Management Services, case no.: 9:12-cv-80732-KLR,* the Court stated

    in its Report and Recommendation [DE 43, page 3]:

> Notably, Defendant does not specify which of the three types of improper conduct
> Plaintiff allegedly engaged in, nor does Defendant offer any analysis in its motion
> as to why Rule 11 sanctions are appropriate against this *pro se* Plaintiff.
> Moreover, in Plaintiff's objection to this Court's Report and Recommendation on
> Defendant's motion for summary judgment, he appears to set forth the good faith
> basis for his belief that the defendant had pulled his credit report for an
> impermissible purpose. (DE 33).

> Based on the foregoing, this Court finds that Rule 11 sanctions against *pro se*
> Plaintiff are unwarranted. Defendant has failed to satisfy the burden of showing
> that Plaintiff engaged in improper tactics or did not have a reasonable factual
> basis for his filings. "The fact that summary judgment was granted and that
> plaintiff was ultimately unable to establish a *prima facie* case does not establish
> that sanctions are warranted." *Andre v. CCB Credit Servs., Inc.*, 2010 WL
> 3222500, *2 (S.D. Fla. July 21, 2010) *report and recommendation adopted*, 2010
> WL 3222501 (S.D. Fla. Aug. 13, 2010).

51. In *Pinson v. United Recovery Systems, LP, case no.: 9:12-cv-80792-KAM*, the Court stated

    in its Order Denying Motion for Sanctions [DE 36, pages 2,3]:

> The determination of whether a reasonable inquiry into the facts has been made in
> a case will, of course, be dependent upon the particular facts and a district court
> may consider, among other things, the *pro se* status of a litigant. *Thomas v.
> Capital Sec. Servs., Inc.,* 836 F.2d 866, 875 (5th Cir. 1988). Allegations of *pro se*
> complaints are held to less stringent standards than formal pleadings drafted by
> lawyers. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (per curiam); *Didie v.
> Howes,* 988 F.2d 1097, 1105 (11th Cir. 1993).

> Although the Court granted summary judgment in favor of Defendant, that fact, in
> and of itself, does not mean that it is appropriate to levy sanctions against

Plaintiff. In support of its motion, Defendant merely relies on the fact that it had a legal basis for taking the action it did, the same fact that entitled it to a judgment on the merits of Plaintiff's claim. Defendant, however, has not supported its motion with any evidence from which the Court can reasonably infer that Plaintiff did not have a belief formed after a reasonably inquiry that his Complaint was well grounded in fact. See, e.g., *Baker v. Alderman,* 158 F.3d 516, 524 (11th Cir. 1998) ("[t]he grant of summary judgment, in and of itself, does not mean that an action is frivolous or warrants the imposition of sanctions"); *Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Florida,* 827 F.2d 1454, 1458 (11th Cir.1987) ("Rule 11 is intended to deter frivolous suits").

In view of the foregoing, Defendant's Motion for Sanctions Pursuant to Rule 11 (DE 32) is DENIED.

52. Defendant states "To date, *pro se* Plaintiff has failed to satisfy those two costs judgments against him", and Plaintiff states as follows with regard to each:

53. In *Pinson v. Capital Management Services, case no.: 9:12-cv-80732-KLR,* Counsel for Defendant in his Declaration stated "I declare under penalty of perjury that … A copy of this bill has been served by electronic service by e-mail to all parties." [DE 39, pg. 2].

54. The *pro se* Plaintiff does not participate in CM/ECF and does not receive electronic service, and at no time has *pro se* Plaintiff waived service by mail as provided by F.R.C.P. Rule 5. Plaintiff did not receive Defendant's Motion for Bill of Costs and therefor Plaintiff was denied the opportunity to object. Had the Plaintiff been properly served with the Motion, he would have filed his objection.

55. Based on the foregoing, Plaintiff did file a Motion for Relief from Judgment under F.R.C.P. Rule 60(b) which has yet to be ruled on by the Court.

56. In *Pinson v. United Recovery Systems, LP, case no.: 9:12-cv-80792-KAM,* Counsel for Defendant in his Declaration stated "I declare under penalty of perjury that ... A copy of this bill has been served by electronic service by e-mail to all parties." [DE 33, pg. 2].

57. The *pro se* Plaintiff does not participate in CM/ECF and does not receive electronic service, and at no time has *pro se* Plaintiff waived service by mail as provided by F.R.C.P. Rule 5. Plaintiff did not receive Defendant's Motion for Bill of Costs and therefor Plaintiff was denied the opportunity to object. Had the Plaintiff been properly served with the Motion, he would have filed his objection.

