IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.:  9:12-cv-80675

JOHN PINSON,

    Plaintiff,

vs.

MIDLAND FUNDING, LLC
MIDLAND CREDIT MANAGEMENT, INC.,
ENCORE CAPITAL GROUP, INC.,
SPRECHMAN & ASSOCIATES P.A.
STEVEN B. SPRECHMAN
SCOTT E. MODLIN
LINDA E. SINGER

    Defendant.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DECLARE JOHN PINSON A VEXATIOUS LITIGANT AND FOR ORDER TO POST BOND AND MEMORANDUM OF LAW**

COMES NOW, Defendants, SPRECHMAN & ASSOCIATES P.A., STEVEN B. SPRECHMAN, SCOTT E. MODLIN and LINDA E. SINGER (collectively "Defendants") and file this Reply to Plaintiff's Response to Defendants' Motion to Declare John Pinson a Vexatious Litigant and for Order to Post Bond and states:

1. On September 12, 2013, Defendants file their Motion to Declare John Pinson a Vexatious Litigant and for Order to Post Bond (DE 55).

2. Thereafter, on September 18, 2013, Plaintiff filed his Response to DE 55 (DE 61).

3. In his Response, Plaintiff makes that following arguments as to why Defendants' Motion should be denied:

    a. Defendants attempts to infringe upon Pinson's right of equal access to the Courts.

b. And Defendant(s) and/or its Counsel filed the instant motion in bad faith, for improper purpose and to delay the Court Ordered Mediation.

### A. Defendants attempts to infringe upon Pinson's right of equal access to the Courts.

While Plaintiff is correct that the right of access to the Courts is clear and protected by the First Amendment, Plaintiff fails to realize that although **access** to **courts** is a fundamental right, the ability to file frivolous lawsuits is not. *Bill Johnson's Rests. v. NLRB,* 461 U.S. 731, 743, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983) ("Just as false statements are not immunized by the First Amendment right to freedom of speech, baseless **litigation** is not immunized by the First Amendment right to petition.").

The All Writs Act, 28 U.S.C. § 1651, vests federal courts with the discretion to enjoin certain litigants from engaging in wasteful litigation. *Clinton v. United States.,* 297 F.2d 899 (9th Cir.1961). The courts may exercise their discretion to prevent litigants from subjecting others to "repeated, baseless and vexatious suits at law on some particular subject matter." *Id.* at 901 (quoting *First State Bank v. Chicago R.I. & P.R. Co.,* 63 F.2d 585 (8th Cir.1933)). Under the statute, a court may restrict litigants with abusive and lengthy histories from submitting future filing of actions or papers provided that it: (1) gives the litigant an opportunity to oppose the order before it is entered; (2) creates an adequate record for review; (3) makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) drafts a sufficiently detailed order. *De Long v. Hennessey,* 912 F.2d 1144, 1145–48 (9th Cir.1990). *McMahon v. Pier 39 Ltd. Partn.*, C03-00251 CRB, 2003 WL 22939233 (N.D. Cal. 2003)

Contrary to Plaintiff's assertion, Defendants are not attempting to infringe upon Plaintiff's access the Courts. Defendants are simply seeking to enjoin Plaintiff from filing baseless claims and protect themselves in the instant case. As this Court is certainly aware, there

is an analytical distinction between an individual acting *in pro per* who files numerous harassing and frivolous suits, as opposed to the same harassing and frivolous suits filed by an attorney. The unrepresented litigant is not subject to the same ethical rules and sanctions as his attorney counterpart. As one court has explained:

> Attorneys are governed by prescribed rules of ethics and professional conduct, and, as officers of the court, are subject to disbarment, suspension, and other disciplinary sanctions not applicable to litigants in propria persona.

*Taliaferro v. Hoogs,* 236 Cal.App.2d 521, 527, 46 Cal.Rptr. 147 (1965).

Since fewer sanctions are available against a *pro per* litigant, the power to declare him vexatious becomes an important tool for the courts to manage their dockets and prevent frivolous claims. Attorneys, on the other hand, are bound by rules of ethics and-perhaps just as importantly-rely on their reputation in the community to sustain their careers. Attorneys therefore are much less likely to file frivolous claims, event absent the threat of their clients being declared vexatious litigants. *See Doran v. Vicorp Restaurants, Inc.,* 407 F. Supp. 2d 1115, 1118 (C.D. Cal. 2005).

Defendants are not attempting to block Plaintiff's right to access to the Court, but are rather seeking a declaration that Mr. Pinson is a vexatious litigation and a small limitation, i.e. security bond, on Plaintiff's unfettered access to the Court.  Defendant is not seeking to enjoin Plaintiff from being able to access the Court and file lawsuits, but rather place safeguards in place to deter meritless filings.

The fact remains that in at least four (4) cases before this Court, summary judgment was granted in Defendants favor against *pro se* Plaintiff.  In each case, the Court held that Plaintiff failed to provide any evidence that would provide a trial fact.  The following is a list of known cases in which Summary Judgment had been granted to the defendant:

      a. *Pinson v. Monarch Recovery Management, In*c., case no.: 9:12-cv-80480-KAM

      b. *Pinson v. Capital Management Services, LP*, case no.: 9:12-cv-80732-KLR

      c. *Pinson v. Collecto, Inc.*, case no.: 9:12-cv-80407-KLR

      d. *Pinson v. United Recovery Systems, LP*, case no.: 9:12-cv-80792-KAM

Further, in at least two (2) cases, *Pinson v. Capital Management Services* and *Pinson v. United Recovery Systems*, the Court issued judgment against *pro se* Plaintiff and included an amount for costs in the judgment against *pro se* Plaintiff. Upon filing of Defendants' Motion to deem Mr. Pinson a vexatious litigant and for order to post bond, Plaintiff filed a Motion for Relief from Judgment in the two prior referenced cases. Plaintiff's only argument was that Plaintiff was not served with Defendants' Motion for Costs and thus was not afforded an opportunity to response. The Court in *Pinson v. United Recovery Systems, LP*, case no.: 9:12-cv-80792-KAM already ruled on such Motion from Relief from Judgment without Defendant needing to respond and stated:

