

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:12-cv-80675-WJZ

**John Pinson,** *pro se*,

    Plaintiff,

vs

**MIDLAND FUNDING LLC, et al.**

    Defendants.

### PLAINTIFF *PRO SE*'S MOTION FOR PROTECTIVE ORDER

COMES NOW the Plaintiff *pro se*, John Pinson, who Moves this Honorable Court to issue an Order to protect him from Defendant's request for deposition by oral examination, under F.R.C.P. Rule 32(a)(5)(A) and Local Rule 26.1(i), and states as follows:

### INTRODUCTION

1. On October 11, 2012, Plaintiff *pro se* sued Defendants Sprechman & Associates P.A., Steven B. Sprechman, Scott E. Modlin and Linda E. Singer (collectively "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA"), Florida Consumer Protection Act ("FCCPA"), and the Florida Unfair and Deceptive Trade Practices Act ("FUDTPA").

2. On October 16, 2013 Plaintiff *pro se* received Defendants notice of Taking Deposition in the mail. The Deposition is scheduled for October 25, 2013 at 1:00 PM EST.

3. The Discovery period ends October 25, 2013, per Order for pre-trial conference [DE 44].

4. Plaintiff *pro se* has not waived his right under F.R.C.P. Rule 5 to receive service of documents in the mail.

5. Defendant's discovery request is objectionable, because **Plaintiff *pro se* received only 9 days advanced notice of Deposition.** Local Rules 26.1(i) states:

> Reasonable Notice of Taking Depositions. Unless otherwise stipulated by all interested parties, pursuant to Federal Rule of Civil Procedure 29, and excepting the circumstances governed by Federal Rule of Civil Procedure 30(a), a party desiring to take the deposition within this State of any person upon oral examination shall give at least seven (7) days notice in writing to every other party to the action and to the deponent (if the deposition is not of a party), and a party desiring to take the deposition in another State of any person upon oral examination shall give at least fourteen (14) days notice in writing to every other party to the action and the deponent (if the deposition is not of a party).
> Failure by the party taking the oral deposition to comply with this rule obviates the need for protective order.
> Notwithstanding the foregoing, **in accordance with Federal Rule of Civil Procedure 32(a)(5)(A), no deposition shall be used against a party who, having received less than eleven (11) calendar days' notice of a deposition as computed under Federal Rule of Civil Procedure 6(a), has promptly upon receiving such notice filed a motion for protective order under Federal Rule of Civil Procedure 26(c)(1)(B) requesting that the deposition not be held** or be held at a different time or place and such motion is pending at the time the deposition is held.

See Local Rules 26.1(i) (emphasis added)

6. Plaintiff *pro se* attempted to confer with Defendant in a good-faith effort to resolve the matter without court intervention. Because Plaintiff *pro se* was unable to confer with Defendant the dispute remains unresolved, and due to the immediacy of the matter, the Plaintiff *pro se* submits his motion.

## ARGUMENT

7. A court has broad discretion to issue a protective order on a showing of good cause. *See* F.R.C.P. 26(c); *see also* <u>Shingara v. Skiles</u>, 420 F.3d 301, 306 (3d Cir. 2005) (listing factors that a court should consider in granting protective order for discovery). Once good cause has been established, the court must weigh the movant's privacy interests in the information and the burden of producing the information against the rights of the nonmovant and the public to

obtain the information. See <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 34-36 (1984); <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

8. In this case, there is good cause for the Court to protect Plaintiff *pro se* with a protective order. Thus, Plaintiff *pro se* asks the Court to exercise its discretion and grant a protective order for the following reasons: Defendant has had ample opportunity to obtain the requested information through discovery. Fed. R. Civ. P. 26(b)(2)(C)(ii). Specifically, **Plaintiff *pro se* received only 9 days advanced notice of Deposition**. Moreover, **Defendant served its initial disclosures eight months late** and after it filed its motion for summary judgment. Further, **Defendant did not conducted any Discovery on the Plaintiff** *pro se* in this matter, and the date Defendant seeks for taking Deposition is the day the Discovery period ends.

## CONCLUSION

9. Because the Defendant failed to timely Notice Plaintiff pro se for Deposition per F.R.C.P. Rule 32(a)(5)(A) and Local Rule 26.1(i), the Plaintiff *pro se* asks the Court to set his motion for protective order for hearing and, after the hearing, to issue an order protecting Plaintiff *pro se* from deposition by denying the requested discovery.

   **WHEREFORE**, Plaintiff *pro se*, John Pinson, Moves this Honorable Court to enter an Order granting this Motion for Protective Order, along with such other and further relief as this Court deems just and proper.

Dated: October 22, 2013               Respectfully Submitted,

                                      _____
                                      John Pinson, *pro se*
                                      526 Westwood Road
                                      West Palm Beach, Florida 33401

561-329-2524
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered to the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed October 22, 2013

John Pinson

**Service List**

**C.J. McHale, Jr., Esq.**
CMcHale@gsgfirm.com
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, Florida 33609
*Counsel of Record for the Defendants:*
Sprechman & Associates, P.A.
Steven B. Sprechman
Scott E. Modlin
Linda E. Singer