58. Based on the foregoing, on the foregoing, Plaintiff did file a Motion for Relief from Judgment under F.R.C.P. Rule 60(b) which has yet to be ruled upon by the Court.

59. In both cases, Counsel did not serve the *pro se* Plaintiff with the Motion for Bill of Costs, denying the Plaintiff the opportunity to object to the motion, and in doing so did deny the *pro se* Plaintiff due process. Excusable neglect must fail; a pattern emerges. Both cases had the same Counsel; the same Counsel as in the instant matter.

60. Defendant states "To date, *pro se* Plaintiff has failed to satisfy those two costs judgments against him" [DE 55 ¶7], whereas in both instances Plaintiff did file a Motion for Relief from Judgment under F.R.C.P. Rule 60(b). Further, Defendant states "Yet, Plaintiff continues to file lawsuits and continues to pursue cases against a myriad of defendants." [DE 55 ¶7].

61. In *Pinson v. Capital Management Services, case no.: 9:12-cv-80732-KLR*, the Clerk of the Court signed the Bill of Costs on April 8, 2013 [DE 41]. Plaintiff was previously under the mistaken impression that the Bill of Costs applied to the Motion for Rule 11 Sanctions, because the Rule 11 Motion states "this Court should: (a) Find Plaintiff liable for payment

of all costs" [DE 37 ¶4], and that when the Motion for Rule 11 Sanctions was denied no

costs were due. Upon review of the file, and for aforementioned reasons, Plaintiff did file a

Motion for Relief from Judgment under F.R.C.P. Rule 60(b).

62. Plaintiff has not filed any lawsuits since the Order on Bill of Costs entered on August 27,

2013 in *Pinson v. United Recovery Systems, LP, case no.: 9:12-cv-80792-KAM*, and for

aforementioned reasons, Plaintiff did file a Motion for Relief from Judgment under F.R.C.P.

Rule 60(b).

63. Defendant states "Every allegation made against the Defendants [Sprechman] relates solely

to litigation activity relative to a collection action filed against Plaintiff." [DE 55 ¶9],

whereas Plaintiff contends it does not, but is based on the fact that any **"alleged debt is not**

**in question here. But the fact as to how it was or was not validated and wrongful**

**actions of the Defendant(s) in an attempts to collect** … the alleged debt, violated rights

of the Plaintiff and the laws as outlined in the Fair Debt Collections Practices Act, 15 U.S.C.

§ 1601, et seq. and … the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat.

§559 et sec., and the Florida Deceptive And Unfair Trade Practices Act, Fla. Stat. 501.204.

[DE 08 ¶37].

64. It is also based on the action wherein Sprechman Defendants **"attempted to employ the**

**court in the perpetration of a fraud"** [DE 08 ¶38], **"filed a frivolous lawsuit"** [DE 08

¶40], *in the County Court, in and for Palm Beach County, Florida Case No:*

*502011CC0077551XXXXMB*, in **an attempt to collect an alleged but non-existent debt,**

**with Midland as Creditor and, wherein the Law Firm of Sprechman & Associates,**

**P.A. was in-fact the undisclosed Real Party of Interest.**

65. Additionally, Sprechman as a Law Firm and Attorneys violated the Florida Bar Rules of

Professional Conduct:

> Rule 4-3.1, Meritorious Claims and Contentions - A lawyer shall not bring or
> defend a proceeding, or assert or controvert an issue therein, unless there is a basis
> in law and fact for doing so that is not frivolous, which includes a good faith
> argument for an extension, modification, or reversal of existing law.

And,

> Rule 4-3.3, Candor toward the Tribunal - (a) False Evidence; Duty to Disclose. A
> lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal
> or fail to correct a false statement of material fact or law previously made to the
> tribunal by the lawyer.

66. Based on the most recent actions of both the Consumer Financial Protection Bureau (CFPB)

and the Federal Trade Commission (FTC), and their joint actions, and the clear and plain

language of the laws issued forth from Congress to protect consumers like Pinson, the *pro se*

Plaintiff, in all likelihood shall prevail in the instant action.

67. The litigation immunity defense advanced by Defendant shall fail because **Defendant, as an**

**officer of the Court, failed to disclose it was the real party of interest and in doing so**

**"attempted to employ the court in the perpetration of a fraud"** [DE 08 ¶38].

68. Plaintiff *pro se* has based his claims in facts attached as exhibits to his complaint [DE 08],

and after careful study of Federal and State consumer protections laws.