> As the prevailing party, Defendant sought the minimum of permissible costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920: $350.00 for fees of the Clerk. This category of fee is specifically provided as taxable costs under 28 U.S.C. §1920 and the Court found the requested costs to be reasonable in this case. The Court would have granted this relief whether Plaintiff had objected or not. Moreover, as it should be clear to Plaintiff in light of this Court's Order and Opinion denying Defendant's Motion for Sanctions, the Court considers Plaintiff's position whether he has filed a response or not.

Upon receipt of such Order, Plaintiff has forwarded United Recovery System a check for its costs incurred.

Moreover, in *Pinson v. Capital Management Services, LP*, case no.: 9:12-cv-80732-KLR, Defendant has filed its response and provided the Court with a copy of the service of Defendant's Bill of Costs. It is important to note that the Order granting Defendant's Bill of

Costs was entered on April 8, 2013, but Plaintiff did not file his motion for relief from judgment until Defendant made an issue of the non-payment in its Motion (DE 55) file in September 2013.

**B. Defendant(s) and/or its Counsel filed the instant motion in bad faith, for improper purpose and to delay the Court Ordered Mediation.**

Defendant's instant Motion is brought in good faith and its only purpose is to protect the interests of Defendants. First, Defendants must address that claim that the instant Motion is designed to delay the Court Ordered Mediation. Nothing is further from the truth. As evidenced by its Motion for Extension of Time to Conduct Mediation, Defendants and its counsel have engaged Plaintiff relative to the scheduling of mediation. From May through September 2013, the Plaintiff and the "Sprechman Defendants" had no communication relative to this case. On or around August 15, 2013, Plaintiff and the "Midland" Defendants filed a notice of settlement with this Court (DE 52 & 53). Then on September 4, 2013, Plaintiff contacted the undersigned to attempt to schedule a date, time and location for mediation. As stated in Defendants' Motion to Extend the Mediation Deadline, Defense counsel admitted that he was under the belief that the deadline for mediation was November 7, 2013 pursuant to the date agreed to in the Parties' Joint Scheduling Report. Upon conference with Plaintiff, the only remaining date, with the mediator Jeff Salmon, within the Court's mediation deadline was September 12, 2013. Defense counsel was personally unavailable on such date due to prior work commitments and a personal commitment. Defense counsel suggested to Plaintiff that the Parties' file a Motion to Extend the Deadline in which to Conduct Mediation. However, Plaintiff denied such a request. Thereafter, the Court granted Defendant's Motion to Extend the Time to Mediate the case.

Secondly, there exists a good faith basis for bring the instant Motion. To date, Plaintiff has admitted that he has been a pro-se Plaintiff in 15 separate cases. Plaintiff attempts to distinguish the different types of cases of which he has filed and takes issue with Defendants'

terminology that such lawsuits filed by Plaintiff involves the "collection of debts". The fact of the matter is that all litigation filed by the Plaintiff involves situations in which the original creditor, a subsequent owner of Plaintiff's account(s) or debt collectors attempted to collect delinquent debts from Plaintiff. From a review of the cases listed in Defendants' Motion (DE 55), there is an underlying theme: 1) Plaintiff became delinquent on an account (the majority of which were credit card accounts), 2) The original creditor, a subsequent owner of Plaintiff's account(s) or a debt collector, attempted to collect money that was due and owing to them respectively, and 3) Plaintiff thereafter filed a lawsuit against one or more of such entities claiming in all filed lawsuits that one or more entities "impermissibly pulled his credit report" and/or violated the FDCPA and/or FCCPA.

The instant lawsuit filed by *pro se* Plaintiff has the same theme as numerous other lawsuits he has filed against numerous other defendants regarding collection of debts owe by Plaintiff. In the instant matter, *pro se* Plaintiff filed an Amended Complaint alleging that Defendants violated the Florida Consumer Collection Practices Act, the Fair Debt Collection Practices Act ("FDCPA"), and committed the common law tort of invasion of privacy. Every allegation made against the Defendants relates solely to litigation activity relative to a collection action filed against Plaintiff by the Defendants on behalf of its client, Midland Funding. The allegations plead against the Sprechman Defendants are baseless. The likelihood that *pro se* Plaintiff will prevail in the instant litigation is tenuous at best as: 1) Plaintiff's FCCPA and invasion of privacy claims are barred by the defense of litigation immunity and 2) *pro se* Plaintiff's FDCPA claims are either premised upon a misunderstanding of or misapplication of the law.

WHEREFORE, Defendants respectfully requests this Court entered an Order deeming *pro se* Plaintiff John Pinson a vexatious litigant and requiring him to post a bond in amount this Court deems fit, prior to continuing the instant litigation.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished U.S. Mail to John Pinson, Pro Se, 526 Westwood Road, West Palm Beach, FL 33401 on this 30th day of September, 2013.

**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida  33609
Telephone:  (813) 251-5500
Facsimile:   (813) 251-3675
E-mail: cmchale@gsgfirm.com

By: /s/ Charles J. McHale
Charles J. McHale, Esquire
Florida Bar No.:  0026555
*Attorneys for Defendant*