## MEMORANDUM OF LAW

### i. The U.S. Supreme Court, On the Importance of Due Process

69. "Courts as well as citizens are not free 'to ignore all the procedures of the law....'. The

'constitutional freedom' of which the Court speaks can be won only if judges honor the

Constitution." *Walker v. City Of Birmingham,* 388 U.S. 307, 338 (1967)(Mr. Justice

Douglas, dissenting). "Due process is perhaps the most majestic concept in our whole, constitutional system." *Joint Anti-Fascist Committee v. McGrath,* 341 U.S. 123, 174 (1951) (Justice Frankfurter, concurring). It is ingrained in our national traditions, and is designed to maintain them. In a variety of situations, the Court has enforced this requirement by checking attempts of executives, legislatures, and lower courts to disregard the deep-rooted demands of fair play enshrined in the Constitution." *id. 161.* "Fairness of procedure is "due process in the primary sense." *Brinkerhoff-Faris Co. v. Hill,* 281 U. S. 673, 281 U. S. 681.

70. In a long line of cases, the United States Supreme Court has held that impingements of constitutional rights are, without variation, subject to the strictures of "due process" or notice and opportunity to be heard prior to their enactments. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950); *Anti-Fascist Committee v. McGrath,* 341 U.S. 123 (1951); *Goldberg v. Kelly,* 397 U.S. 254 (1970), *Fuentes v. Shevin,* 407 U.S. 67 (1972); *Owen v. City Of Independence,* 445 U.S. 622 (1980); *Carey v.Piphus,* 435 U.S. 247, 259 (1978); *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976).

## II. Right of Access To Courts is Constitutionally Protected

71. The right of access to the Courts is clear according to the U.S. Supreme Court. *Bounds v. Smith,* 430 U.S. 817 (1977);*M.L.B. v. S.L.J.,* 519 U.S. 102 (1996). The Supreme court has stated the right of access to the courts also protected by the First Amendment. *BE&K Construction CO. v. National Labor Relations Board et al.* 536 U.S. 516 (2001)("the right to petition extends to all departments of the Government," and that "[t]he right of access to the courts is ... but one aspect of the right of petition."). *California Motor Transp. Co. v. Trucking Unlimited,* 404 U. S. 508, 510 (1972)("The right of access to the courts is indeed but one aspect of the right of petition."). See *Tennessee v. Lane,* 541 U.S. 509

(2004)(recognizing "the fundamental right of access to the courts"); *Procunier v. Martinez,*
416 U.S. 396 (1974)("The constitutional guarantee of due process of law has as a corollary
the requirement that prisoners be afforded access to the courts in order to challenge unlawful
convictions and to seek redress for violations of their constitutional rights.").

### III. Extraordinary Remedies to be Rarely Used and Narrowly Tailored

72. The All Writs Act, 28 U.S.C. § 1651(a), vests federal courts with the discretion to enjoin
vexatious litigants. *De Long v. Hennessey,* 912 F.2d 1144, 1147 (9th Cir.1990) (citing In *re
Hartford Textile Corp.,* 681 F.2d 895, 897 (2d Cir.1982)). Such orders, however, are
"extraordinary remed[ies] that should be narrowly tailored and rarely used." *Moy v. United
States,* 906 F.2d 467, 470 (9th Cir.1990); DeLong, 912 F.2d at 1147.

73. There is no precise standard to be followed by courts presented with a motion to declare a
litigant vexatious, the Ninth Circuit cautioned that such an order "cannot issue merely upon
a showing of litigiousness." *Moy,* 906 F.2d at 470. Rather, the Court must: (1) give the
plaintiff an opportunity to oppose the order; (2) indicate what court filings support issuance
of the order; and (3) find that the filings were frivolous and harassing. *DeLong,* 912 F.2d at
1147-48. If the Court finds that a vexatious litigant order is proper, it must be narrowly
tailored so as "`to prevent infringement on the litigator's right of access to the courts.'" *Id.* at
1148 (*quoting Sires v. Gabriel,* 748 F.2d 49, 51 (1st Cir.1984)).

### IV. Frivolous Lawsuit Requirement

74. A record of filing frivolous lawsuits is required before a "pre-filing" injunction can be
issued.  Meritorious lawsuits, no matter how numerous, simply can not be denied.  "[T]he
number of actions filed is not, by itself, a determinative factor which would legally support

the use of this Court's power to regulate plaintiff as a litigant." *Carter v. Electron, Inc.,* 452 F. Supp. 944, 990 (S.D. 1977). If meritorious lawsuits can be denied after x number of lawsuits have been filed, then a potential defendant or tortfeasor can engage in illegal behavior with impunity. "[A]ppellants' apparent "affinity for litigation," standing alone, would not provide sufficient justification to issue an injunction." *Castro v. United States,* 775 F.2d 399, 408 (1st Cir. 1985). See also *Werner v. State Of Utah,* 32 F.3d 1446, 1448 (10th Cir. 1994)("court approves restrictions placed on litigants with a documented lengthy history of vexatious, abusive actions");*Urban v. United Nations,* 768 F.2d 1497, 1500 (D.C. Cir. 1985)("For in fashioning a remedy to stem the flow of frivolous actions, a court must take great care not to unduly impair[] [a litigant's] constitutional right of access to the courts"); *Kondrat v. Byron,* 587 F. Supp. 994, 998 (N. D. Ohio 1984)("some courts have granted injunctions barring plaintiffs from filing further actions, but in those cases the plaintiffs had filed an uniquely large number of frivolous cases.").

### V. Evidence Requirement

75. "Under Fed.R.Evid. 901(a), documents must be properly authenticated as a condition precedent to their admissibility 'by evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *U.S. v. Siddiqui,* 235 F.3d 1318, 1322 (11th Cir. 2000).

### VI. The Supreme Court on Evidentiary Hearing Requirement

76. The question as to whether an evidentiary hearing is required before one may be deemed a vexatious litigant has yet to be decided. In the case *Molski v. Evergreen Dynasty Corp,* 500 F. 3d 1047 (Court of Appeals, 9th Circuit 2007), Plaintiff Jarek Molski did Petition the United States Supreme Court for Writ of Certiorari to the United States Court of Appeals

Ninth District to determine "may a litigant and a lawyer have their access to the federal courts drastically limited without a finding that they had filed frivolous or meritless lawsuits and without an evidentiary hearing?" The "Petition for writ of certiorari to the United States Court of Appeals for the Ninth Circuit denied." 129 S.Ct. 594 (2008).

## VII. Orders Issued Inconsistent With Due Process Are Void

77. A judgment is void if the rendering court acted in a manner inconsistent with due process of law. *Wright & Miller, Federal Practice and Procedure* § 2862. "A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere." *World-Wide Volkswagen Corp. V. Woodson,* 444 U.S. 286 (1980). "[T]he constitution, by prohibiting an act, renders it void, if done; otherwise, the prohibition were nugatory. Thus, the warrant is a nullity." *Anderson v. Dunn,* 19 U.S. 204, 217 (1821). "'No judgment of a court is due process of law, if rendered without jurisdiction in the court, or without notice to the party." *Old Wayne Mut. Life Ass'n v. McDonough,* 204 U.S. 8, 15 (1907). Generally, a judgment is void under Rule 60 (b) (4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if acted in a manner inconsistent with due process of law. E.g., s *Burke v. Smith,* 252 F.3d 1260 (11th Cir. 2001); *U.S. v. Boch Oldsmobile, Inc.,* 909 F.2d 657, 662 (1st Cir. 1990); *Beller & Keller v. Tyler,* 120 F.3d 21, 23 (2nd Cir. 1997); *Union Switch & Signal v. Local 610,* 900 F.2d 608, 612 n.1 (3rd Cir. 1990); *Eberhardt v. Integrated Design & Const., Inc.* 167 F.3d 861, 867 (4th Cir. 1999); *New York Life Ins. Co. v. Brown* 84 F.3d 137, 143 (5th Cir. 1996).

## VIII. Effect of Void Order

78. "A void judgment is from its inception a legal nullity." *Boch Oldsmobile,* at 909 F.2d 657,

661 (1st Cir. 1990). *Lops v. Lops,* 140 F.3d 927, 941 n. 19(11th Cir. 1998) ("something that

is null has no legal or binding force."); *Carter v. Fenner,* at 136 F.3d 1000 (5th Cir.

1998)("[a] void judgement is one which, from its inception, was a complete nullity and

without legal effect."). *Anderson v. Dunn,* 19 U.S. 204, 217 (1821)("the constitution, by

prohibiting an act, renders it void, if done; otherwise, the prohibition were nugatory. Thus,

the warrant is a nullity.");

79. "The principle stated in this terse language lies at the foundation of all well-ordered systems

of jurisprudence. Wherever one is assailed in his person or his property, there he may

defend, for the liability and the right are inseparable. This is a principle of natural justice,

recognized as such by the common intelligence and conscience of all nations. A sentence of

a court pronounced against a party without hearing him, or giving him an opportunity to be

heard, is not a judicial determination of his rights, and is not entitled to respect in any other

tribunal." *Windsor v. McVeigh,* 93 U.S. 274;23 L.Ed. 914 (1876).

### IX. U.S. Supreme Court on Finding of Bad Faith

80. "A court must, of course, exercise caution in invoking its inherent power, and it must

comply with the mandates of due process, both in determining that the requisite bad faith

exists and in assessing fees,.." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991).

### X. The Courts and *pro se* Litigants

81. "... the right to file a lawsuit *pro se* is one of the most important rights under the constitution

and laws." *Elmore v. McCammon* (1986) 640 F. Supp. 905.

82. "There can be no sanction or penalty imposed upon one because of his exercise of

Constitutional Rights." *Sherar v. Cullen,* 481 F. 2d 946 (1973).

83. "Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice. *Conley v. Gibson,* 355 U.S. 41 at 48 (1957).

84. "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519 (1972).

85. "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment." *Maty v. Grasselli Chemical Co.,* 303 U.S. 197 (1938).

86. It was held that a *pro se* complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in Conley v. Gibson. *Puckett v. Cox,* 456 F. 2d 233 (1972) (6th Cir. USCA).

## XI. Dilatory Practices

87. "Due to sloth, inattention or desire to seize tactical advantage, lawyers have long engaged in dilatory practices... the glacial pace of much litigation breeds frustration with the Federal Courts and ultimately, disrespect for the law." *Roadway Express v. Pipe,* 447 U.S. 752 at 757 (1982).

## CONCLUSION

88. The *pro se* Plaintiff, having addressed the issues raised by Defendant in the instant motion, contends that Defendant's motion is baseless, frivolous, filed in bad faith and for improper purpose, with intent to delay justice, harass, hold up to false light and defame the *pro se* Plaintiff, and contrary to F.R.C.P. Rule 11 and the Fl Bar Rules of Prof. Conduct Rule 4-3.1.

89. Plaintiff made continuous efforts to elicit the cooperation of Counsel McHale to comply with the Court's Order Referring Case to Mediation [DE 45] as evidenced in Plaintiff's Response to Defendant's Motion to Continue Mediation [DE 58]. Had Defendant simply cooperated and followed the Courts Orders, the mediation would be complete and the scarce resources of the Court would not be wasted on this frivolous motion.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court issue an order: Denying Defendant's Motion to Declare John Pinson a Vexatious Litigant and for Order to Post Bond; and take any action *sua sponte* it deems necessary and appropriate to address Defendant's and or Counsel's actions in this matter.

Dated: September 17, 2013                Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

## CERTIFICATE OF SERVICE

The true and correct copy of the foregoing document is being served upon the below named parties via first class U.S. mail.

Signed September 17, 2013

_____

John Pinson

**Service List**

**C.J. McHale, Jr., Esq.**
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, Florida 33609

_Counsel of Record for the Defendants:_
Sprechman & Associates, P.A.
Steven B. Sprechman
Scott E. Modlin
Linda E. Singer

# "Exhibit A"

**John Pinson**
526 Westwood Road
West Palm Beach, Florida 33401

***Via U.S. First Class Mail***

June 3, 2013

C.J. McHale, Jr.
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, Florida 33609

      **Re:**   Pinson v. Midland Funding LLC, et al
              Case No.: 9:12-cv-80675-WJZ

Dear Mr. McHale:

     Regarding the above captioned, last month I attempted to get a mediation date scheduled, via e-mail and phone, so as to be in compliance with the Court's Orders.

     On May 3, 2013 Mr. Springfield offered, by e-mail, one of the dates that I had proposed, that date being July 30. You did not reply to his proposal and I was constrained to file a Notice of Inability to Schedule Mediation [DE 44] with the Court.

     Since Mr. Springfield and I have both shown flexibility on scheduling dates, I am writing to you directly requesting <u>you</u> to propose some dates in writing suitable for you and your client for the Court Ordered Mediation.

     It is my understanding that we need to complete mediation by September 16, 2013, to comply with the Court's Order Referring Case to Mediation [DE 45].

     Thanking you in advance for your prompt attention, I am

                Yours Sincerely,

                John Pinson

JP:dt

# "Exhibit B"

**John D Pinson**

| | |
|---|---|
| **From:** | Charles McHale <CMcHale@gsgfirm.com> |
| **Sent:** | Wednesday, September 11, 2013 2:22 PM |
| **To:** | John D Pinson |
| **Subject:** | RE: Pinson v. Midland, et al |

John,

I'm not providing you any legal advice what so ever.  I simply do not understand where you would get that impression.

Also, you did nothing to move this case along and/or schedule Mediation.  Other than an email from May of this year, you did not contact me at all with regards to scheduling mediation until September.  I simply cannot attend mediation this week.

I will be filing a motion to extend time for mediation and will not note your objection to the Court.

**Charles J. McHale, Esq.**


GOLDEN SCAZ GAGAIN
ATTORNEYS AT LAW

**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:  cmchale@gsgfirm.com**

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, September 11, 2013 2:17 PM
**To:** Charles McHale
**Subject:** RE: Pinson v. Midland, et al
**Importance:** High

Mr. McHale,

Since when does counsel for the defendant provide legal advice to a pro se plaintiff?  You may want to watch what you say.

As to mediation, it is time to comply with the Court's Order, NOW!!!

I do not ascent to any extension of the deadline for the mediation for the simple reason that we are now at this stage because of your blatant and intentional refusal to cooperate in scheduling mediation.

I have made continuous efforts to comply with the Court's Order since April, and you have steadfastly refused to cooperate in any manner.

You need to make arrangements to comply with the order NOW, rather than at sometime in the future that you seek to push it out to.

I believe the Court will take a rather dim view of your activities in delaying the Court Ordered mediation should all the evidence of such be placed before it.

Please apprise as to when you with authority, or your clients, will be available for mediation this week. The time slot is scheduled for Thursday. Your continued delay is simply unacceptable.

Yours truly,

John Pinson
561-329-2524
john@pinson.com

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Wednesday, September 11, 2013 11:50 AM
**To:** John D Pinson
**Subject:** RE: Pinson v. Midland, et al

John,

Please respond to my client's request for dismissal of this case based upon Florida's litigation immunity doctrine and the other reasons laid out in my prior email. I and my client would like to avoid having to seek summary judgment against you for yet another case.

As to the mediation, I'm looking at the scheduling report that we submitted to the court that gave a date of mediation by November 7, 2013.

I would advise that we file a motion for extension of time to conduct mediation until mid-October.

**Charles J. McHale, Esq.**



GOLDEN SCAZ GAGAIN
ATTORNEYS AT LAW
**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email: cmchale@gsgfirm.com**

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, September 11, 2013 11:43 AM
**To:** Charles McHale
**Subject:** RE: Pinson v. Midland, et al
**Importance:** High

Mr. McHale,

My internet was completely out from noon Monday the 9th,till 9 PM Tuesday evening the 10th, 2013.

Thank you for your response, but you are quite mistaken in you statement that "[t]he mediation cut-off is not until November 7, 2013." You may possibly have looked at the wrong document to come to that conclusion.

2

I have attached a copy of the Court Order of Referral to Mediation [DE-45] where it clearly states that "[t]he mediation shall be completed no later than sixty (60) days prior to the pretrial conference", and we are "set for pre-trial conference on November 15, 2013 at 9:30 a.m." per the Court Order for Pre-trial Conference [DE-44]. Please see the highlighted area of the attached documents as evidence for what I have stated.

It is imperative that this is addressed NOW!!!

I have been pursuing you for a mediation date since April, 2013!

I expect to have and will look for a response from you today.

Your full and immediate cooperation is most appreciated.

Best regards,

John Pinson
561-329-2524
john@pinson.com

---

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Monday, September 09, 2013 5:14 PM
**To:** John D Pinson
**Subject:** RE: Pinson v. Midland, et al

Mr. Pinson,

My client is not available to mediate the case on September 12, 2013.  The mediation cut-off is not until November 7, 2013.  As such, my client would like a mediation date are close to the cut-off date as possible.

Moreover, my client respectfully requests that you dismiss the case against.  Your claims against Sprechman and the attorney's at Sprechman & Associates are baseless.  First and foremost, your Florida Consumer Collection Practices Act and Invasion of Privacy claims are pre-empted by the Florida Litigation Immunity Doctrine.  All the allegations contained in the amended complaint are aimed at litigation activities that Sprechman & Associates performed during its representation of Midland.

Further, your FDCPA is baseless as well for the following reasons:

1) You claim that Sprechman & Associates disclosed the debt to third parties – i.e. your mother and sister.  However, you specifically state that the process server was the person who allegedly did such.  The process server is not an agent or anything of the like for Sprechman & Associates.  Rather such person was employed to serve a complaint against you on behalf of Midland Funding LLC.
   a. Moreover, since the lawsuit was a matter of public [there was a suit filed against you by Midland in state court] there could be NO disclosure of a private fact, i.e. that you owed a debt.

2) Also, you state that Sprechman & Associates failed to provide the 1692g notice to you. First, this is not a correct statement of the law. Midland first contacted you with regards to this debt and provided the 1692g notice – i.e. 30 days to dispute the debt. Sprechman & Associates was there referred the debt. Subsequent debt collectors are not required under the FDCPA to provide another 1692g notice. However, nevertheless, Sprechman & Associates did provide you the 1692g notice in its first letter to you.

3) Thirdly, 11th Circuit case law clearly hold that service of a complaint signed by a law firm is not a "initial communication" that requires 1692g notice.

4) In August 2012, Sprechman & Associates did provide you validation of the debt even though it was under no obligation to do so.

5) Sprechman & Associates did not violate 1692g or 1692g(b) when it served any papers in court. First the 30 day validation notice must only be provided by the first debt collector within 5 days of the initial communication with you. As Sprechman & Associates was not the first/original creditor/debt collector it did not have to provide the 30 days notice, but none-the-less Sprechman & Associates did, and Sprechman & Associates needs only to provide it once to you. Secondly, here, Sprechman & Associates did not violate 1692g(B) was a) it was under no obligation to validate your debt under the FDCPA and b) it provided validation to you.

6) Lastly, 1692e(11) specifically exempts pleadings in court from its requirements.

All other allegations contained in your complaint relate solely to Midland and/or the "Midland Defendants". Since you've already settlement with them, you are not entitled to double recovery.

Please review the instant email and provide me a response as to whether you are willing to dismiss the action against Sprechman & Associates and the Sprechman defendants. If not, we will be filing a Motion for Summary Judgment this week and will be serving you with a Rule 11 Motion. Please advise. Thank you.

**Charles J. McHale, Esq.**

GOLDEN SCAZ GAGAIN
ATTORNEYS AT LAW
**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:  cmchale@gsgfirm.com**

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Monday, September 09, 2013 10:30 AM
**To:** Charles McHale
**Subject:** RE: Pinson v. Midland, et al
**Importance:** High

Charles,

I just tried to reach you by telephone again at 10:28 AM this morning to see if you have been able to reach your client yet about the mediation or have any update. Looking back at the e-mail, your client has never responded regarding mediation dates.

John

---

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Friday, September 06, 2013 12:48 PM
**To:** John D Pinson
**Subject:** RE: Pinson v. Midland, et al

John,

I am awaiting a response from my client re: mediation and will advise you of such as soon as I receive a response.  Thanks.

**Charles J. McHale, Esq.**



**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:  cmchale@gsgfirm.com**

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Friday, September 06, 2013 10:58 AM
**To:** Charles McHale
**Subject:** FW: Pinson v. Midland, et al
**Importance:** High

Charles,

I just tried you again on the phone and was unable to reach you. I have not had a response from you.

Please advise!

John

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Thursday, September 05, 2013 4:35 PM
**To:** Charles McHale
**Subject:** FW: Pinson v. Midland, et al
**Importance:** High

Charles,

I just tried to reach you again on the phone at 4:08 with no luck! I did confirm a date and time for the mediation and sent that to you earlier today. The time is secured on hold with the mediators office.

Have you been able to reach Steve Sprechman yet? Before he engaged you, I had no problem reaching him at 305-521-8801 which he provided me. At that time we had an amicable conversation where he indicated he was the ultimate decision maker for his office and his associates, and he desired a simple settlement. At that time I had yet to hear from Midland parties and it was too early.

Now I have settled with the Midland parties. Yesterday I asked you to find out if your client be interested in discussing a reasonable settlement? Did you relay that message to him/them yet?

I would like to discuss settlement with you but have been unable to reach you at 813-251-3688. Is there an alternative number that is better to reach you at?

In review of the Judge's Order of Referral to Mediation, your clients do not have to attend the mediation if they authorize you to be able to settle. Are you available at the time and date below to attend the mediation?

In an effort to stop wasting everyone's time and money let's have a settlement discussion and see if we can eliminate any further unnecessary expenditures going forward.

I believe it would not be in the best interests of either of us to fail to comply with the Court's order of referral to Mediation, so let's get this done.

John
561-329-2524 cell
john@pinson.com

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Thursday, September 05, 2013 12:09 PM
**To:** Charles McHale
**Subject:** FW: Pinson v. Midland, et al
**Importance:** High

Charles,

John Salmon can do 3:00 PM on the 12th in Miami.

Please advise.

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, September 04, 2013 6:08 PM
**To:** 'Charles McHale'
**Subject:** RE: Pinson v. Midland, et al

Charles,

Not quite sure why you have not received messages, but thanks for responding.

I will reconfirm the exact times and locations available in the morning and will be back with you. We had previously selected WPB but maybe FtL would be more convenient for your client.

As you know I have settled with the other defendants. Would you client be interested in discussing a reasonable settlement?

John

---

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Wednesday, September 04, 2013 5:48 PM
**To:** John D Pinson
**Subject:** RE: Pinson v. Midland, et al

John,

I do not have a single voice mail message from you regarding this case or any other case of yours in our office.

Have these dates been cleared with the Mediator?

I am awaiting a response from my client.  Thanks

**Charles J. McHale, Esq.**



GOLDEN SCAZ GAGAIN
ATTORNEYS AT LAW

**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:   cmchale@gsgfirm.com**

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, September 04, 2013 5:27 PM
**To:** Charles McHale
**Subject:** FW: Pinson v. Midland, et al
**Importance:** High

Mr. Mchale,

I have been unable to reach you on the telephone and you have not replied to my e-mails.

Will September 12 or 13th, 2013 work? We could also do September 16?

John

---

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Tuesday, September 03, 2013 9:31 PM
**To:** 'Charles McHale'
**Subject:** RE: Pinson v. Midland, et al

I have had no response from you and have been unable to reach you by telephone.

Will September 12 or 13th, 2013 work?

John

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Wednesday, May 01, 2013 7:17 PM
**To:** John D Pinson; Springfield, Frank
**Subject:** RE: Pinson v. Midland, et al

Tuesday, July 23 does not work for me.  I will contact my client and see if any/all of the remaining dates works for them.

## PLEASE NOTE NEW FIRM NAME AND EMAIL ADDRESS

**Charles J. McHale, Esq.**
**GOLDEN SCAZ GAGAIN, PLLC**
**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:  cmchale@gsgfirm.com**

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, May 01, 2013 4:37 PM
**To:** Charles McHale; 'Springfield, Frank'
**Subject:** RE: Pinson v. Midland, et al
**Importance:** High

Mr. Mchale,

Would any of the following dates starting at 2 pm:

Tuesday, July 23, 2012
Thursday, July 25, 2013
Monday, July 29, 2013
Tuesday, July 30, 2013

Please advise!

John

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Monday, April 29, 2013 2:52 PM
**To:** 'Charles McHale'; 'Springfield, Frank'
**Subject:** RE: Pinson v. Midland, et al

What are your vacation dates so we can reschedule.

Thanks!

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Monday, April 29, 2013 2:33 PM
**To:** John D Pinson; Springfield, Frank
**Subject:** RE: Pinson v. Midland, et al

I'm not available on August 5.  I will be out of vacation.

**PLEASE NOTE NEW FIRM NAME AND EMAIL ADDRESS**

**Charles J. McHale, Esq.**
**GOLDEN SCAZ GAGAIN, PLLC**
**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**
**Email:  cmchale@gsgfirm.com**

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Monday, April 29, 2013 12:33 PM
**To:** Springfield, Frank; Charles McHale
**Subject:** Pinson v. Midland, et al
**Importance:** High

Gentlemen,

We can mediate with John Salmon on August 5, 2013 at 2 PM at his West Palm Beach location.

Please advise!

Thanks!

John Pinson

# "Exhibit C"

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Thursday, September 12, 2013 5:34 PM |
| **To:** | 'Charles McHale' |
| **Subject:** | RE: Pinson v. Sprechman |

Dear Mr. McHale,

I find a contradiction between your statements "good faith attempt" and your threat of "Motion to Deem". Your threat is not well taken.

The issue has been and remains Mediation; to attempt and settle this matter as **Ordered by the Court.**

I am simply trying to comply with the Orders issued by the Court, and have been trying to elicit your cooperation in doing the same.

For the record, I do and will oppose your motion.

John Pinson
561-329-2524
john@pinson.com

**From:** Charles McHale [mailto:CMcHale@gsgfirm.com]
**Sent:** Thursday, September 12, 2013 11:12 AM
**To:** john@pinson.com
**Subject:** Pinson v. Sprechman

Mr. Pinson,

Please be advised that my clients intend to file a Motion to Deem you a vexatious litigator and to require you to post a bond as the court deems fit. The motion is premised upon three issues 1) the number of cases you've file against a myriad of defendants asserting nearly identical claims, 2) the fact that summary judgment has been granted against you in at least 4 cases in Federal Court for the exact allegations against multiple defendants, and 3) the fact that there are two costs judgments entered against you which you have not satisfied.

Please allow this to serve as a good faith attempt to resolve the issues prior to filing our Motion. Please advise whether you consent or oppose our clients' motion. Thank you.

**Charles J. McHale, Esq.**



GOLDEN SCAZ GAGAIN
ATTORNEYS AT LAW
**201 North Armenia Avenue**
**Tampa, Florida 33609**
**(813) 251-3688 (direct line)**
**(813) 251-3675 (fax)**

1

**Email:  cmchale@gsgfirm.com**

**LEGAL NOTICE**

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the *Electronic Communications Privacy Act, 18 U.S.C.A. §2510,* and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages.  Unless expressly stated otherwise, this message and any documents accompanying this Email transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of our fax number above is not to be construed as the firm's consent to receive unsolicited fax advertisements and this Email does not create an Existing Business Relationship (EBR).